E-filing

1  JIVAKA CANDAPPA, (SBN 225919)
2  46 Shattuck Square, # 15
   Berkeley, CA 94704
3  Telephone: (510) 981-1808
   Facsimile: (510) 981-1817
4

FILED
MAR 20 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5  Attorney for Plaintiffs KRISTINA ENNIX SLAUGHTER
6  and MITCHELL SLAUGHTER

7              UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  KRISTINA ENNIX SLAUGHTER and      ) Case No.:
11  MITCHELL SLAUGHTER,               )
                                      ) C08-01552
12            Plaintiffs,             )
                                      )
13      vs.                           )
                                      ) **COMPLAINT**
14  CITY OF EMERYVILLE, EMERYVILLE    ) **(42 U.S.C. § 1983)**
    POLICE DEPARTMENT, E. WHITE (#307) )
15  and S. ANDRETICH (#339), individually and )
    in their official capacities; VICTORIA'S ) **DEMAND FOR JURY TRIAL**
16  SECRET, CLAUDIA SOTO,             )
17  ABERCROMBIE & FITCH, and MELISSA  )
    BASFIELD,                         )
18                                    )
19            Defendants.             )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22

23      Plaintiffs, KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER, by and

24  through their counsel, hereby allege as follows:

                        **INTRODUCTION**

        1.    On March 24, 2007, KRISTINA ENNIX SLAUGHTER and her husband,

    MITCHELL SLAUGHTER, were detained and arrested in public at gun point by officers of the

COMPLAINT                          *Slaughter v. City of Emeryville et al.*

                              -1-

1 | Emeryville Police Department in connection with a shoplifting incident that occurred at a
2 | Victoria's Secret store in the City of Emeryville, California.

3 |     2.    The police officers wrongfully arrested Plaintiffs on the basis of a false report
4 | made by an employee of Victoria's Secret, Claudia Soto.  In fact, Plaintiffs had not patronized
5 | the Victoria's Secret store in question and a subsequent investigation, which included an
6 | embarrassing and humiliating in-field line up in full public view and a thorough search of
7 | Plaintiffs' vehicle revealed that Plaintiffs were innocent.

8 |     3.    To vindicate their rights and to discourage such incidents of racial profiling and
9 | violence against racial minorities, Plaintiffs bring this action pursuant to 42 U.S. §§ 1983 and
10 | 1988, the Fourth and Fourteenth Amendments to the United States Constitutions, and the laws
11 | of the State of California.

12 | **PARTIES**

13 |     4.    Plaintiff KRISTINA ENNIX SLAUGHTER is an African-American female and
14 | a resident of Alameda County.  She is a graduate of University of California Los Angeles and is
15 | an employee of the Oakland Unified School District.

16 |     5.    Plaintiff MITCHELL SLAUGHTER is an African-American male and a resident
17 | of Alameda County.  He is the owner and operator of a bail bond business located in Alameda
18 | County.

19 |     6.    On information and belief, Defendant CITY OF EMERYVILLE is a municipal
20 | corporation that owns, operates, and governs Defendant EMERYVILLE POLICE
21 | DEPARTMENT pursuant to the laws of the State of California.

22 |     7.    On information and belief, Defendants Officer E. WHITE ("WHITE") (#307),
23 | and Officer S. ANDRETICH ("ANDRETICH") (#339) are and at all times material to this
24 | complaint were employees of Defendants CITY OF EMERYVILLE and EMERYVILLE
25 | POLICE DEPARTMENT.

26 |     8.    On information and belief, Defendants CITY OF EMERYVILLE and
27 | EMERYVILLE POLICE DEPARTMENT are and at all times material to this complaint were
28 | responsible for the employment, training, supervision, and discipline of Defendants WHITE

**COMPLAINT**                            *Slaughter v. City of Emeryville et al.*

1  and ANDRETICH.

2  9.  On information and belief, Defendants WHITE and ANDRETICH, sued here
3  in their individual and official capacities, were duly employed, appointed and acting as
4  officers of the Emeryville Police Department, acting under color of law to wit, under color of
5  the statutes, ordinances, regulations, policies, customs and usages of the State of California
6  and/or the City of Emeryville.  On information and belief, Defendants WHITE and
7  ANDRETICH were also acting pursuant to a customary plan between Defendants
8  EMERYVILLE POLICE DEPARTMENT and VICTORIA'S SECRET in apprehending
9  subjects suspected of committing crimes at the Victoria's Secret store in Emeryville.

10  10.  On information and belief, Defendant VICTORIA'S SECRET is a private
11  entity and a national retailer of women's wear.  VICTORIA'S SECRET does business
12  throughout the State of California.

13  11.  On information and belief, Defendant CLAUDIA SOTO ("SOTO") is a
14  resident of the State of California, and at all time material to this complaint was employed by
15  Defendant VICTORIA'S SECRET.

16  12.  On information and belief, Defendant VICTORIA'S SECRET was at all times
17  material to this complaint responsible for the employment, training, supervision, and
18  discipline of Defendant SOTO.  At all times material to this complaint, Defendant SOTO was
19  acting within the scope of her employment.

20  13.  On information and belief, Defendants VICTORIA'S SECRET and SOTO
21  were acting pursuant to a customary plan between the EMERYVILLE POLICE
22  DEPARTMENT and VICTORIA'S SECRET in apprehending subjects suspected of
23  committing crimes in the Victoria's Secret store in Emeryville.

24  14.  On information and belief, Defendant ABERCROMBIE & FITCH is a private
25  entity and a national clothing retailer.  ABERCROMBIE & FITCH does business throughout
26  the State of California.

27  15.  On information and belief, Defendant MELISSA BASFIELD ("BASFIELD")
28  is a resident of the State of California, and at all time material to this complaint was employed

**COMPLAINT**                                      *Slaughter v. City of Emeryville et al.*

-3-

1   by Defendant ABERCROMBIE & FITCH. On the date in question, Defendant BASFIELD
2   was working at the Abercrombie & Fitch store located in the Bay Street mall in Emeryville,
3   California.

4          16.     On information and belief, Defendant ABERCROMBIE & FITCH was at all
5   times material to this complaint responsible for the employment, training, supervision, and
6   discipline of Defendant BASFIELD. At all times material to this complaint, Defendant
7   BASFIELD was acting within the scope of her employment.

8          17.     Plaintiffs are informed and believe that each Defendant was the agent or
9   employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed
10  in this complaint, acted within the scope of such agency or employment, or ratified the acts of
11  the other.

12         18.     Plaintiffs are informed and believe that each of the Defendants caused, and is
13  responsible for the below-described unlawful conduct and resulting injuries in that each of the
14  Defendants participated in the unlawful conduct or acted jointly with others who did so;
15  authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to
16  take action to prevent the unlawful conduct; failed and refused with deliberate indifference to
17  Plaintiffs' rights to initiate and maintain adequate training and supervision; failed to prevent
18  further harm to Plaintiffs; and/or ratified the unlawful conduct and actions by employees and
19  agents under Defendants' direction and control, including failure to take remedial action.

20                              **JURISDICTION AND VENUE**

21         19.     This Court has subject matter jurisdiction over the parties and this action
22  pursuant to 28 U.S.C. §§ 1331 and 1343.

23         20.     Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over
24  the state claims brought in this action, which arise from a common nucleus of operative facts
25  and from the same transactions and occurrences raised in Plaintiffs' federal causes of action.

26         21.     Venue lies in United States District Court for the Northern District of
27  California pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events
28  giving rise to the claims alleged in this complaint arose in the County of Alameda and one or

**COMPLAINT**                              *Slaughter v. City of Emeryville et al.*

-4-

1  more defendants reside in the County of Alameda or conduct business in the County of
2  Alameda.

3  **INTRADISTRICT ASSIGNMENT**

4  22.    The claims alleged herein arose in the County of Alameda.  This action is
5  properly assigned to the Oakland or San Francisco Division of the United States District Court
6  for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

7  **STATEMENT OF FACTS**

8  23.    In the afternoon of March 24, 2007, KRISTINA ENNIX SLAUGHTER and her
9  husband, MITCHELL SLAUGHTER were detained, arrested and imprisoned at gun point in the
10  City of Emeryville, California by officers of the Emeryville Police Department in connection
11  with a shoplifting incident that occurred at the Victoria's Secret store located in the Bay Street
12  mall in Emeryville.

13  24.    Plaintiffs KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER
14  were driving home after spending some time at the Bay Street mall in Emeryville when they
15  were pulled over without lawful justification by Officer WHITE of the Emeryville Police
16  Department.  MITCHELL SLAUGHTER was driving and KRISTINA ENNIX SLAUGHTER
17  was in the front passenger seat.  Plaintiffs' detention occurred at a location approximately one
18  mile from the Bay Street mall.

19  25.    After enforcing the stop, Defendant WHITE exited his vehicle with his gun
20  drawn and took aim at MITCHELL SLAUGHTER ("MITCHELL").  Officer White
21  commanded MITCHELL to cut the engine off and told him to "get your fucking hands up."
22  The officer also commanded the passenger, KRISTINA ENNIX SLAUGHTER ("KRISTINA"),
23  to put her hands up.

24  26.    Plaintiffs were detained at gun point in their vehicle, a Black GMC SUV, until
25  the cover officer, Defendant ANDRETICH, arrived on the scene.  When Defendant
26  ANDRETICH arrived on the scene, he too drew his gun and aimed it at KRISTINA.

27

28

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-5-

1    27.    The police officers commanded MITCHELL SLAUGHTER to toss the vehicle
2 keys out of the driver's side window, to exit the vehicle and walk backwards towards them with
3 his hands up. MITCHELL followed the officers' commands.

4    28.    Meanwhile, KRISTINA watched in fear and horror. She could see that
5 Defendant ANDRETICH had his gun trained on her.

6    29.    MITCHELL was handcuffed and placed in one of the patrol vehicles.

7    30.    Thereafter, KRISTINA was ordered out of the vehicle at gun point and
8 commanded to walk backwards towards the police officers with her hands up. KRISTINA was
9 also handcuffed and placed in a second patrol vehicle.

10    31.    MITCHELL saw his wife being arrested at gun point. He too was traumatized
11 and feared for his wife's safety and well being.

12    32.    The police officers then searched Plaintiffs' vehicle and did not find any
13 incriminating evidence. After completing their search of the vehicle, one of the officers
14 informed MITCHELL that they had received information that the Victoria's Secret store in the
15 Bay Street mall in Emeryville had been robbed. According to the officer, a Victoria's Secret
16 employee informed the Emeryville Police Department that the suspects were two black females
17 and that one of the suspects left the scene of the crime in Plaintiffs' vehicle.

18    33.    KRISTINA and MITCHELL later learned that the alleged crime involving the
19 two unidentified black females was in fact a shoplifting incident and not a robbery.

20    34.    KRISTINA and MITCHELL were handcuffed and imprisoned in Defendants'
21 patrol vehicles until the reporting party, Victoria's Secret store manager, Defendant CLAUDIA
22 SOTO, arrived on the scene. When Defendant SOTO arrived on the scene, KRISTINA was
23 taken out of the patrol vehicle in handcuffs and escorted to a public sidewalk next to a busy
24 thoroughfare for an in-field line up that was conducted in full public view. SOTO told the
25 officers that KRISTINA was not involved in the incident. Plaintiffs were subsequently
26 released, approximately one hour after their initial detention.

27    35.    Significantly, Defendant SOTO'S report to the police regarding Plaintiffs'
28 involvement was false and was not based on SOTO'S personal knowledge. Plaintiffs had not

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-6-

1   patronized the Victoria's Secret store on the date in question. Defendant SOTO relied on
2   information given to her by Defendant BASFIELD, an employee of Defendant
3   ABERCROMBIE & FITCH.

4       36.    Defendant BASFIELD targeted Plaintiffs on the basis of assumptions and
5   Plaintiffs' race. Defendant BASFIELD was outside the Abercrombie & Fitch store when she
6   observed a black female walk past her carrying a bag. Defendant BASFIELD also observed
7   Defendant SOTO behind the black female and immediately assumed that the black female had
8   been involved in shoplifting. Defendant BASFIELD followed the black female and claims that
9   the black female got into Plaintiffs' vehicle, a black GMC SUV.

10       37.    Plaintiffs are informed and believe that Defendant VICTORIA'S SECRET store
11   in the Bay Street mall has in the past and prior to Plaintiffs' unlawful detention and arrest,
12   experienced incidents of theft. Plaintiffs are informed and believe that Defendant
13   EMERYVILLE POLICE DEPARTMENT has in the past detained and arrested subjects
14   accused of committing thefts, burglaries and other property crimes at the Victoria's Secret store
15   in Emeryville. However, Defendant VICTORIA'S SECRET did not have surveillance cameras
16   installed in its Emeryville store and did not employ security personnel to monitor its premises.
17   Moreover, Defendant VICTORIA'S SECRET prohibited its employees from detaining
18   individuals suspected of shoplifting or committing other property crimes even if such
19   individuals could be positively identified as suspects. Instead, store policy required employees
20   to notify the police after the suspects left the store. Suspects were thereafter detained by the
21   Emeryville Police Department on the basis of reports made by employees or agents of
22   Victoria's Secret pursuant to a customary plan between Defendants EMERYVILLE POLICE
23   DEPARTMENT and VICTORIA'S SECRET, and without an independent investigation.

24       38.    In this particular instance, Defendant SOTO claims to have recognized the two
25   unidentified black females when they entered the store and before they allegedly engaged in
26   shoplifting. The two black females were apparently involved in prior shoplifting incidents in
27   the store. However, Defendant SOTO did not contact the police as it was against store policy to
28   do so. She waited until the suspects left the store to contact the police.

**COMPLAINT**                                             *Slaughter v. City of Emeryville et al.*

1

**STATEMENT OF DAMAGES**

2      39.   As a direct and proximate result of Defendants' acts and omissions, Plaintiffs

3   KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER were unlawfully detained,

4   searched, battered, arrested, and imprisoned. As a result of Defendants' acts and omissions,

5   Plaintiffs sustained emotional distress, fear, humiliation, anxiety, and loss of physical liberty.

6      40.   Defendants and each of them is liable for Plaintiffs' injuries and damages

7   pursuant to Title 42 United States Code sections 1983; California Government Code sections

8   815.2, 815.6 and 820; and California Civil Code sections 51.7 and 52.1 as set forth below.

9      41.   Defendants' acts and omissions were intentional, willful, malicious, reckless, and

10  in conscious disregard of Plaintiffs' protected rights. As such and to deter future similar

11  conduct by Defendants, Plaintiffs are entitled to an award of punitive damages against

12  Defendants.

13     42.   Plaintiffs are further entitled to statutory damages and penalties pursuant to

14  California Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42

15  U.S.C. section 1988 and California Civil Code sections 52(b) and 52.1(h), and other applicable

16  statutes.

17     43.   Pursuant to the requirements of the Government Tort Claims Act, Plaintiffs

18  timely filed their notices of claim against the City of Emeryville. The City of Emeryville

19  rejected Plaintiffs' claims by letter dated October 5, 2007.

20
**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
21
**(Against Defendants WHITE, ANDRETICH and SOTO)**

22     44.   Plaintiffs incorporate by reference the allegations set forth above and below.

23     45.   Defendants WHITE, ANDRETICH, and SOTO acted jointly and in concert with

24  one another under color of law and deprived Plaintiffs of their constitutional rights, which

25  include, but are not limited to, the following:

26     (a)   the right to be free from unreasonable detentions, searches, and seizures;

27     (b)   the right to be free from unlawful arrest and imprisonment;

28     (c)   the right to equal protection of the laws;

**COMPLAINT**                          *Slaughter v. City of Emeryville et al.*

-8-

1     (d)     the right not to be deprived of liberty without due process of law;

2     (e)     the right not to be subject to unreasonable and unjustified force against one's

3     person.

4     46.     The rights set forth above are embodied in clearly established constitutional law

5     pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

6     47.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

7     suffered, and will continue to suffer, the above stated damages in an amount according to proof,

8     including attorney fees and costs, to remedy the unlawful conduct.

9          WHEREFORE, Plaintiffs pray for relief as set forth herein.

10     **SECOND CAUSE OF ACTION**
       **42 U.S.C. § 1983**
11     **(Against Defendants CITY OF EMERYVILLE and**
       **EMERYVILLE POLICE DEPARTMENT)**
12

13     48.     Plaintiffs incorporate by reference the allegations set forth above and below.

14     49.     On information and belief, the unlawful conduct of Defendants WHITE and

15     ANDRETICH was pursuant to and made possible by the customs, policies, practices, and/or

16     procedures of the CITY OF EMERYVILLE and the EMERYVILLE POLICE DEPARTMENT,

17     which include, but are not limited to, the following:

18     (a)     engaging in, condoning, and/or failing to properly investigate or discipline racial

19     discrimination and other equal protection violations;

20     (b)     engaging in, condoning, and/or failing to properly investigate or discipline

21     unreasonable detentions, searches, and seizures, use of excessive, unreasonable and unjustified

22     force, false arrests, and due process violations;

23     (c)     inadequately training and supervising officers, and failing to adopt and/or

24     enforce policies and procedures for the proper training, and supervision of officers;

25     (d)     inadequately investigating and failing to adopt and/or enforce rules, regulations,

26     policies, and procedures for the proper investigation of and response to citizen complaints about

27     officer misconduct.

28

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-9-

1    50.    The rights set forth above are embodied in clearly established constitutional law
2    pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

3    51.    As a result of the customs, policies, practices, and/or procedures listed above,
4    Defendants WHITE, and ANDRETICH believed that their actions would not be monitored,
5    investigated, or result in disciplinary action by their supervisors and would instead be tolerated
6    and/or condoned.

7    52.    The foregoing customs, policies, practices, and/or procedures constitute
8    deliberate indifference on the part of Defendants CITY OF EMERYVILLE and EMERYVILLE
9    POLICE DEPARTMENT to Plaintiffs' constitutional rights.

10   53.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have
11   suffered, and will continue to suffer, the above stated damages in an amount according to proof,
12   including attorney fees and costs, to remedy the unlawful conduct.

13   WHEREFORE, Plaintiffs pray for relief as set forth herein.

14   ## THIRD CAUSE OF ACTION
     ### 42 U.S.C. § 1983
15   ### (Against Defendant VICTORIA'S SECRET)

16   54.    Plaintiffs incorporate by reference the allegations set forth above and below.

17   55.    On information and belief, the policies, customs and practices of Defendant
18   VICTORIA'S SECRET violated Plaintiffs' clearly established constitutional rights under the
19   Fourth and Fourteenth Amendments to the United States Constitution.

20   56.    Despite having knowledge of prior incidents of burglary, theft and other property
21   crimes at its Emeryville store, Defendant VICTORIA'S SECRET did not install surveillance
22   cameras or employ security personnel to monitor its premises or apprehend criminal suspects.
23   Instead, Defendant VICTORIA'S SECRET instituted and maintained a policy that prohibited its
24   employees from detaining individuals who were reasonably suspected of committing property
25   crimes such as theft and burglary. Under Defendant's policy, employees were required to
26   contact the EMERYVILLE POLICE DEPARTMENT after criminal suspects left the store and
27   mingled with pedestrian traffic at the mall. The policy of Defendant VICTORIA'S SECRET
28   was instituted and maintained without due regard for the constitutional rights of the vast

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-10-

1  majority of members of the public who patronized the Bay Street Mall in Emeryville and who
2  were not involved in criminal activity.

3  57.   As a result of the customs, policies, practices, and/or procedures listed above,
4  Defendant SOTO believed that her actions would not be monitored, investigated, or result in
5  disciplinary action by her supervisors and would instead be approved, ratified, tolerated and/or
6  condoned.

7  58.   The foregoing customs, policies, practices, and/or procedures constitute
8  deliberate indifference on the part of Defendant VICTORIA'S SECRET to Plaintiffs'
9  constitutional rights.

10  59.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have
11  suffered, and will continue to suffer, the above stated damages in an amount according to proof,
12  including attorney fees and costs, to remedy the unlawful conduct.

13  WHEREFORE, Plaintiffs pray for relief as set forth herein.

14  ## FOURTH CAUSE OF ACTION
15  ### California Government Code § 815.6 - Breach of Mandatory Duty
(Against Defendants CITY OF EMERYVILLE, EMERYVILLE
16  POLICE DEPARTMENT, WHITE and ANDRETICH)

17  60.   Plaintiffs incorporate by reference the allegations set forth above and below.

18  61.   Defendants violated Plaintiffs clearly established rights enacted pursuant to
19  United States and California law, which include, but are not limited to, the following:

20  (a)   Fourth Amendment to the United States Constitution - right to be free from
21  unreasonable detentions, searches, and seizures;

22  (b)   Fourteenth Amendment to the United States Constitution - right to due process
23  and equal protection of the laws;

24  (c)   California Civil Code Section 43 - right of protection from bodily restraint or
25  harm, from personal insult and from defamation;

26  (d)   California Civil Code Section 51.7 - right to freedom from violence;

27  (e)   California Civil Code Section 52.1 (b) - right to exercise civil rights.

28  62.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

**COMPLAINT**                                     *Slaughter v. City of Emeryville et al.*

-11-

1  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

2  including attorney fees and costs, to remedy the unlawful conduct.

3       WHEREFORE, Plaintiffs pray for relief as set forth herein.

4                          **FIFTH CAUSE OF ACTION**
        **California Government Code § 815.2 and *Respondeat Superior* Liability**
5        **(Against Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE**
        **DEPARTMENT, VICTORIA'S SECRET and ABERCROMBIE & FITCH)**
6

7       63.    Plaintiffs incorporate by reference the allegations set forth above and below.

8       64.    Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE

9  DEPARTMENT, VICTORIA'S SECRET and ABERCROMBIE & FITCH are liable for

10  injuries to Plaintiffs proximately caused by the acts and omission of their employees within the

11  scope of their employment.

12       65.    On information and belief, Defendants WHITE and ANDRETICH are and at

13  all times material to this complaint were employed by Defendants CITY OF EMERYVILLE

14  and EMERYVILLE POLICE DEPARTMENT, and the wrongful conduct attributed to said

15  Defendants were caused by their acts or omissions in the scope of their employment with

16  Defendants CITY OF EMERYVILLE and EMERYVILLE POLICE DEPARTMENT.

17       66.    On information and belief, Defendant SOTO is and at all times material to this

18  complaint was employed by Defendant VICTORIA'S SECRET, and the wrongful conduct

19  attributed to Defendant SOTO was caused by her acts or omissions in the scope of her

20  employment with Defendant VICTORIA'S SECRET.

21       67.    On information and belief, Defendant BASFIELD is and at all times material

22  to this complaint was employed by Defendant ABERCROMBIE & FITCH, and the wrongful

23  conduct attributed to Defendant BASFIELD was caused by her acts or omissions in the scope

24  of her employment with Defendant ABERCROMBIE & FITCH.

25       68.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

26  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

27  including attorney fees and costs, to remedy the unlawful conduct.

28       WHEREFORE, Plaintiffs pray for relief as set forth herein.

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-12-

1   **SIXTH CAUSE OF ACTION**
2   **False Imprisonment**
    **(Against Defendants CITY OF EMERYVILLE, EMERYVILLE**
3   **POLICE DEPARTMENT, WHITE and ANDRETICH)**

4   69.   Plaintiffs incorporate by reference the allegations set forth above and below.

5   70.   Acting within the scope of their employment with the CITY OF EMERYVILLE

6   and EMERYVILLE POLICE DEPARTMENT, Defendants WHITE and ANDRETICH

7   unlawfully detained, arrested and imprisoned Plaintiffs KRISTINA ENNIX SLAUGHTER and

8   MITCHELL SLAUGHTER.

9   71.   Defendants' warrantless detention and arrest of Plaintiffs was non-consensual,

10  intentional and without lawful privilege.

11  72.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs

12  KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER have suffered, and will

13  continue to suffer, the above stated damages in an amount according to proof, including

14  attorney fees and costs, to remedy the unlawful conduct.

15  WHEREFORE, Plaintiffs pray for relief as set forth herein.

16  **SEVENTH CAUSE OF ACTION**
    **Assault and Battery**
17  **(Against Defendants CITY OF EMERYVILLE, EMERYVILLE**
18  **POLICE DEPARTMENT, WHITE and ANDRETICH)**

19  73.   Plaintiffs incorporate by reference the allegations set forth above and below.

20  74.   Defendants WHITE and ANDRETICH assaulted and battered Plaintiffs

21  KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER.  Defendants' conduct was

22  intentional, nonconsensual, harmful, offensive and without lawful justification.  Further,

23  Defendants' conduct caused Plaintiffs to be placed in fear of personal harm.

24  75.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

25  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

26  including attorney fees and costs, to remedy the unlawful conduct.

27  WHEREFORE, Plaintiffs pray for relief as set forth herein.

28  / . / . /

**COMPLAINT**                    *Slaughter v. City of Emeryville et al.*

-13-

1

2

## EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

3

76.     Plaintiffs incorporate by reference the allegations set forth above and below.

4

77.     The conduct of Defendants was outrageous and directed at Plaintiffs.

5

Defendants' conduct was intended to cause injury or was in reckless disregard of the probability

6

of causing injury to Plaintiffs and did in fact cause Plaintiffs serious emotional distress.

7

78.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

8

suffered, and will continue to suffer, the above stated damages in an amount according to proof,

9

including attorney fees and costs, to remedy the unlawful conduct.

10

WHEREFORE, Plaintiffs pray for relief as set forth below.

11

12

## NINTH CAUSE OF ACTION
### Invasion of Privacy
### (Against All Defendants)

13

79.     Plaintiffs incorporate by reference the allegations set forth above and below.

14

80.     Article I, Section 1 of the California Constitution recognizes privacy as an

15

inalienable right. Defendants intentionally intruded on Plaintiffs' solitude, seclusion, private

16

affairs or concerns in a manner that was highly offensive. Defendants intruded on Plaintiffs'

17

zones of physical and sensory privacy by falsely accusing Plaintiffs of criminal conduct.

18

81.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

19

suffered, and will continue to suffer, the above stated damages in an amount according to proof,

20

including attorney fees and costs, to remedy the unlawful conduct.

21

WHEREFORE, Plaintiffs pray for relief as set forth below.

22

23

24

## TENTH CAUSE OF ACTION
### Violation of California Civil Code § 46 - Slander Per Se
### (Against Defendants VICTORIA'S SECRET, SOTO,
### ABERCROMBIE & FITCH and BASFIELD)

25

82.     Plaintiffs incorporate by reference the allegations set forth above and below.

26

83.     On March 24, 2007, Defendants falsely and without lawful privilege accused

27

Plaintiffs of being involved in criminal activity.

28

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-14-

1    84.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

2  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

3  including attorney fees and costs, to remedy the unlawful conduct.

4       WHEREFORE, Plaintiffs pray for relief as set forth below.

5                               **ELEVENTH CAUSE OF ACTION**
                               **Violation of California Civil Code § 52.1(b)**
6             **(Against Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE**
7        **DEPARTMENT, WHITE, ANDRETICH, VICTORIA'S SECRET and SOTO)**

8    85.    Plaintiffs incorporate by reference the allegations set forth above and below.

9    86.    Defendants interfered with the exercise and enjoyment of Plaintiffs' clearly

10  established rights under United States and California law, which include, but are not limited to,

11  the following:

12    (a)    Fourth Amendment to the United States Constitution and Article I, Section 13 of

13  the California Constitution - right to be free from unreasonable detentions, searches, and

14  seizures;

15    (b)    Fourteenth Amendment to the United States Constitution and Article I, Section

16  7 of the California Constitution - right to due process and equal protection of the laws;

17    (c)    Article I, Section 1 of the California Constitution - fundamental right to

18  privacy;

19    (d)    California Civil Code Section 43 - right of protection from bodily restraint or

20  harm, from personal insult and from defamation;

21    (e)    California Civil Code Section 46 - Slander;

22    (f)    California Civil Code Section 51.7 - right to freedom from violence.

23    87.    Defendants acted jointly and pursuant to a customary plan in violating Plaintiffs'

24  clearly established rights under United States and California law by threats, intimidation and

25  coercion.

26    88.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

27  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

28  including attorney fees and costs, to remedy the unlawful conduct.

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-15-

1    WHEREFORE, Plaintiffs pray for relief as set forth herein.

2    ## TWELFTH CAUSE OF ACTION
### Violation of California Civil Code § 51.7
3    **(Against Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE
4    DEPARTMENT, WHITE, ANDRETICH, VICTORIA'S SECRET and SOTO)**

5    89.    Plaintiffs incorporate by reference the allegations set forth above and below.

6    90.    Defendants violated Plaintiffs' right to be free from violence or threat of violence

7    or intimidation by threat of violence on the basis of Plaintiffs' race or color.

8    91.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

9    suffered, and will continue to suffer, the above stated damages in an amount according to proof,

10   including attorney fees and costs, to remedy the unlawful conduct.

11   WHEREFORE, Plaintiffs pray for relief as set forth herein.

12   ## THIRTEENTH CAUSE OF ACTION
### Negligence and Negligence Per Se
13   **(Against All Defendants)**

14   92.    Plaintiffs incorporate by reference the allegations set forth above and below.

15   93.    At all relevant times, Defendants owed Plaintiffs the duty to act with reasonable

16   care and to refrain from:

17   (a)    conducting unlawful detentions and arrests;

18   (b)    violating the right to equal protection of the laws;

19   (c)    violating the right to due process;

20   (d)    violating Section 43 of the California Civil Code, which provides in pertinent

21   part that every person has the right of protection from bodily restraint or harm, from personal

22   insult, and from defamation.

23   94.    Defendants also owed Plaintiffs the duty to adequately train and supervise

24   Defendants' employees, and to adopt and/or enforce policies and procedures for the proper

25   hiring, training, and supervising of Defendants' employees.

26   95.    By their acts and omissions, Defendants breached each of the foregoing duties

27   owed to Plaintiffs. Further, it was reasonably foreseeable that such breaches of duty would

28   cause Plaintiffs physical and/or emotional harm.

**COMPLAINT**                    *Slaughter v. City of Emeryville et al.*

-16-

96.     As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### JURY TRIAL DEMAND

97.     Plaintiffs hereby request a jury trial in this action.

### RELIEF REQUESTED

Wherefore, Plaintiffs respectfully requests that this Court grant the following relief:

1.     Compensatory damages according to proof against all defendants;

2.     Special damages according to proof against all defendants;

3.     Statutory damages and penalties pursuant to California Civil Code sections 52(b) and 52.1(b);

4.     Punitive damages in an amount according to proof against all defendants;

5.     Attorney fees and costs pursuant to 42 U.S.C. section 1988;

6.     Attorney fees and costs pursuant to California Civil Code sections 52(b) and 52.1(h); and

7.     Such other relief as the Court finds just and proper.

DATED:  March 20, 2008

By:  _____

JIVAKA CANDAPPA, for Plaintiffs
KRISTINA ENNIX SLAUGHTER
and MITCHELL SLAUGHTER

---

**COMPLAINT**                                    *Slaughter v. City of Emeryville et al.*

-17-

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT

for the

## Northern District of California

| | |
|---|---|
| Kristina Ennix Slaughter & Mitchell Slaughter | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| City of Emeryville, Emeryville Police Dept., et al. | ) C08-01552 |
| Defendant | ) |

*E-filing*

**Summons in a Civil Action**

To:    SEE ATTACHED.
       *(Defendant's name)*

A lawsuit has been filed against you.

Within **20** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Jivaka Candappa, Attorney at Law
46 Shattuck Square, #15
Berkeley, CA 94704

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
Name of clerk of court

MAR 2 0 2008

Date: _____

CYNTHIA LENAHAN

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION

### *Kristina Ennix Slaughter and Mitchell Slaughter vs. City of Emeryville et al.*

**Names and Addresses of Defendants**

1.  City of Emeryville, 1333 Park Avenue, Emeryville, CA 94608

2.  Emeryville Police Department, 2449 Powell Street, Emeryville, CA 94608

3.  E. White, Emeryville Police Department, 2449 Powell Street, Emeryville, CA 94608

4.  S. Andretich, Emeryville Police Department, 2449 Powell Street, Emeryville, CA 94608

5.  Victoria's Secret, 5672 Bay Street, Emeryville, CA 94608

6.  Claudia Soto, Victoria's Secret, 2556 Somersville Road, Antioch CA 94509

7.  Abercrombie & Fitch, 5680 Bay Street, Emeryville, CA 94608

8.  Melissa Basfield, Abercrombie & Fitch, One Stoneridge Mall Space # B-110, Pleasanton, CA 94588

AO 440 (Rev. 03/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

   (1) personally delivering a copy of each to the individual at this place, _____; or

   (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

   (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
       _____; or

   (4) returning the summons unexecuted to the court clerk on _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address