JAMES A. LASSART (SBN 40913)
ADRIAN G. DRISCOLL (SBN 95468)
SPENCER C. MARTINEZ (SBN 206337)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301

Attorneys for Defendants
ABERCROMBIE & FITCH and MELISSA
BASFIELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT, E. WHITE (#307) and S. ANDRETICH (#339), individually and in their official capacities; VICTORIA'S SECRET, CLAUDIA SOTO, ABERCROMBIE & FITCH, and MELISSA BASFIELD,<br><br>Defendants. | CASE NO. C08-01552-EMC<br><br>**NOTICE OF MOTION TO DISMISS BY DEFENDANTS ABERCROMBIE & FITCH AND MELISSA BASFIELD; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE [FRCP 12(b)(6)]**<br><br>DATE:         TBD<br>TIME:         TBD<br>COURTROOM:  TBD<br>JUDGE:        TBD<br><br>(Reassignment Pending) |

**<u>NOTICE OF MOTION</u>**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that defendants ABERCROMBIE & FITCH and

MELISSA BASFIELD move the Court for an Order dismissing the complaint as against them

without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that

it fails to state a claim upon which relief can be granted. Hearing will proceed in the above

captioned Court located at 450 Golden Gate Avenue, San Francisco, California, at a date and time

to be determined following reassignment of this case to a United States District Court Judge, as

requested by one or more of the parties. (Upon reassignment, Moving Defendants will serve a

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  Re-notice of this Motion.)

2      The motion will be based on this Notice and on the Memorandum of Points and

3  Authorities and Request for Judicial Notice set out below, and on such further showing as may be

4  made at or before the hearing of the motion.

5

6  Dated: April _15_, 2008           ROPERS, MAJESKI, KOHN & BENTLEY

7

8                       By: _____
                         JAMES A. LASSART

9                           ADRIAN G. DRISCOLL
                         SPENCER C. MARTINEZ

10                           Attorneys for Defendants
                         ABERCROMBIE & FITCH and

11                           MELISSA BASFIELD

12  **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **I.    INTRODUCTION**

14      Plaintiffs allege that they were wrongfully detained and arrested by Emeryville Police

15  after defendant Claudia Soto falsely reported that plaintiffs were involved in a shoplifting incident

16  at defendant Victoria's Secret, Soto's employer. The plaintiffs (who are African American) were

17  exonerated and released from custody one hour later, and generally allege here that their detention

18  was the result of racial profiling. The alleged false report and wrongful detention constitute the

19  sole basis for this action.

20      The complaint is clear that neither Abercrombie nor Basfield made the report or had any

21  involvement in plaintiffs' subsequent detention and arrest. Abercrombie and Basfield are

22  nevertheless named in five causes of action, each of which relates to a report plaintiffs allege was

23  made by other defendants. These claims cannot stand, and Abercrombie and Basfield request that

24  this motion to dismiss be granted.

25  **II.    ALLEGATIONS OF COMPLAINT**

26      Plaintiffs are husband and wife, and are African American. Docket 1 ("Complaint") at

27  ¶¶4, 5, 23. They allege that on March 24, 2007 they were driving home from the Bay Street Mall

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  in Emeryville, California when they were pulled over by Emeryville Police, ordered out of their

2  car at gunpoint and arrested. (Id. at ¶¶24-30.)

3        After police completed their search of plaintiffs' vehicle, one of the officers informed

4  plaintiffs that a Victoria's Secret employee (defendant Claudia Soto) had reported a robbery at

5  that store by two African American females, and that one of the suspects had left the scene in

6  plaintiffs' vehicle. (Id. at ¶32.) Plaintiffs later learned that the alleged crime was a shoplifting

7  incident and not a robbery. (Id. at ¶33.) Plaintiffs allege that defendant Soto's report to police

8  regarding plaintiffs' involvement was false and was not based on her personal knowledge, and

9  that the report and resulting detention caused plaintiffs harm. (Id. at ¶¶35, 39-40.)

10        Defendant Basfield is an employee of an Abercrombie & Fitch store also located in the

11  Bay Street Mall. (Id. at ¶15.) According to plaintiffs, Basfield observed defendant Soto walking

12  behind an African American female and later advised Soto that the female had gotten into

13  plaintiffs' vehicle. (Id. at ¶36.) Plaintiffs allege no other actions by Basfield. Plaintiffs include

14  no allegations against Abercrombie except a general averment that Abercrombie is vicariously

15  liable for Basfield's actions.

16                  **III.    ARGUMENT**

17  **A.    Standard On This Motion**

18        In considering a Rule 12(b)(6) Motion to Dismiss, the Court must generally assume as

19  true all material allegations in the complaint as well as reasonable inferences to be drawn from

20  them. (Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).) However, the Court need not

21  accept as true conclusory allegations or legal characterizations, and should not accept

22  unreasonable inferences or unwarranted deductions of fact. (Transphase Systems, Inc. v.

23  Southern Calif. Edison Co., 839 F.Supp. 711, 718 (CD Cal. 1993).) A Court need not "swallow

24  the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions,

25  peniphrastic circumlocutions, and the like need not be credited. (Aulson v. Blanchard, 83 F.3d 1,

26  3 (1st Cir. 1996).)

27

28

**B.    Plaintiffs Fail To State Any Valid Claim Against Basfield and Abercrombie**

Plaintiffs allege five causes of action against Basfield and Abercrombie: (1) California Government Code §815.2 and Respondeat Superior Liability; (2) Intentional Infliction of Emotional Distress; (3) Invasion of Privacy; (4) Violation of California Civil Code §46–Slander Per Se; (5) Negligence and Negligence Per Se. Each incorporates by reference, and is premised upon, the "wrongful acts" by Basfield and Abercrombie – apparently that Basfield advised Soto that a woman had gotten into plaintiffs' car. To the extent plaintiffs' claims are appropriately asserted against Basfield and Abercrombie at all, they fail to state any valid claim for relief against these defendants.

**1.    California Government Code §815.2 and Respondeat Superior Liability – Fifth Cause of Action**

California Government Code §815.2 allows a public entity to be held liable in appropriate circumstances for injuries proximately caused by acts or omissions of its employees. Cal. Gov. Code §815.2. Basfield is an employee of Abercrombie, not any public entity. The statute is inapplicable to these defendants, directly or vicariously through the doctrine of respondeat superior.

**2.    Intentional Infliction of Emotional Distress – Eighth Cause of Action**

The elements of a prima facie case of intentional infliction of mental distress are (1) outrageous conduct by the defendants; (2) intent to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. (Kiseskey v. Carpenters' Trust for So. Cal., 144 Cal.App.3d 222, 229 (1983); Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991).) Plaintiffs fail to allege facts satisfying three of these elements: outrageous conduct, intent and causation.

Accepting plaintiffs' allegations as true, Basfield did nothing except tell Soto that an unidentified woman got into plaintiffs' car. Plaintiffs allege no facts showing "outrageous conduct" by Basfield or Abercrombie, intent to inflict severe emotional distress, or any causative link between Basfield's supposed actions and plaintiffs' injuries. Plaintiffs' claim that Basfield committed these otherwise innocuous actions out of race-based animus is a conclusion not

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    supported by the facts alleged, nor does it cure the lack of causation apparent on the face of the

2    complaint. (The allegedly false report to police was by defendant Soto, primarily relating to

3    events Soto claims she witnessed at a Victoria's Secret store. Basfield had no hand in the report

4    or plaintiffs' subsequent detention. Complaint at ¶38.)

5         3.    **Invasion of Privacy – Ninth Cause of Action**

6         In their Ninth Cause of Action, plaintiffs allege that all of the defendants "intentionally

7    intruded on Plaintiffs' solitude, seclusion, private affairs or concerns in a manner that was highly

8    offensive." (Complaint at ¶80.) As to Basfield and Abercrombie, this Cause of Action makes no

9    sense. Accepting plaintiffs' allegations as true, Basfield observed an African American female

10   outside a Victoria's Secret store – i.e., in a public place – and told defendant Soto that the woman

11   got into plaintiffs' car. There was no invasion of privacy by Basfield or Abercrombie.

12        4.    **Slander Per Se – Tenth Cause of Action**

13        By definition, slander is a false and unprivileged communication that has a natural

14   tendency to injure or that causes special damage. (Cal. Civ. Code §46; Mann v. Quality Old Time

15   Service, Inc., 120 Cal.App.4th 90, 106-07 (2004).) An essential element is that the publication in

16   question contains a false statement of fact. (Ellenberger v. Espinosa, 30 Cal.App.4th 943, 952

17   (1994).)

18        Plaintiffs do not allege that Basfield made any false communication – her alleged

19   statement to defendant Soto that she had observed a female enter plaintiffs' vehicle was true. Nor

20   did Basfield's alleged statement have a "natural tendency" to injure plaintiffs. There was

21   therefore no slander by Basfield on the face of plaintiffs' complaint. Basfield's alleged ill-motive

22   for making a true statement of fact to Soto is irrelevant.

23        5.    **Negligence and Negligence Per Se – Thirteenth Cause of Action**

24        Plaintiffs allege that all defendants breached a duty of care to them, and were therefore

25   negligent, by (1) conducting unlawful detentions and arrests; (2) violating the right to equal

26   protection of the laws; (3) violating the right to due process; (4) violating plaintiffs' right to be

27   free from bodily restraint or harm, from personal insult, and from defamation, and (5) failing to

28   adequately train and supervise its employees. (Complaint at ¶¶93-94.) Of these, items (1)

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    through (3) have nothing to do with defendants and items (4) and (5) have little, if any, possible

2    application to Basfield and Abercrombie.

3            Plaintiffs plead no facts demonstrating any duties owed by Basfield or Abercrombie

4    which they breached, causing plaintiffs harm. (Burgess v. Superior Court, 2 Cal.4[th] 1064, 1072

5    (1992) (traditional elements of negligence are duty, breach of duty, causation and damages).)

6    Neither Basfield nor Abercrombie engaged in any act of "personal insult" or defamation. (See

7    supra.) Plaintiffs also do not set forth facts suggesting that Abercrombie was somehow negligent

8    in hiring and training its employees. The complaint instead focuses on this issue to the

9    Emeryville Police, and Victoria's Secret's employees' alleged false report to them. See Complaint

10   at ¶37.

11   **C.     The Complaint Should Be Dismissed With Prejudice**

12           A complaint should be dismissed with prejudice where the plaintiff cannot allege other

13   facts consistent with the challenged pleading that would cure the deficiency. *Firestone v.*

14   *Firestone,* 76 F.3d 1205, 1209 (DC Cir. 1996). That is the case here. Basfield and Abercrombie

15   cannot be held liable for her alleged act of reporting what she saw to another defendant, no matter

16   the theory offered by plaintiffs. Plaintiffs' complaint should therefore be dismissed with

17   prejudice.

18                              **IV.     CONCLUSION**

19           For the foregoing reasons, defendants Basfield and Abercrombie & Fitch respectfully

20   request that this motion be granted in full, and that plaintiffs' complaint against them be dismissed

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Francisco*

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  with prejudice.

2  Dated: April 15, 2008

3                                                ROPERS, MAJESKI, KOHN & BENTLEY

4                                                By:
5                                                    JAMES A. LASSART
                                                     ADRIAN G. DRISCOLL
6                                                    SPENCER C. MARTINEZ
                                                     Attorneys for Defendants
7                                                    ABERCROMBIE & FITCH and
                                                     MELISSA BASFIELD
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NAME:    **Slaughter, et al. v. Emeryville, et al.**

ACTION NO.:    **08-CV-01552-EMC**

## PROOF OF SERVICE

**METHOD OF SERVICE**

☒ First Class Mail          ☐ Facsimile          ☐ Messenger Service

☐ Overnight Delivery          ☐ E-Mail/Electronic Delivery

1. At the time of service I was over 18 years of age and not a party to this action and a Citizen of the United States.

2. My business address is 201 Spear Street, Suite 1000, San Francisco, CA  94105.

3. On April 15, 2008 I served the following documents:

**NOTICE OF MOTION TO DISMISS BY DEFENDANTS ABERCROMBIE & FITCH AND MELISSA BASFIELD; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE [FRCP 12(b)(6)]**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

Jivaka Candappa
Law Office of Jivaka Candappa
46 Shattuck Square, Suite 15
Berkeley, CA  94704
Phone: (510) 981-1808
Fax: (510) 981-1817
Email: jcandappa@sbcglobal.net
**(Attorney for Plaintiffs)**

Dale L. Allen, Jr.
Low Ball & Lynch
505 Montgomery Street, 7th Fllor
San Francisco, CA  94111
(415) 981-6630
(415) 982-1634
Email: dallen@lowball.com
**(Attorney for Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT; E. WHITE (#307); S. ANDRETICH (#339)**

Victoria's Secret
5672 Bay Street
Emeryville, CA  94608

Claudia Soto
Victoria's Secret
2556 Somersville Road
Antioch, CA  94509

5. I served the documents by the following means:

    a. ☒ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

RC1/5104666.1/DK4

PROOF OF SERVICE

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1

2

3

        b.  ☐  By overnight delivery:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

4

        c.  ☐  By messenger:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.  (Separate declaration of personal service to be provided by the messenger.)

5

6

        d.  ☐  By fax transmission:  Based on an agreement between the parties and in conformance with Fed. Rules Civ. Proc. rule 5, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4.  (Separate Proof of Transmission by Fax to be provided.)

7

8

        e.  ☐  By email or electronic transmission:  Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

9

10

        I am employed in the office of a member of the bar of this court at whose direction the service was made.  I certify under penalty of perjury that the foregoing is true and correct.

11

12

Date:  April 15, 2008

13

14

Michelle Yee
Type Name

             Signature

15

16

17

18

19

20

21

22

23

24

25

26

27

28