JAMES A. LASSART (SBN 40913)
ADRIAN G. DRISCOLL (SBN 95468)
SPENCER C. MARTINEZ (SBN 206337)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301

Attorneys for Defendants
ABERCROMBIE & FITCH and MELISSA
BASFIELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT, E. WHITE (#307) and S. ANDRETICH (#339), individually and in their official capacities; VICTORIA'S SECRET, CLAUDIA SOTO, ABERCROMBIE & FITCH, and MELISSA BASFIELD,<br><br>Defendants. | CASE NO. C08-01552-PJH<br><br>**RE-NOTICE OF MOTION TO DISMISS BY DEFENDANTS ABERCROMBIE & FITCH AND MELISSA BASFIELD; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE [FRCP 12(b)(6)]**<br><br>DATE: June 4, 2008<br>TIME: 9:00 a.m.<br>COURTROOM: 3, 17th Floor<br>JUDGE: Hon. Phyllis J. Hamilton |

### RE-NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

RE-NOTICE IS HEREBY GIVEN that defendants ABERCROMBIE & FITCH and MELISSA BASFIELD move the Court for an Order dismissing the complaint as against them without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted. Hearing will proceed in the above captioned Court located at 450 Golden Gate Avenue, San Francisco, California, on June 4, 2008 at 9:00 a.m., in Courtroom 3, 17th Floor before the Honorable Phyllis J. Hamilton, United States District Court Judge.

The motion will be based on this Re-notice and on the Memorandum of Points and Authorities and Request for Judicial Notice set out below, and on such further showing as may be made at or before the hearing of the motion.

Dated: April 24, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ James A. Lassart
JAMES A. LASSART
ADRIAN G. DRISCOLL
SPENCER C. MARTINEZ
Attorneys for Defendants
ABERCROMBIE & FITCH and
MELISSA BASFIELD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs allege that they were wrongfully detained and arrested by Emeryville Police after defendant Claudia Soto falsely reported that plaintiffs were involved in a shoplifting incident at defendant Victoria's Secret, Soto's employer. The plaintiffs (who are African American) were exonerated and released from custody one hour later, and generally allege here that their detention was the result of racial profiling. The alleged false report and wrongful detention constitute the sole basis for this action.

The complaint is clear that neither Abercrombie nor Basfield made the report or had any involvement in plaintiffs' subsequent detention and arrest. Abercrombie and Basfield are nevertheless named in five causes of action, each of which relates to a report plaintiffs allege was made by other defendants. These claims cannot stand, and Abercrombie and Basfield request that this motion to dismiss be granted.

### II. ALLEGATIONS OF COMPLAINT

Plaintiffs are husband and wife, and are African American. Docket 1 ("Complaint") at ¶¶ 4, 5, 23. They allege that on March 24, 2007 they were driving home from the Bay Street Mall

in Emeryville, California when they were pulled over by Emeryville Police, ordered out of their car at gunpoint and arrested. (Id. at ¶¶24-30.)

After police completed their search of plaintiffs' vehicle, one of the officers informed plaintiffs that a Victoria's Secret employee (defendant Claudia Soto) had reported a robbery at that store by two African American females, and that one of the suspects had left the scene in plaintiffs' vehicle. (Id. at ¶32.) Plaintiffs later learned that the alleged crime was a shoplifting incident and not a robbery. (Id. at ¶33.) Plaintiffs allege that defendant Soto's report to police regarding plaintiffs' involvement was false and was not based on her personal knowledge, and that the report and resulting detention caused plaintiffs harm. (Id. at ¶¶35, 39-40.)

Defendant Basfield is an employee of an Abercrombie & Fitch store also located in the Bay Street Mall. (Id. at ¶15.) According to plaintiffs, Basfield observed defendant Soto walking behind an African American female and later advised Soto that the female had gotten into plaintiffs' vehicle. (Id. at ¶36.) Plaintiffs allege no other actions by Basfield. Plaintiffs include no allegations against Abercrombie except a general averment that Abercrombie is vicariously liable for Basfield's actions.

### III. ARGUMENT

#### A. Standard On This Motion

In considering a Rule 12(b)(6) Motion to Dismiss, the Court must generally assume as true all material allegations in the complaint as well as reasonable inferences to be drawn from them. (*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).) However, the Court need not accept as true conclusory allegations or legal characterizations, and should not accept unreasonable inferences or unwarranted deductions of fact. (*Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (CD Cal. 1993).) A Court need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited. (*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).)

**B. Plaintiffs Fail To State Any Valid Claim Against Basfield and Abercrombie**

Plaintiffs allege five causes of action against Basfield and Abercrombie: (1) California Government Code §815.2 and Respondeat Superior Liability; (2) Intentional Infliction of Emotional Distress; (3) Invasion of Privacy; (4) Violation of California Civil Code §46–Slander Per Se; (5) Negligence and Negligence Per Se. Each incorporates by reference, and is premised upon, the "wrongful acts" by Basfield and Abercrombie – apparently that Basfield advised Soto that a woman had gotten into plaintiffs' car. To the extent plaintiffs' claims are appropriately asserted against Basfield and Abercrombie at all, they fail to state any valid claim for relief against these defendants.

**1. California Government Code §815.2 and Respondeat Superior Liability – Fifth Cause of Action**

California Government Code §815.2 allows a public entity to be held liable in appropriate circumstances for injuries proximately caused by acts or omissions of its employees. Cal. Gov. Code §815.2. Basfield is an employee of Abercrombie, not any public entity. The statute is inapplicable to these defendants, directly or vicariously through the doctrine of respondeat superior.

**2. Intentional Infliction of Emotional Distress – Eighth Cause of Action**

The elements of a prima facie case of intentional infliction of mental distress are (1) outrageous conduct by the defendants; (2) intent to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. (*Kiseskey v. Carpenters' Trust for So. Cal.*, 144 Cal.App.3d 222, 229 (1983); *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).) Plaintiffs fail to allege facts satisfying three of these elements: outrageous conduct, intent and causation.

Accepting plaintiffs' allegations as true, Basfield did nothing except tell Soto that an unidentified woman got into plaintiffs' car. Plaintiffs allege no facts showing "outrageous conduct" by Basfield or Abercrombie, intent to inflict severe emotional distress, or any causative link between Basfield's supposed actions and plaintiffs' injuries. Plaintiffs' claim that Basfield committed these otherwise innocuous actions out of race-based animus is a conclusion not

supported by the facts alleged, nor does it cure the lack of causation apparent on the face of the complaint. (The allegedly false report to police was by defendant Soto, primarily relating to events Soto claims she witnessed at a Victoria's Secret store. Basfield had no hand in the report or plaintiffs' subsequent detention. Complaint at ¶38.)

### 3.  Invasion of Privacy – Ninth Cause of Action

In their Ninth Cause of Action, plaintiffs allege that all of the defendants "intentionally intruded on Plaintiffs' solitude, seclusion, private affairs or concerns in a manner that was highly offensive." (Complaint at ¶80.) As to Basfield and Abercrombie, this Cause of Action makes no sense. Accepting plaintiffs' allegations as true, Basfield observed an African American female outside a Victoria's Secret store – i.e., in a public place – and told defendant Soto that the woman got into plaintiffs' car. There was no invasion of privacy by Basfield or Abercrombie.

### 4.  Slander Per Se – Tenth Cause of Action

By definition, slander is a false and unprivileged communication that has a natural tendency to injure or that causes special damage. (Cal. Civ. Code §46; *Mann v. Quality Old Time Service, Inc.*, 120 Cal.App.4th 90, 106-07 (2004).) An essential element is that the publication in question contains a false statement of fact. (*Ellenberger v. Espinosa*, 30 Cal.App.4th 943, 952 (1994).)

Plaintiffs do not allege that Basfield made any false communication – her alleged statement to defendant Soto that she had observed a female enter plaintiffs' vehicle was true. Nor did Basfield's alleged statement have a "natural tendency" to injure plaintiffs. There was therefore no slander by Basfield on the face of plaintiffs' complaint. Basfield's alleged ill-motive for making a true statement of fact to Soto is irrelevant.

### 5.  Negligence and Negligence Per Se – Thirteenth Cause of Action

Plaintiffs allege that all defendants breached a duty of care to them, and were therefore negligent, by (1) conducting unlawful detentions and arrests; (2) violating the right to equal protection of the laws; (3) violating the right to due process; (4) violating plaintiffs' right to be free from bodily restraint or harm, from personal insult, and from defamation, and (5) failing to adequately train and supervise its employees. (Complaint at ¶¶93-94.) Of these, items (1)

through (3) have nothing to do with defendants and items (4) and (5) have little, if any, possible application to Basfield and Abercrombie.

Plaintiffs plead no facts demonstrating any duties owed by Basfield or Abercrombie which they breached, causing plaintiffs harm. (*Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992) (traditional elements of negligence are duty, breach of duty, causation and damages).) Neither Basfield nor Abercrombie engaged in any act of "personal insult" or defamation. (See *supra*.) Plaintiffs also do not set forth facts suggesting that Abercrombie was somehow negligent in hiring and training its employees. The complaint instead focuses on this issue to the Emeryville Police, and Victoria's Secret's employees' alleged false report to them. See Complaint at ¶37.

### C. The Complaint Should Be Dismissed With Prejudice

A complaint should be dismissed with prejudice where the plaintiff cannot allege other facts consistent with the challenged pleading that would cure the deficiency. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (DC Cir. 1996). That is the case here. Basfield and Abercrombie cannot be held liable for her alleged act of reporting what she saw to another defendant, no matter the theory offered by plaintiffs. Plaintiffs' complaint should therefore be dismissed with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, defendants Basfield and Abercrombie & Fitch respectfully request that this motion be granted in full, and that plaintiffs' complaint against them be dismissed with prejudice.

Dated: April 24, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
JAMES A. LASSART
ADRIAN G. DRISCOLL
SPENCER C. MARTINEZ
Attorneys for Defendants
ABERCROMBIE & FITCH and
MELISSA BASFIELD

| | |
|---|---|
| CASE NAME: | Slaughter, et al. v. Emeryville, et al. |
| ACTION NO.: | 08-CV-01552-EMC |

### PROOF OF SERVICE

**METHOD OF SERVICE**

☒ First Class Mail        ☐ Facsimile        ☐ Messenger Service

☐ Overnight Delivery     ☐ E-Mail/Electronic Delivery

1. At the time of service I was over 18 years of age and not a party to this action and a Citizen of the United States.

2. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105.

3. On April 15, 2008 I served the following documents:

**RE-NOTICE OF MOTION TO DISMISS BY DEFENDANTS ABERCROMBIE & FITCH AND MELISSA BASFIELD; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE [FRCP 12(b)(6)]**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

| | |
|---|---|
| Jivaka Candappa<br>Law Office of Jivaka Candappa<br>46 Shattuck Square, Suite 15<br>Berkeley, CA 94704<br>Phone: (510) 981-1808<br>Fax: (510) 981-1817<br>Email: jcandappa@sbcglobal.net<br>**(Attorney for Plaintiffs)** | Dale L. Allen, Jr.<br>Low Ball & Lynch<br>505 Montgomery Street, 7th Fllor<br>San Francisco, CA 94111<br>(415) 981-6630<br>(415) 982-1634<br>Email: dallen@lowball.com<br>**(Attorney for Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT; E. WHITE (#307); S. ANDRETICH (#339)** |
| Victoria's Secret<br>5672 Bay Street<br>Emeryville, CA 94608 | Claudia Soto<br>Victoria's Secret<br>2556 Somersville Road<br>Antioch, CA 94509 |

5. I served the documents by the following means:

    a. ☒ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

RC1/5104666.1/DK4                                                                                                                    PROOF OF SERVICE

      b. ☐ **By overnight delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

      c. ☐ **By messenger:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service. (Separate declaration of personal service to be provided by the messenger.)

      d. ☐ **By fax transmission:** Based on an agreement between the parties and in conformance with Fed. Rules Civ. Proc. rule 5, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4. (Separate Proof of Transmission by Fax to be provided.)

      e. ☐ **By email or electronic transmission:** Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Date: April 24, 2008

DEBRA E. KATAOKA CHAN  
Type Name                                        Signature