1  Alison L. Tsao, State Bar No. 198250
   Nancy G. Berner, State Bar No. 227142
2  CARLTON DiSANTE & FREUDENBERGER LLP
   601 Montgomery Street
3  Suite 350
   San Francisco, California 94111
4  Telephone:  (415) 981-3233
   Facsimile:  (415) 981-3246
5  E-Mail:  atsao@cdflaborlaw.com
           nberner@cdflaborlaw.com
6
   Attorneys for Defendant
7  VICTORIA'S SECRET STORES, LLC and
   CLAUDIA SOTO
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER,, | ) ) Case No. C08-01552 PJH |
| 12               Plaintiffs, | ) ) Hon. Phyllis J. Hamilton |
| 13       vs. | ) ) **DEFENDANTS VICTORIA'S SECRET** |
| 14  CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT, E. WHITE (#307) and S. ANDRETICH (#339), individually and in their | ) ) ) **STORES, LLC AND CLAUDIA SOTO'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE** |
| 15  official capacities; VICTORIA'S SECRET, CLAUDIA SOTO, ABERCROMBIE & FITCH, | ) ) **A CLAIM, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| 16  and MELISSA BASFIELD, | ) ) [Fed. R. Civ. Proc. 12(b)(6), 12(e)] |
| 17               Defendants. | ) ) Date:   June 18, 2008 |
| 18 | ) ) Time:   9:00 a.m. Courtroom: 3, 17th Floor |
| 19 | ) ) Action Filed:   March 20, 2008 Trial Date:      None Set |
| 20 | |

21                        <u>**NOTICE OF MOTION**</u>

22         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23         PLEASE TAKE NOTICE THAT on June 18, 2008 at 9:00 a.m. in Courtroom 3,

24  17th Floor, the Honorable Phyllis J. Hamilton presiding, of the above-entitled Court, located at 450

25  Golden Gate Ave., San Francisco, California, Defendants Claudia Soto ("Soto") and Victoria's

26  Secret Stores, LLC[1] ("VSS") (collectively, "Defendants") will and hereby do move this Court to

27  _____

28  [1] Victoria's Secret Stores, LLC is sued erroneously as Victoria's Secret.

dismiss all causes of action alleged against them pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) because Plaintiffs' Complaint fails to state a claim upon which relief can be granted, on the grounds that: (1) the first, third, and fifth causes of action under 42 U. S. C. § 1983 and California Government Code § 815.2 are inapplicable against private employers and their employees; (2) the eleventh and twelfth causes of action under California Civil Code §§ 52.1(b) and 51.7 fail to allege that Defendants committed any acts or threats of violence, coercion or intimidation against Plaintiffs on the basis of their race, or on any basis; (3) the tenth cause of action under Civil Code Section 46 fails because Defendants' statement was absolutely privileged under Civil Code Section 47(b) as a report made in an official proceeding authorized by law; (4) the eighth cause of action for intentional infliction of emotional distress fails because Defendants did not engage in any extreme or outrageous conduct with the intent to injure Plaintiffs; (5) the ninth cause of action for invasion of privacy fails because Plaintiffs fail to allege that Defendants committed any acts that constituted an impermissible intrusion into an area upon which Plaintiffs had a reasonable expectation of privacy; and (6) the thirteenth cause of action for negligence and negligence per se fail because Plaintiffs failed to allege the breach of any duty owed by Defendants to Plaintiffs that proximately caused their injuries.

In the alternative, Defendants will and hereby do move further that this Court order Plaintiffs to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) on the grounds that Plaintiffs' causes of action are too imprecise and ambiguous to allow the framing of a responsive pleading by Defendants.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, as well as all pleadings, papers and records on file in this action, such additional papers as may be submitted prior to or at the time of the hearing, and such oral argument as the Court may permit or require.

1 | DATE:  May 5, 2008

CARLTON DiSANTE & FREUDENBERGER LLP

2

3

By:_____ /s/ - Alison L. Tsao _____

4 | Alison L. Tsao

Attorneys for Defendants

5 | VICTORIA'S SECRET STORES, LLC and CLAUDIA
SOTO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  C08-01552 PJH
DEFS' MTN TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1

**TABLE OF CONTENTS**

2

**Page**

3   I.    INTRODUCTION ........................................................................................................ 4

4   II.   ARGUMENT ............................................................................................................. 5

5         A.   Plaintiffs' Complaint Fails To State A Claim Upon Which Relief
              May Be Granted ................................................................................................ 5
6
7         B.   Plaintiffs' Complaint Fails To Allege Facts Sufficient To Support
              The Claims Alleged Against Defendants. ......................................................... 5

8   III.  ARGUMENT ............................................................................................................. 6

9         A.   Plaintiffs' First, Third, and Fifth Causes Of Action Fail To State A
              Claim As Defendants Are Not Government Actors under 42 U.S.C. §
10            1983 or the California Tort Claims Act. ............................................................ 6

11             1.   Plaintiffs' First and Third Causes of Action Under 42 U.S.C.
                   § 1983 Are Barred Because Defendants Are Not State Actors
12                 Proceeding Under Color of Law. ............................................................ 6

13             2.   Plaintiffs' Fifth Cause Of Action Under The California Tort
                   Claims Act Should Be Dismissed Because Defendants Are
14                 Not Public Entities. ................................................................................. 9

15        B.   Plaintiffs' Causes Of Action Asserting Violations of the California
              Civil Code Do Not State a Claim For Relief. .................................................. 10
16
17             1.   Plaintiffs' Eleventh Cause Of Action Fails to State a Claim
                   That Defendants Violated California Civil Code Section
18                 52.1(b) ("The Bane Act"). ..................................................................... 10

19             2.   Plaintiffs' Twelfth Cause Of Action Fails To State A
                   Violation Of California Civil Code Section 51.7 ("The Ralph
20                 Civil Rights Act"). ................................................................................. 11

21        C.   Plaintiffs' Common Law Tort Claims Fail To State A Legal Basis
              For Relief And Fail To Set Forth Facts Supporting the Claims. ...................... 13

22             1.   Plaintiffs' Eighth Cause Of Action Fails To State A Claim
                   That Defendants Are Liable For Intentional Infliction Of
23                 Emotional Distress. ............................................................................... 13

24             2.   Plaintiffs' Ninth Cause Of Action Fails To State A Claim Of
                   Invasion Of Privacy. ............................................................................. 14
25
26             3.   Plaintiffs' Tenth Cause Of Action Fails To State A Claim Of
                   Slander Per Se. ...................................................................................... 16

27             4.   Plaintiffs Thirteenth Cause Of Action Fails To State A Claim
                   Of Negligence Or Negligence Per Se. ................................................... 17
28

i

1

**TABLE OF CONTENTS (cont.)**

2

**Page**

3     IV.    CONCLUSION ........................................................................................................... 19

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  C08-01552 PJH
DEFS' MTN TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

<u>**Federal Cases**</u>

4

*Anderson v. Dist. Bd. Of Trustees of Central Florida Comm. College*, 77 F.3d 364
   (11th Cir. 1996)..................................................................................................... 6, 14

5

6

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990)..................................... 5

7

*Bureerong v. Uvawas*, 922 F.Supp. 1450 (C.D. Cal. 1996) ............................................. 6

8

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989)..................................................... 8

9

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................. 5

10

*Egan v. Schmock*, 93 F.Supp.2d 1090 (N.D. Cal. 2000).............................................. 11

11

*Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083 (9th Cir. 1998)................................ 5

12

*Federal Savings & Loan Ins. Corp. v. Mussacchio*, 695 F.Supp. 1053 (N.D. Cal.
   1988).......................................................................................................................... 6

13

*Fikes v. City of Daphne*, 79 F.3d 1079 6 (11th Cir. 1996)............................................... 6

14

*Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978) ...................................................... 7

15

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982)................................................. 7

16

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).............................................................. 5

17

*Ortland v. County of Tehama*, 939 F.Supp. 1465 (E.D. Cal. 1996) .............................. 12

18

*Parratt v. Taylor*, 451 U.S. 527 (1981)............................................................................ 7

19

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982).................................................................. 7

20

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984)......................... 5

21

*Shelley v. Kraemer*, 334 U.S. 1 (1948) ........................................................................... 7

22

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)................................... 5

23

*Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276 (9th Cir.
   2001)........................................................................................................................ 12

24

<u>**Federal Statutes**</u>

25

42 United States Code Section 1983..........................................................................passim

26

Federal Rule of Civil Procedure 12(b)(6) .........................................................2, 5, 20

27

Federal Rule of Civil Procedure 12(e) ..............................................................2, 6, 20

28

1

## **TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3    Federal Rule of Civil Procedure 8(a)............................................................5, 6, 16

4    Federal Rule of Civil Procedure 8(e)(1)................................................................ 5

5    **California Cases**

6    *Alcorn v. Anbro Eng., Inc.*, 2 Cal.3d 493 (1970)........................................ 13

7    *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860 (2007)........................... 10

8    *Ballard v. Uribe*, 41 Cal.3d 564 (1986) ........................................ 18

9    *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579 (1979) .................................... 9

10   *Clay v. Lagiss*, 143 Cal.App.3d 441 (1956) .................................... 16

11   *Cole v. Fair Oaks Fire Protection District*, 43 Cal.3d 148 (1987) ............................. 13

12   *Coon v. Joseph*, 192 Cal.App.3d 1269 (1987) .................................... 11

13   *Hagberg v. California Federal Bank*, 32 Cal.4th 350 (2004) ...................................... 17

14   *Hill v. Nat'l Collegiate Athletic Assoc.*, 7 Cal.4th 1 (1994)................................... 15

15   *Hunsucker v. Sunnyvale Hilton Inn*, 23 Cal.App.4th 1498 (1994)................................ 16

16   *Jones v. Kmart Corp.*, 17 Cal.4th 329 (1998) .................................... 10

17   *Ladd v. County of San Mateo*, 12 Cal. 4th 913 (1996) .................................... 18

18   *McGettigan v. Bay Area Rapid Transit*, 57 Cal.App.4th 1011 (1997) ............................ 18

19   *Passman v. Torkan*, 34 Cal.App.4th 607 (1995)................................... 17

20   *Sagadin v. Ripper*, 175 Cal.App.3d 1141 (1985) .................................... 18

21   *Shulman v. Group W. Prod., Inc.*, 18 Cal.4th 200 (1998)................................... 15

22   *Smith v. Maldonado*, 72 Cal.App.4th 637 (1999)................................... 16

23   *Townsend v. State of California*, 191 Cal.App.3d 1530 (1977) .................................... 9

24   *Williams v. Taylor*, 129 Cal.App.3d 745 (1982) .................................... 16

25   **California Statutes**

26   California Civil Code Section 43.................................................... 10, 18

27   California Civil Code Section 47(b) ..............................................2, 5, 17, 20

28   California Civil Code Section 47(b)(3)................................................ 16

1

## TABLE OF AUTHORITIES (cont.)

2                                                                              **Page(s)**

3  California Civil Code Section 51.7 .................................................................................. 2, 10, 11

4  California Civil Code Section 51.7(b) ......................................................................................... 4

5  California Civil Code Section 52.1(a) ...................................................................................... 10

6  California Civil Code Section 52.1(b) ............................................................................... 2, 4, 10

7  California Civil Code Section 52.1(j) ...................................................................................... 11

8  California Evidence Code Section 669 ..................................................................................... 18

9  California Government Code Section 815.2 ....................................................................... 2, 4, 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Kristina and Mitchell Slaughter (collectively, "Plaintiffs") complain that they were subject to racial profiling, false arrest and wrongful detention by members of the Emeryville Police Department, based on an alleged false report that one of the individuals in a shoplifting incident at the Victoria's Secret store in Emeryville's Bay Street Mall absconded in Plaintiffs' vehicle. Plaintiffs contend that Abercrombie & Fitch employee Melissa Basfield ("Basfield") told a Victoria's Secret Stores, LLC ("VSS") employee, Defendant Claudia Soto ("Soto"), that one of the suspected shoplifters left the mall in a black GMC SUV and gave Soto the license plate number to the vehicle. Soto is alleged to have provided the license plate number of Plaintiffs' car, given to her by Basfield, to the Emeryville Police Department whose officers subsequently stopped and detained Plaintiffs. When Soto arrived at the scene of the detention and told the officers that Ms. Slaughter was not involved in the shoplifting incident, Plaintiffs were immediately released. Plaintiffs allege that VSS' loss prevention policy requires store employees to notify law enforcement of suspected property crimes rather than attempt to detain suspects on their own volition.

Based on these allegations, Plaintiffs sued Soto and/or VSS for: 1) violations of 42 United States Code § 1983 ("Section 1983"); 2) violation of the California Tort Claims Act, California Government Code Section ("Government Code") 815.2; 3) intentional infliction of emotional distress; 4) invasion of privacy; 5) violation of California Civil Code ("Civil Code") § 46 (slander per se); 6) violation of Cal. Civ. Code Section 52.1(b) ("The Bane Act"); 7) violation of Cal. Civ. Code § 51.7(b) ("Ralph Civil Rights Act"), and 8) negligence and negligence per se.

All of Plaintiffs' claims against VSS and Soto are invalid and must be dismissed with prejudice. The Section 1983 claims and Government Code Section 815.2 claim are viable only against government entities and are inapplicable to private employers and their employees. Plaintiffs' claims for violations of the Bane Act and the Ralph Civil Rights Act must be dismissed because Plaintiffs have failed to allege any acts or threats of intimidation, coercion, or violence by VSS and Soto, much less any allegations that any acts or threats were based on a legally

1   impermissible basis (here, Plaintiffs' race).  Plaintiffs' claim for slander per se must be dismissed

2   because Defendants' report of a crime to the police was absolutely privileged under Civil Code

3   Section 47(b).  Finally, Plaintiffs' common law claims for intentional infliction of emotional

4   distress, invasion of privacy, and negligence/negligence per se must similarly be dismissed because

5   Plaintiffs failed to allege the necessary facts and legal elements substantiating those claims.

6                                          **II. <u>ARGUMENT</u>**

7   **A.     <u>Plaintiffs' Complaint Fails To State A Claim Upon Which Relief May Be Granted.</u>**

8            Federal Rule of Civil Procedure ("FRCP") 12(b)(6) provides that a defendant may move a

9   court to dismiss a case where the complaint fails "to state a claim upon which relief can be

10  granted."  Fed. R. Civ. Proc. 12(b)(6).  When deciding a FRCP 12(b)(6) motion, all allegations of

11  material fact are taken as true and construed in the light most favorable to the non-moving party.

12  *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).  The Court, however, is

13  not "required to accept as true allegations that are merely conclusory, unwarranted deductions of

14  fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

15  2001) (citations omitted).  Moreover, dismissal of a claim is appropriate where "it appears beyond

16  doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

17  relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

18  2001).  Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or

19  the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*

20  *Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,

21  534 (9th Cir. 1984).

22

23  **B.     <u>Plaintiffs' Complaint Fails To Allege Facts Sufficient To Support The Claims Alleged</u>**

24           **<u>Against Defendants.</u>**

25           Federal Rule of Civil Procedure 8(a) requires a complaint to set forth a short and plain

26  statement of the facts supporting <u>each</u> claim for relief, and that "[e]ach averment of a pleading shall

27  be simple, concise, and direct."  Fed. R. Civ. Proc. 8(a) and (e)(1).  Hence, when a complaint fails

28  to allege facts supporting each claim for relief, the Federal Rules also permit a defendant to seek

clarification as to the causes of action alleged.  FRCP 12(e) states that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

In evaluating a motion for a more definite statement, the test for the Court is whether the complaint provides the defendant with a sufficient basis to frame responsive pleadings.  *See, e.g.,Federal Savings & Loan Ins. Corp. v. Mussacchio*, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).  A defendant faced with a lengthy, "shotgun" complaint is "expected to move" for a more definite statement rather than file an answer.  *Anderson v. Dist. Bd. Of Trustees of Central Florida Comm. College*, 77 F.3d 364, 367 (11th Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 & fn. 6 (11th Cir. 1996) (a district court has power to order more definite statement in order to narrow issues).

Defendants contend that the Complaint is fatally flawed in that the claims alleged either are not cognizable under any legal theory or lack sufficient facts to support the claims alleged. However, in the event the Court is inclined to grant Plaintiffs the opportunity to amend the Complaint as to any claims not dismissed with prejudice, Defendants request that Plaintiffs be ordered to file a more definite statement to plead facts supportive of the claims brought by Plaintiffs that comply with FRCP 8(a).

## III.  ARGUMENT

**A.  Plaintiffs' First, Third, and Fifth Causes Of Action Fail To State A Claim As Defendants Are Not Government Actors under 42 U.S.C. § 1983 or the California Tort Claims Act.**

### 1.  Plaintiffs' First and Third Causes of Action Under 42 U.S.C. § 1983 Are Barred Because Defendants Are Not State Actors Proceeding Under Color of Law.

In the first cause of action brought under Section 1983, Plaintiffs allege that Claudia Soto acted jointly, under color of law, and in concert with the individual police officers of the Emeryville Police Department to deprive the Plaintiffs of their constitutional rights established by

1  the Fourth and Fourteenth Amendments to the United States Constitution (for, *inter alia*,

2  unreasonable search and seizure, detention, unlawful arrest, deprivation of liberty without due

3  process, and unreasonable and unjustified force). (Complaint ¶¶ 45-46.) Although not specifically

4  alleged in support of this claim, it appears that the alleged joint action between Soto and the police

5  officers consisted of Soto's report to the police that she received information that a shoplifting

6  suspect left the mall in a car bearing the license plate number from Plaintiffs' vehicle. (Complaint

7  ¶¶ 35, 37.)

8        In the third cause of action, Plaintiffs allege that VSS violated Section 1983 by not having a

9  surveillance camera or security personnel at the VSS store to "apprehend criminal suspects," and

10  by allegedly implementing a policy that requires employees to contact the Emeryville Police

11  Department to report criminal suspects after the suspects have left the store premises. (Complaint

12  ¶¶ 55-56.)

13        To allege a *prima facie* case pursuant to Section 1983, Plaintiffs must plead: 1) the action

14  occurred under color of law; and 2) the action involved deprivation of a constitutional right.

15  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The Supreme Court has long held that action taken

16  "under color of law" requires the "[m]isuse of power, possessed by virtue of state law and made

17  possible only because the wrongdoer is clothed with the authority of state law." *Lugar v.*

18  *Edmondson Oil Co., Inc.*, 457 U.S. 922, 929 (1982). The Fourteenth Amendment incorporates the

19  Bill of Rights against the states, and applies only against acts of a state, i.e., "state action."

20  *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). The "Fourteenth Amendment erects no shield

21  against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334

22  U.S. 1, 13 (1948). Here, Plaintiffs' Section 1983 claims against Soto and VSS must be dismissed

23  as a matter of law because they cannot show that Soto or VSS are "state actors" or that they acted

24  "under color of" state law. *See Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978).

25        Plaintiffs admit that Soto is a California resident and, at all relevant times, an employee of

26  VSS. Plaintiffs also admit that VSS is a "private entity." (Complaint, ¶¶ 10-11.) The only action

27  taken by Defendants that allegedly contributed to the deprivation of Plaintiffs' constitutional rights

28  was Soto's actions in calling the Emeryville Police Department to report the theft that had occurred

1  at the VSS store at the Bay Street Mall and, in reliance upon information supplied by a third-party

2  witness, supplied the Emeryville Police with a license plate number of a vehicle allegedly

3  belonging to one of the suspected shoplifters.

4         Plaintiffs themselves allege that Soto is a private citizen working for VSS, a private

5  business corporation.  Neither Soto or VSS is alleged to be a "state actor" for purposes of Section

6  1983 liability.  Plaintiffs' Complaint cannot be amended to allege that Soto, a private citizen, either

7  acted, or had the authority to act, with the requisite "authority of state law."   Nor does the

8  Complaint allege that Defendants engaged in any action "under color of law" by exercising a

9  function traditionally reserved as a sovereign power of the state, since Defendants are only accused

10  of calling the police to report a crime.  As a matter of law, "merely complaining to the police does

11  not convert a private party into a state actor."  *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir.

12  1989).  In *Womancare*, the defendant abortion clinic allegedly acted with the state when its

13  employee called the San Diego police to effectuate the arrest of anti-abortion protesters, both via

14  citizen's arrest by the defendant, and misdemeanor arrests by the police.  Nonetheless, the Court

15  held "that the facts alleged by the [plaintiffs] fail as a matter of law to satisfy the joint activity test

16  for state action under Section 1983."[2]  *Id.* at 1155.  Here, the nexus between private and state actors

17  is far weaker than that in *Womancare*, in that the Complaint alleges only a phone call to the local

18  police without any attempt by Soto to affect a citizen's arrest.  The subsequent "joint" activity

19  between Soto and the Emeryville police was where Soto informed the police that Ms. Slaughter

20  was not a suspect, and Ms. Slaughter was released as a result.  Rather than act jointly to deprive

21  Ms. Slaughter of a constitutional right, the Complaint asserts that Ms. Soto was responsible for Ms.

22  Slaughter's release from police custody.  Therefore, the first cause of action under Section 1983

23  against Soto must be dismissed with prejudice.

24         As with the first cause of action, Plaintiffs' third cause of action for a Section 1983 claim

25  against VSS fails to allege that VSS is a state actor whose actions were taken under color of law.

26

---

27  [2] Private parties may be held liable for § 1983 violations under a "joint action" theory where there is an alleged
conspiracy between the state actor and private citizen, or where there is a "substantial degree of cooperative action"

28  between the two.  *Collins*, 878 F.2d at 1154.

1   The Complaint does not allege that VSS "is clothed with the authority of state law" and misused its

2   state power to the detriment of Plaintiffs.  To the contrary, and again accepting the allegations as

3   true, Plaintiffs allege that VSS is a private entity (Complaint ¶ 10) and is therefore not liable for

4   state conduct pursuant to Section 1983.  Nor can the third cause of action be amended to state a

5   claim, as Section 1983 liability is imposed only on state actors operating under color of law, and

6   there is no amendment to the Complaint that will impose Section 1983 liability on a private

7   corporation under the facts of this case.  Accordingly, both the first and third causes of action must

8   be dismissed with prejudice.

9          **2.      Plaintiffs' Fifth Cause Of Action Under The California Tort Claims Act Should**

10                **Be Dismissed Because Defendants Are Not Public Entities.**

11         Plaintiffs' fifth cause of action alleges that VSS is liable, under a *respondeat superior*

12   theory of liability, for the alleged wrongful conduct of Claudia Soto pursuant to California

13   Government Code Section 815.2 (one section of the California Tort Claims Act).  (Complaint

14   ¶¶ 64, 66.)

15         Government Code Section 815.2 states that a "*public entity* is liable for injury proximately

16   caused by an act or omission of an employee of the *public entity* within the scope of his

17   employment."  Cal. Gov't. Code § 815.2(a), emphasis added.  VSS, however, is not a public entity,

18   and is not subject to liability under the California Tort Claims Act.  Again, Plaintiffs assert, on

19   information and belief, that "VICTORIA'S SECRET is a private entity . . . [doing] business

20   throughout the State of California."  (Complaint ¶ 10.)  Plaintiffs have alleged no facts that Soto

21   has assumed any role as a public employee or official of the state, such that VSS could be

22   vicariously liable for her actions.  *See, e.g., Townsend v. State of California*, 191 Cal.App.3d 1530,

23   1537 (1977) (student athlete of a public university who injured another athlete at a game was not a

24   public employee within meaning of Tort Claims Act); *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579,

25   588 (1979) (off-duty police officer employed as private security guard held to be performing

26   private rather than official duties while acting within the course and scope of his private

27   employment).  Thus, Plaintiffs cannot state a claim pursuant to the California Tort Claims Act

28   against VSS, and their fifth cause of action should be dismissed with prejudice.

**B.**    **Plaintiffs' Causes Of Action Asserting Violations of the California Civil Code Do Not State a Claim For Relief.**

    **1.**    **Plaintiffs' Eleventh Cause Of Action Fails to State a Claim That Defendants Violated California Civil Code Section 52.1(b) ("The Bane Act").**

Plaintiffs allege that Defendants Soto and VSS, acting in conjunction with the City of Emeryville and its Police Department and individual officers, violated Civil Code Section 52.1(b) (the "Bane Act") by interfering with their 1) right to be free from unreasonable search and seizure (Fourth Amendment); 2) right to due process and equal protection (Fourteenth Amendment); 3) right to privacy (California Constitution); 4) right of protection from bodily restraint ((Civil Code Section 43); 5) slander; and 6) right to freedom from violence (Civ. Code § 51.7). (Complaint ¶¶ 86-87.)

Civil Code Section 52.1(b) provides that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, *has been interfered with, or attempted to be interfered with, as described in subdivision (a),*" may prosecute a civil action. (Emphasis added.) Civil Code Section 52.1(a) requires that, for liability to attach under the statute, the offender must "interfere[] by *threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion . . .*" to deprive someone of his/her constitutional or statutory rights. (Emphasis added.) To establish a violation of the Bane Act, Plaintiffs must allege an attempted or completed act of interference with a legal right, accompanied by a form of coercion. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 881-83 (2007); *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998) (store customer could not sue store employees for alleged aggressive search and seizure, because only government or its agents could violate customer's rights against unreasonable search and seizure). The essence of a threat, intimidation or coercion under the Bane Act is that the defendant, by the specified improper means (i.e., threats, intimidation, or coercion), tried to or did prevent the plaintiffs from doing something he or she had the right to do under the law or force the plaintiff to do something that he or she was not required to do under the law. *Austin B.*, 149 Cal.App.4th at 883.

Plaintiffs do not allege a threat or act of intimidation, coercion or violence by Soto or VSS.

10

1   Plaintiffs alleged that Soto, and through her actions, VSS, called the police to report a theft and

2   provided details regarding the alleged suspects and their vehicles to the police.  Plaintiffs have not

3   alleged that Soto took <u>any</u> actions against Plaintiffs, much less any action that could be fairly

4   construed as intimidating, coercive or violent.  *See* Cal. Civ. Code § 52.1(j) (speech alone

5   insufficient to support a claim under statute unless speech itself threatens violence against a

6   specific person).  Accordingly, Plaintiffs' claim under the Bane Act against Defendants should be

7   dismissed.  At a minimum, Defendants seek a more definite statement that specifically sets forth

8   facts as to actions taken by Soto and VSS that constitute acts or threats of intimidation, coercion, or

9   violence against Plaintiffs.  Defendants are unable to determine from the face of the pleading what

10  they are alleged to have done in violation of the Bane Act, and consequently are unable to respond

11  to this cause of action without clarification of the claim or claims made against them.

12          **2.      Plaintiffs' Twelfth Cause Of Action Fails To State A Violation Of California**

13                   **Civil Code Section 51.7 ("The Ralph Civil Rights Act").**

14          In their twelfth cause of action, Plaintiffs assert that Defendants "violated Plaintiffs' right to

15  be free from violence or threat of violence or intimidation by threat of violence on the basis of

16  Plaintiffs' race or color," in violation of California Civil Code Section 51.7 (the "Ralph Civil

17  Rights Act").   (Complaint ¶ 90.)  The Ralph Civil Rights Act provides, in relevant part, that "[a]ll

18  persons . . . have the right to be free from any violence, or intimidation by threat of violence,

19  committed against their persons or property . . . on account of any characteristic listed or defined in

20  [Section 51 of the Civil Code]."  The Ralph Civil Rights Act is similar to the Bane Act, with the

21  exception that the alleged acts or threats of intimidation, coercion or violence must be predicated

22  on a statutorily protected characteristic, here, Plaintiffs' race.

23          As with the alleged Bane Act violation, Plaintiffs do not state a violation of the Ralph Civil

24  Rights Act by VSS or Soto in that they do not allege any act of violence or intimidation by threat of

25  violence *against their person or property*, as required by the plain words of the statute.  *See, e.g.,*

26  *Coon v. Joseph*, 192 Cal.App.3d 1269, 1277-78 (1987) (claim fails by person who was refused

27  entry to bus by bus driver and whose companion was harassed by bus driver, absent showing that

28  any violence or intimidation was committed or threatened against his person); *Egan v. Schmock*, 93

F.Supp.2d 1090, 1094 (N.D. Cal. 2000) (homeowners who claimed racially motivated harassment by neighbor failed to state a claim absent allegation of violence or intimidation by threat of violence).  The test for whether an action is considered intimidating or threatening is judged by a "reasonable person" standard, who, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendant and have perceived a threat of violence.  *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1289-1290 (9th Cir. 2001). Furthermore, this claim must be premised on an intentional act by the defendant.  *Ortland v. County of Tehama*, 939 F.Supp. 1465, 1470 (E.D. Cal. 1996).

For the same reasons that Plaintiffs' Bane Act violation fails to state a claim, the alleged Ralph Civil Rights Act violation fails as well.  Plaintiffs have simply alleged no action by Soto or VSS that constituted either an act of violence or intimidation by threat of violence, against their person or property, much less that Defendants took any action on account of Plaintiffs' race.  In fact, the Complaint alleges that Soto relied on another witness' (co-defendant Basfield) provision of a license plate number of the car carrying the alleged shoplifting suspects when she reported the incident to the police.  (Complaint, ¶ 35: "Defendant Soto's report to the police regarding Plaintiffs' involvement . . . was not based on Soto's personal knowledge.")  Since Soto was alleged not to have personal knowledge of Plaintiffs' involvement, it follows that she could not have implicated Plaintiffs based on their race, or made any threats against them because of their race.

The only exchange Plaintiffs had with Defendants, to the extent it can be described as such, was when Soto informed the Emeryville police officers at the field line-up that Ms. Slaughter was not the shoplifting suspect, whereupon Plaintiffs were immediately released.  Plaintiffs averred that they had not even frequented the VSS store at the Bay Street Mall on the day of the incident. (Complaint, ¶ 2.)  Plaintiffs have simply failed to allege any act or threats of violence committed by Defendants against them, and this claim should also be dismissed.

In the alternative, because the Complaint does not contain the short, simple statement of facts in support of the twelfth cause of action, Defendants request that Plaintiffs provide the necessary facts in support of this claim in a more definite statement should this claim not be dismissed with prejudice.

**C.    Plaintiffs' Common Law Tort Claims Fail To State A Legal Basis For Relief And Fail To Set Forth Facts Supporting the Claims.**

**1.    Plaintiffs' Eighth Cause Of Action Fails To State A Claim That Defendants Are Liable For Intentional Infliction Of Emotional Distress.**

Plaintiffs complain that Defendants' conduct (Plaintiffs do not specify what) was outrageous and was directed at Plaintiffs with the intent to injure them, or was in reckless disregard that Plaintiffs would suffer serious emotional distress. (Complaint ¶ 77.)

A *prima facie* case of intentional infliction of emotional distress is established by a showing of: 1) conduct that was extreme and outrageous; 2) defendants' intent to cause plaintiffs emotional harm, or actions made with reckless disregard that plaintiffs would suffer emotional harm; 3) severe emotional distress, and 4) actual and proximate causation, i.e. that defendants' conduct actually caused the severe emotional distress. *Cole v. Fair Oaks Fire Protection District*, 43 Cal.3d 148, 155 (1987); *Alcorn v. Anbro Eng., Inc.*, 2 Cal.3d 493, 497-99 (1970). To recover for intentional infliction of emotional distress, the defendant's actions must be "so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn*, 2 Cal.3d at 499.

The Complaint alleges that Claudia Soto reported the license plate number of Plaintiffs' car to the Emeryville Police Department, a plate number that she received from co-defendant Melissa Basfield. (Complaint ¶¶ 35-36.) The Complaint further alleges that Basfield saw the alleged shoplifting suspect leave the scene of the crime in Plaintiffs' car. (Complaint, ¶ 36.) The Complaint does not assert the facts necessary to support the required elements of a claim for intentional infliction of emotional distress. Plaintiffs' claim contains no facts alleging outrageous conduct, or indeed, any conduct by Soto *directed at* Plaintiffs. Similarly, the element of intent is, and must remain, absent. Far from asserting that Soto acted with an intent to cause emotional harm, the Complaint alleges that when asked to identify Plaintiffs, Soto informed the police officers that Plaintiffs were not involved in any illegal incident at the Victoria's Secret store. (Complaint ¶ 34.) Plaintiffs' allegations rest on the fact that Soto did not know who Plaintiffs were, and hence cannot be construed to support an intent to cause Plaintiffs injury. The Complaint

1  cannot be amended to show the contrary, namely that Soto acted with intent to cause Plaintiffs

2  harm or a reckless disregard that Plaintiffs, persons unknown to her, would be harmed.

3        As with Soto, Plaintiffs also fail to allege any facts supporting their claim for intentional

4  infliction of emotional distress against VSS.  Plaintiffs allege that VSS, in addition to any alleged

5  *respondeat superior* liability, did not have surveillance cameras, or private security personnel, and

6  prohibited employees from detaining individuals suspected of property crimes (Complaint ¶ 37).

7  These allegations, however, are not alleged in support of the intentional infliction of emotional

8  distress claim, and Defendants are left to speculate as to whether Plaintiffs assert that lack of

9  surveillance cameras and private security guards equate to outrageous conduct intended to cause

10  emotional distress, or whether the claim against VSS is predicated on a *respondeat superior* theory

11  of liability based on Soto's conduct.  Regardless, neither set of facts could properly support a claim

12  for intentional infliction of emotional distress.

13        The Complaint fails to allege facts sufficient to support a claim for intentional infliction of

14  emotional distress against Soto and VSS and should be dismissed as to these defendants.  To the

15  extent Plaintiffs are given the opportunity to amend the Complaint to assert a claim for intentional

16  infliction of emotional distress, Defendants request that Plaintiffs file a more definite statement as

17  to this claim to supply the facts necessary to support the claim.  *See Anderson v. Dist. Bd. Of*

18  *Trustees of Central Florida Comm. College*, 77 F.3d 364, 367 (11th Cir. 1996).

19        **2.**    **Plaintiffs' Ninth Cause Of Action Fails To State A Claim Of Invasion Of**

20             **Privacy.**

21        As with the eighth cause of action, Plaintiffs' ninth cause of action incorporates generally

22  all previous allegations.  Plaintiffs then assert, with no specific factual allegations, that Defendants

23  violated their constitutional privacy rights by intruding on their "solitude, seclusion, private affairs

24  or concerns in a manner that was highly offensive …by falsely accusing Plaintiffs of criminal

25  conduct."  (Complaint ¶ 80.)

26        To establish a *prima facie* case of invasion of privacy, Plaintiffs must set forth each of the

27  following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy as to the

28  interests invaded under the circumstances; and (3) conduct by defendant constituting a serious

14

1 | invasion of privacy. *Hill v. Nat'l Collegiate Athletic Assoc.*, 7 Cal.4th 1, 35-37, 40 (1994).

2 |       Courts generally recognize two broad classes of privacy interests that merit protection: (1)

3 | interest in precluding the dissemination/misuse of sensitive and confidential information

4 | ("informational privacy"); and (2) interest in making intimate personal decisions or conducting

5 | personal activities without observation, intrusion or interference ("autonomy privacy"). *Hill*, 7

6 | Cal.4th at 35. In other words, Plaintiffs must show that Defendants "penetrated some zone of

7 | physical or sensory privacy" surrounding Plaintiffs, or "obtained unwarranted access to data" about

8 | Plaintiffs, as to which they had a reasonable expectation of privacy. *Shulman v. Group W. Prod.,*

9 | *Inc.*, 18 Cal.4th 200, 232 (1998).

10 |       Plaintiffs' Complaint fails to set forth any facts supporting this claim as to Defendants Soto

11 | and VSS. The Complaint does not set forth facts stating what legally protected privacy interest

12 | Plaintiffs held, and what conduct by Defendants created a serious invasion of that interest.

13 | Plaintiffs assert only that Soto gave the license plate number of their car, provided to her by an

14 | eyewitness (co-defendant Basfield), to the Emeryville Police Department. Plaintiffs' claim does

15 | not, and cannot, assert a reasonable expectation in the privacy of their vehicle license plate, which

16 | is a publicly displayed part of their vehicle.

17 |       Plaintiffs cannot establish that Defendants violated either their informational or autonomy

18 | privacy rights. They allege no facts that Defendants disseminated or misused any sensitive or

19 | confidential information about them to any third party.

20 |       Defendants acted well within their rights to protect the interests of VSS by reporting a theft

21 | in progress to the police, using information supplied by other eyewitnesses. They have not

22 | engaged in any "invasion" that constitutes "an egregious breach of the social norms underlying the

23 | privacy right." *Hill*, 7 Cal.4th at 37. In short, there is nothing offensive or intrusive about

24 | Defendants' conduct, and Plaintiffs' claim for invasion of privacy fails as a matter of law. In any

25 | event, Plaintiffs' claim for invasion of privacy is premised on the same facts substantiating their

26 | slander claim, *i.e.*, that Plaintiffs were falsely accused of criminal activity. California's Uniform

27 | Single Publication Act specifies that a plaintiff is not entitled to proceed with more than one cause

28 | of action for damages for slander, invasion of privacy, or any other tort founded upon any single

15

1 publication, exhibition or utterance.  Cal. Civ. Code § 3425.3.  Plaintiffs' claim for invasion of

2 privacy should therefore be dismissed with prejudice.

3       Alternatively, Defendants request that Plaintiffs provide a more definite statement of this

4 claim, and provide the simple statement of facts required by FRCP 8(a) so that Defendants may

5 form a responsive pleading.  As pled, Defendants cannot respond because the Complaint is vague

6 and ambiguous, and Defendants can only speculate both as to what conduct they are alleged to

7 have taken that caused a serious invasion of Plaintiffs' legally protected privacy interest, and what

8 legally protected privacy interest they are accused of invading.

9       **3.**    **Plaintiffs' Tenth Cause Of Action Fails To State A Claim Of Slander Per Se.**

10       Plaintiffs allege that Defendants "falsely and without lawful privilege accused Plaintiffs of

11 being involved in criminal activity," in violation of California Civil Code § 46.  (Complaint ¶ 83.)

12 As an initial matter, there is no allegation that Defendants made any defamatory remarks

13 concerning Plaintiffs Kristina and Mitchell Slaughter as individuals.  Even if Plaintiffs are able to

14 show that the remarks pertaining to Plaintiffs' license plate number are tantamount to accusing

15 Plaintiffs of "being involved in criminal activity," which Defendants dispute, Plaintiffs' tenth cause

16 of action fails because the alleged publication was absolutely privileged.

17       To establish a claim for slander, Plaintiffs must prove the following: (1) a false and

18 unprivileged statement of fact, (2) the statement was published to someone other than Plaintiffs,

19 and (3) the statement injures Plaintiffs' reputation or tends to injure the Plaintiffs in their

20 occupation.  Cal. Civ. Code § 46; *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999).  Slander is

21 defamatory per se pursuant to Civil Code § 46 if the statement charges any person with a crime, or

22 with having been indicted, convicted, or punished for a crime.  *See Clay v. Lagiss*, 143 Cal.App.3d

23 441, 448 (1956) (charge of theft may support a claim for slander per se).  However, except as

24 excluded by statute, communications made "in any other official proceeding authorized by law" are

25 absolutely privileged.  Cal. Civ. Code § 47(b)(3).  In particular, reports of criminal misconduct to

26 law enforcement authorities have been held to fall squarely within this privilege.  *See Williams v.*

27 *Taylor*, 129 Cal.App.3d 745, 753 (1982) (report to police department concerning suspected

28 criminal activity to be within absolute privilege accorded official proceedings); *Hunsucker v.*

1  *Sunnyvale Hilton Inn*, 23 Cal.App.4[th] 1498, 1502 (1994) (motel owner's report to police that

2  woman with gun was seen in plaintiff's room was absolutely privileged); *Passman v. Torkan*, 34

3  Cal.App.4[th] 607, 616 (1995) (communications designed to prompt criminal prosecution directed to

4  official governmental agency empowered to commence criminal prosecutions are absolutely

5  privileged); *Hagberg v. California Federal Bank*, 32 Cal.4[th] 350, 364 (2004) (claim that defendant

6  bank falsely reported to police that she had attempted to cash invalid check held to be absolutely

7  privileged).

8          The Complaint only alleges that Defendants, in apparent misplaced reliance on another

9  eyewitness' report, implicated Plaintiffs in a crime they did not commit by providing the

10  Emeryville Police Department with Plaintiffs' vehicle license plate number.  (Complaint, ¶¶ 34-

11  35.)  California courts, including the California Supreme Court, have overwhelmingly held that

12  reports of suspected criminal activity to the police are absolutely privileged under Civil Code §

13  47(b).  Thus, Plaintiffs' claim for slander per se fails as a matter of law and must be dismissed.

14          In the event that Plaintiffs' slander claim is not dismissed without prejudice, Defendants

15  request that Plaintiffs file a more definite statement to allege specific facts to support this claim.

16      **4.      Plaintiffs Thirteenth Cause Of Action Fails To State A Claim Of Negligence Or**

17              **Negligence Per Se.**

18          Plaintiffs' final cause of action alleges that Defendants owed them a duty of care and were

19  negligent because they: 1) conducted unlawful detentions and arrests; 2) violated Plaintiffs' rights

20  to equal protection of the laws and due process of law; 3) violated Plaintiffs' right to be free from

21  bodily harm or restraint, personal insult and defamation; and 4) failed to adequately train and

22  supervise employees.  (Complaint ¶¶ 93-94.)

23          As an initial matter, Defendants cannot be liable for conducting an unlawful detention or

24  arrest, or for violating Plaintiffs' constitutional rights because Defendants 1) are not alleged to have

25  detained or arrested Plaintiffs, or to have had the authority to do so; and 2) Defendants are not

26  government actors capable of invading constitutional rights.

27          To properly plead a cause of action for negligence, Plaintiffs must set forth facts to show: 1)

28  Defendants had a legal duty to conform to a standard of conduct to protect Plaintiffs; 2) Defendants

17

1  failed to meet this standard of conduct; 3) Defendants' failure was the proximate or legal cause of

2  the resulting injury; and 4) Plaintiffs were damaged. *Ladd v. County of San Mateo*, 12 Cal. 4th

3  913, 917 (1996). Negligence per se, or statutory negligence, sets the conduct proscribed by a

4  statute as the standard of care. *See Sagadin v. Ripper*, 175 Cal.App.3d 1141, 1164 (1985); Cal.

5  Evid. Code § 669 (negligence per se requires violation of a statute, ordinance or regulation; that the

6  violation proximately caused death or injury; and the death or injury resulted from an occurrence of

7  the nature which the statute, ordinance or regulation was designed to prevent). Plaintiffs

8  presumably maintain that the standard of care is California Civil Code Section 43, stating in

9  pertinent part that "every person has . . . the right of protection from bodily restraint or harm, from

10  personal insult, from defamation, and from injury to his personal relations." The iteration of

11  "general personal rights" under Civil Code Section 43 does not establish any specific standard of

12  care to prevent a specific type of harm, or to protect a specific class of persons who are the

13  intended beneficiaries of the statute. This cause of action is subject to dismissal because it does

14  not, and cannot, set forth facts sufficient to support a negligence or negligence per se claim.

15      Moreover, Defendants did not breach any duty of care owed to Plaintiffs. "Legal duty" of

16  care may be of two general types: (1) the duty of a person to use ordinary care in activities from

17  which harm might reasonably be anticipated; or (2) an affirmative duty where the person occupies a

18  particular relationship to others. In the former, a defendant is not liable unless he or she is actively

19  careless; in the latter, the person may be liable for failure to act. *McGettigan v. Bay Area Rapid*

20  *Transit*, 57 Cal.App.4th 1011, 1017 (1997). Plaintiffs, in their own Complaint, assert that they were

21  not customers of VSS and did not patronize the VSS store at the Bay Street Mall store on the day

22  the alleged incident took place. Hence, there is no special relationship that would require

23  Defendants to affirmatively engage in any preventive activity to protect Plaintiffs from harm (*e.g.*,

24  by having a surveillance camera or security personnel stationed inside the store or making attempts

25  to apprehend suspected shoplifters by store personnel). The inquiry, therefore, must be whether

26  Defendants failed to use ordinary care in its conduct towards Plaintiffs such that the harm to

27  Plaintiffs was foreseeable. *See Ballard v. Uribe*, 41 Cal.3d 564, 572 (1986). Additionally, the

28  question of foreseeability must be determined based on whether defendant's negligence was a

1    proximate or legal cause of Plaintiffs' injury. *Id.* at 573.

2         Based on Plaintiffs' own allegations, they cannot show that Defendants failed to use due

3    care by relying on another eyewitness to supply identifying information pertaining to the criminal

4    suspects, *viz,* a license plate number to the car containing the suspects fleeing the scene of the

5    crime.  Moreover, Plaintiffs allege that it was Basfield who supplied the information that ultimately

6    caused Plaintiffs' alleged unlawful detention and arrest – not Defendants.  As a result, Defendants

7    did not proximately cause Plaintiffs' injuries.

8         Moreover, Defendants cannot be held to have violated any standard of care asserted by

9    statute such that a claim for negligence per se is valid.  The Complaint asserts only that Soto

10   reported a license plate number, given to her by a third party, to the Emeryville Police Department.

11   On the face of the pleadings, Plaintiffs cannot assert that Defendant Soto, and vicariously VSS,

12   defamed Plaintiffs or otherwise breached any standard of conduct under Civil Code Section 43 by

13   providing the police with Plaintiffs' license plate number.  *See* III(C)(3), *supra.*  Plaintiffs failed to

14   allege any facts supporting their claim that VSS was negligent in failing to properly train and

15   supervise its employees based on Soto's actions.

16        In the event, however, that Plaintiffs' thirteenth cause of action is maintained, Defendants

17   seek a more definite statement of the facts supporting the claim made against them so that they may

18   frame a response.  In particular, Defendants must be informed as to what conduct on their part

19   constitutes detention or arrest, what duty of care they are alleged to have owed and violated, how

20   they failed to adequately train or supervise their employees, and how Defendants Soto and VSS

21   violated Plaintiffs' rights to due process and equal protection.  As above, the Complaint relies

22   merely upon the inclusion of earlier allegations, and fails to provide Defendants with facts

23   supporting a claim of negligence or negligence per se.

24                          **IV.  <u>CONCLUSION</u>**

25        The Complaint is fatally flawed.  The first, third and fifth causes of action comprise of

26   claims that may be asserted only against state actors and public entities, and therefore must be

27   dismissed as to private employers and their employees.  The eleventh and twelfth causes of action,

28   raising claimed violations of the Bane Act and the Ralph Civil Rights Act, fail to allege acts or

1  threats of violence, intimidation or coercion by Defendants.  The common law tort claims for

2  intentional infliction of emotional distress, invasion of privacy, negligence/negligence per se, and

3  defamation do not contain the legal and factual support necessary to maintain liability by

4  Defendants. The tenth cause of action under Civil Code § 46 for slander per se fails because

5  Defendants' statement was absolutely privileged under Civil Code § 47(b) as a report made in an

6  official proceeding authorized by law.  The eighth cause of action for intentional infliction of

7  emotional distress fails because Defendants did not engage in any extreme or outrageous conduct

8  with the intent to injure Plaintiffs.  The ninth cause of action for invasion of privacy fails because

9  Plaintiffs fail to allege that Defendants committed any acts that constituted an impermissible

10  intrusion into an area upon which Plaintiffs had a reasonable expectation of privacy.  Finally,  the

11  thirteenth cause of action for negligence and negligence per se fails because Plaintiffs failed to

12  allege the breach of any duty owed by Defendants to Plaintiffs that proximately caused their

13  injuries.

14      Consequently, Defendants request that, pursuant to FRCP 12(b)(6), this Court dismiss all

15  claims against them with prejudice, for failure to state a claim upon which relief may be granted.

16  To the extent that any claims are not dismissed, Defendants request that Plaintiffs be ordered to

17  provide a more definite statement pursuant to FRCP 12(e) to enable Defendants to draft a

18  responsive pleading without resorting to speculation as to the allegations made against them.

19                    Respectfully submitted,

20  DATE:  May 5, 2008          CARLTON DiSANTE & FREUDENBERGER LLP
                                Alison L. Tsao
21                              Nancy G. Berner

22

23                              By:_____/s/ - Alison L. Tsao_____
                                            Alison L. Tsao
24                              Attorneys for Defendants
                                VICTORIA'S SECRET STORES, LLC and CLAUDIA
25                              SOTO

26

27

28

                                    Case No.  C08-01552 PJH
                                    DEFS' MTN TO DISMISS OR FOR A MORE
                                    DEFINITE STATEMENT