1  JIVAKA CANDAPPA, (SBN 225919)
2  46 Shattuck Square, # 15
   Berkeley, CA 94704
3  Telephone: (510) 981-1808
   Facsimile: (510) 981-1817
4

5  Attorney for Plaintiffs KRISTINA ENNIX SLAUGHTER
   and MITCHELL SLAUGHTER
6

7              UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 KRISTINA ENNIX SLAUGHTER and        )  Case No.: C 08-01552 PJH
   MITCHELL SLAUGHTER,                  )
11                                      )
                                        )
12         Plaintiffs,                  )  **PLAINTIFFS' OPPOSITION TO THE**
                                        )  **RULE 12(b)(6) MOTION TO DISMISS**
13         vs.                          )  **FILED BY DEFENDANTS**
                                        )  **ABERCROMBIE & FITCH AND**
14 CITY OF EMERYVILLE, EMERYVILLE       )  **MELISSA BASFIELD**
   POLICE DEPARTMENT, E. WHITE (#307)   )
15 and S. ANDRETICH (#339), individually and )
   in their official capacities; VICTORIA'S )  DATE:  June 4, 2008
16 SECRET, CLAUDIA SOTO,                )  TIME:  9:00 a.m.
   ABERCROMBIE & FITCH, and MELISSA     )  CTRM: 3, 17th Floor
17 BASFIELD,                            )  JUDGE: Hon. Phyllis J. Hamilton
                                        )
18                                      )
           Defendants.                  )
19 _____     )

20

21              I.    INTRODUCTION

22         Defendants Abercrombie & Fitch and Melissa Basfield's motion to dismiss pursuant to

23 Rule 12(b)(6) of the Rules of Civil Procedure is brought on the grounds that Plaintiffs'

24 complaint fails to state a claim upon which relief can be granted.  It is settled law that a

25 complaint filed in federal court is subject to the liberal notice pleading standard.  Under the

26 notice pleading standard, a plaintiff is not required to state a claim with particularity.  All that is

27 required is a brief statement of facts and theories of recovery so as to provide fair notice to a

28 defendant.  Plaintiffs' complaint meets the required pleading standard.

---

**PLAINTIFFS' OPP. TO ABERCROMBIE**          *Slaughter v. City of Emeryville et al.*
**& FITCH AND BASFIELD'S MOT.**              **C 08-01552 PJH**
**TO DISMISS**

1   Defendants, in moving for dismissal, argue that they cannot be held liable as a matter of

2   law because Defendant Basfield did not request Plaintiffs' arrest, or detain and arrest Plaintiffs.

3   Nonetheless, Defendants' conduct was a substantial factor in Plaintiffs' unlawful detention and

4   arrest because Defendants falsely accused Plaintiffs of criminal conduct and identified

5   Plaintiffs' truck as the getaway vehicle.

6   The Court should deny Defendants' motion to dismiss.

7   ## II.    ARGUMENT

8   "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely

9   granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997); *Rodriguez v.*

10  *California Highway Patrol*, 89 F. Supp. 2d 1131, 1143 (N.D. Cal. 2000). In ruling on a Rule

11  12(b)(6) motion, the court must consider the complaint in the light most favorable to the

12  plaintiff, accept all well-pleaded factual allegations, and determine whether the plaintiff can

13  prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual*

14  *Insurance Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). The issue is not whether plaintiff will

15  prevail but whether plaintiff is entitled to offer evidence to support the claims. *Hydrick v.*

16  *Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). Thus, a "suit should not be dismissed if it is

17  possible to hypothesize facts, consistent with the complaint that would make out a claim."

18  *Hearn v. R.J. Reynolds Tobacco Co*., 279 F. Supp. 2d 1096, 1101 (D. Ariz. 2003).

19  Here, the Court should deny Defendants' motion to dismiss because the factual

20  allegations in Plaintiffs' complaint state a claim for relief for intentional infliction of emotional

21  distress, invasion of privacy, slander, negligence, and under a theory of respondeat superior.

22  **A.    Plaintiffs have Stated a Viable Cause of Action for Intentional Infliction of**
    **Emotional Distress because Defendants' Conduct was Outrageous and**
23  **Made with Reckless Disregard of the Probability of Causing Harm to**
    **Plaintiffs.**
24

25  Defendants argue that Plaintiffs failed to allege facts showing outrageous conduct, intent

26  and causation. (Defs' Opp. at 4: 22-23.) The elements of a claim for intentional infliction of

27  emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention

28  of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

---

**PLAINTIFFS' OPP. TO ABERCROMBIE**          *Slaughter v. City of Emeryville et al.*
**& FITCH AND BASFIELD'S MOT.**              **C 08-01552 PJH**
**TO DISMISS**

1    plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate

2    causation of the emotional distress by the defendant's outrageous conduct." *Cervantez v. J.C.*

3    *Penney Co.*, 24 Cal. 3d 579, 593 (1979).

4         Behavior may be considered outrageous if a defendant acts intentionally or unreasonably

5    with the recognition that the acts are likely to result in mental distress. *Bartling v. Glendale*

6    *Adventist Med. Center,* 184 Cal.App.3d 961, 965 (1986); s*ee also Cervantez,* 24 Cal. 3d at 592

7    ("it is a serious matter to accuse someone of committing a crime and to arrest him without the

8    protection of the warrant process").  And, reckless disregard can be proven circumstantially by

9    inference from the conduct of the actor.  *Katsaris v. Cook*, 180 Cal.App.3d 256, 268 (1986).

10   Thus, a claim for intentional infliction of emotional distress claim may lie when a defendant

11   acts "either with knowledge that plaintiff had not committed any offense or with reckless

12   disregard of whether he had or not."  *Cervantez*, 24 Cal.3d at 593-94.

13        Here, Defendant Basfield, an employee of Abercrombie & Fitch, falsely accused

14   Plaintiffs of being involved in criminal activity.  (Complaint ¶¶ 35-36.)  Defendant Basfield,

15   saw a black female walk past her carrying a bag and on seeing Defendant Soto behind the black

16   female assumed that the black female was a shoplifter.  (Complaint ¶ 36.)  Defendant Basfield

17   followed the black female and thereafter informed Defendant Soto that the shoplifter left the

18   scene of the crime in Plaintiffs' vehicle.  (Complaint ¶ 36.)  Consequently, Plaintiffs' were

19   detained and arrested at gun point by officers of the Emeryville Police Department.  (Complaint

20   ¶¶ 24-34.)

21        Defendant Basfield knew or should have known that in identifying Plaintiffs' truck as

22   the getaway vehicle that Plaintiffs would be subject to detention and arrest for the crime of

23   shoplifting.  *See Cervantez*, 24 Cal.3d at 592.  Defendant Basfield's conduct was outrageous

24   and made with reckless disregard of the probability of causing harm to Plaintiffs.

25        The Court should deny Defendants' motion to dismiss Plaintiffs' cause of action for

26   intentional infliction of emotional distress.

27   / . / . /

28   / . / . /

PLAINTIFFS' OPP. TO ABERCROMBIE          *Slaughter v. City of Emeryville et al.*
& FITCH AND BASFIELD'S MOT.               C 08-01552 PJH
TO DISMISS

**B.    The Court should Deny Defendants' Motion to Dismiss Plaintiffs' Ninth Cause of Action because Defendants' Conduct Resulted in the Invasion of Plaintiffs' Privacy.**

"California accords privacy the constitutional status of an 'inalienable right' on par with defending life and possessing property." *Vinson v. Sup. Ct. of Alameda (Peralta Community College Dist.)*, 43 Cal. 3d 833, 841 (1987) (citing Cal. Const. art I, § 1, *White v. Davis*, 13 Cal. 3d 757 (1975)).  An intentional intrusion upon the solitude, seclusion, private affairs or concerns of another would give rise to an invasion of privacy claim if such intrusion would be highly offensive to a reasonable person.  *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 231 (1998).

A plaintiff may prove the element of intrusion by showing that defendant penetrated some zone of physical or sensory privacy surrounding the plaintiff.  *Shulman*, 18 Cal. 4th at 232.  For instance, an unreasonably intrusive investigation would violate a plaintiff's right to privacy.  *Noble v. Sears Roebuck & Co.*, 33 Cal.App.3d 654, 660 (1973).  In determining whether the intrusion would be highly offensive to a reasonable person, the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion, the intruder's motives and objectives, the setting into which he or she intrudes, and the expectation of those whose privacy is invaded are factors to be considered.  *Miller v. National Broadcasting Co.*, 187 Cal.App.3d 1463, 1483-84 (1986).

Here, Plaintiffs' privacy was invaded when they were detained and arrested at gun point by officers of the Emeryville Police Department.  Plaintiffs' detention and arrest was caused in part by the conduct of Defendant Basfield who falsely accused Plaintiffs of shoplifting. (Complaint ¶¶ 35-36.)  Further, Defendant Basfield knew that in identifying Plaintiffs' vehicle as the getaway vehicle and passing on such false information to Defendant Soto that Plaintiffs would likely be subject to detention and arrest by law enforcement personnel.  (Complaint ¶¶ 35-36.)  Contrary to Defendant's suggestion, Defendant Basfield's conduct went beyond mere observation of an "African American female outside a Victoria's Secret store – i.e., in a public place [ ]."  (Defs' Opp. at 5:9-11.)  Defendant Basfield's conduct was intended to ensure

1  Plaintiffs' arrest for the crime of shoplifting even though Defendant Basfield knew that she did

2  not have a factual basis to suspect Plaintiffs of criminal conduct.

3      Accordingly, Defendants' motion to dismiss Plaintiffs' cause for action for invasion of

4  privacy should be denied.

5  **C.    Defendants Committed Slander by Falsely Accusing Plaintiffs of Criminal**
   **Conduct.**

6

7      Defendants' argue for dismissal of the slander cause of action on the basis that Plaintiffs

8  did not allege that Defendant Basfield made a false communication.  (Defs' Opp. at 5:18-19.)

9  Defendants appear to have overlooked key allegations in Plaintiffs' complaint.

10     Slander is a false and unprivileged publication which, *inter alia*, charges that a person

11 has committed a crime.  Cal. Civ. Code § 46.  To maintain a cause of action for slander, the

12 publication must be orally uttered and disseminated to someone other than the person defamed.

13 Cal. Civ. Code § 46, *Cunningham v. Simpson*, 1 Cal.3d 301, 306-07 (1969) (utterance to a

14 single person constitutes publication).  And, the publication must contain a false statement of

15 fact.  Cal. Civ. Code § 46.  Finally, the complaint is sufficient if it generally alleges that

16 defamatory words were spoken about plaintiff.  Cal. Civ Proc. Code § 460.

17     Here, the complaint alleges that Defendant Basfield informed Defendant Soto that

18 Plaintiffs were involved in shoplifting and that Plaintiffs' truck was the getaway vehicle.

19 (Complaint ¶¶ 35-36, 83.)  Defendant Basfield's statements to Defendant Soto were false in that

20 Defendant Basfield did not have a factual basis to accuse Plaintiffs of criminal conduct or to

21 even imply that Plaintiffs were in some way involved in shoplifting at Victoria's Secret.

22 (Complaint ¶¶ 32-36, 83.)

23     Defendants' conduct was slanderous per se and in violation of section 46 of the

24 California Civil Code.

25 **D.    Defendants' Negligence was a Substantial Factor in Plaintiffs' Detention**
   **and Arrest for Shoplifting.**

26

27     Defendants move for dismissal of Plaintiffs' negligence cause of action on the basis that

28 the breaches of duty alleged by Plaintiffs have little or nothing to do with Defendants.  (Defs'

---

1  Opp. at 5-6.)  The elements of a negligence cause of action are legal duty to use due care,

2  breach of that duty, causal connection between the breach and the plaintiff's injury, and actual

3  loss or damage to the plaintiff.  *Burgess v. Sup. Ct.*, 2 Cal.4th 1064, 1072 (1992); A*hern v.*

4  *Dillenback*, 1 Cal.App.4th 36, 42 (1991).

5       Here, Plaintiffs had a legal right not to be defamed or subject to bodily restraint or harm.

6  (Complaint at 16:20-22.)  Defendants Abercrombie & Fitch and Basfield breached the

7  corresponding duty of care owed to Plaintiffs by accusing Plaintiffs of criminal activity and

8  causing Plaintiffs' detention and arrest by identifying Plaintiffs' truck as the getaway vehicle.

9  (Complaint ¶¶ 35-36.)[1]

10      Accordingly, Defendants' motion to dismiss Plaintiffs' negligence cause of action

11  should be denied.

12      **E.      Plaintiffs' Fifth Cause of Action Includes Government Code Section 815.2
             and Respondeat Superior Liability.**

13

14      Defendant Abercrombie & Fitch moves for dismissal of Plaintiffs' Fifth Cause of Action

15  on the basis that it is not a public entity.  Plaintiffs concede that Abercrombie & Fitch is not a

16  public entity.  (Complaint ¶ 14.)  However, Plaintiffs' Fifth Cause of Action alleges liability

17  under both section 815.2 of the California Government Code and a theory of respondeat

18  superior.  (Complaint, Fifth Cause of Action, at 12.)  Further, Plaintiffs have alleged that

19  Defendant Basfield's acts and omissions occurred in the course of her employment with

20  Defendant Abercrombie & Fitch.  (Complaint ¶ 67.)

21      Accordingly, Defendant Abercrombie & Fitch's motion to dismiss Plaintiffs' Fifth

22  Cause Action-respondeat superior liability-should be denied.

23  / . / . /

24  / . / . /

25  _____

26  [1]  Plaintiffs' negligence cause of action against Defendant Abercrombie & Fitch on the basis of

27  negligent hiring, training and supervision does not require additional factual allegations in
    support because the complaint states that Defendant Basfield was acting within the scope of her

28  employment with Abercrombie & Fitch.  (Complaint ¶¶ 15-16, 94.)

**PLAINTIFFS' OPP. TO ABERCROMBIE**          *Slaughter v. City of Emeryville et al.*
**& FITCH AND BASFIELD'S MOT.**              **C 08-01552 PJH**
**TO DISMISS**

1

2

**F.    Plaintiffs Request Leave to Amend should the Court Sustain Defendants' Motion in Whole or in Part.**

3

Leave to amend "shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a);

4

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Accordingly, Plaintiffs request

5

the opportunity to cure any deficiencies in the pleading should the Court sustain Defendants'

6

motion to dismiss in whole or in part.

7

### III.    CONCLUSION

8

Based on the foregoing Points and Authorities, Plaintiffs respectfully request this Court

9

to deny Defendants' Motion to Dismiss.

10

Dated: May 14, 2008                     Respectfully Submitted

11

/s/ Jivaka Candappa

12

Jivaka Candappa, Attorney for Plaintiffs
KRISTINA ENNIX SLAUGHTER

13

and MITCHELL SLAUGHTER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OPP. TO ABERCROMBIE**          *Slaughter v. City of Emeryville et al.*
**& FITCH AND BASFIELD'S MOT.**               **C 08-01552 PJH**
**TO DISMISS**