JAMES A. LASSART (SBN 40913)
ADRIAN G. DRISCOLL (SBN 95468)
SPENCER C. MARTINEZ (SBN 206337)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301

Attorneys for Defendants
ABERCROMBIE & FITCH and MELISSA BASFIELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA ENNIX SLAUGHTER and MITCHELL SLAUGHTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT, E. WHITE (#307) and S. ANDRETICH (#339), individually and in their official capacities; VICTORIA'S SECRET, CLAUDIA SOTO, ABERCROMBIE & FITCH, and MELISSA BASFIELD,<br><br>Defendants. | CASE NO. C08-01552-PJH<br><br>**DEFENDANTS ABERCROMBIE & FITCH AND MELISSA BASFIELD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>DATE: June 4, 2008<br>TIME: 9:00 a.m.<br>COURTROOM: 3, 17th Floor<br>JUDGE: Hon. Phyllis J. Hamilton |

## I. INTRODUCTION

Plaintiffs correctly note that a "liberal notice pleading standard" applies to motions to dismiss, but even under notice pleading a plaintiff must plead facts sufficient to state a claim. Plaintiffs' Complaint as it pertains to Basfield and Abercrombie includes no such facts. Accepting Plaintiffs' allegations as true, Basfield observed an individual get into Plaintiffs' vehicle and advised defendant Claudia Soto of what she saw. *Soto* thereafter made a report to police that Plaintiffs had committed a crime, and still other defendants effected the arrest that is the basis of this lawsuit.

Plaintiffs' opposition is replete with mischaracterizations of their Complaint and

unfounded conclusions which should not distract this Court. The *Complaint* alleges no wrongdoing by Basfield or by Abercrombie, and this motion should be granted in full without leave to amend.

## II.   ARGUMENT

It is worth repeating that a Rule 12(B)(6) Motion to Dismiss concerns the allegations *in the complaint*, as well as *reasonable* inferences that can be drawn from them. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Plaintiffs' Complaint alleges that Basfield advised defendant Soto that the individual Soto was walking behind (an African American female) entered Plaintiffs' car, and that Basfield purportedly "assumed" she was a shoplifter. (Complaint at ¶ 36.) That is all.

### A.   Intentional Infliction Of Emotional Distress—Eighth Cause Of Action

Plaintiffs do not allege facts sufficient to state a claim for intentional infliction of emotional distress. In their opposition, Plaintiffs blatantly misrepresent their own allegations in effort to state a claim, such as by arguing that Basfield "falsely accused" them of being involved in criminal activity (Opp. at 3:13-14). The Complaint is contrary: Plaintiffs do not allege in their Complaint that Basfield "accused" them of anything. They do not allege that Basfield identified their car as a "getaway vehicle." (Cf. Opp. at 3:21-22). Accepting the truth of Plaintiffs' allegations, the "false accusation" was made by defendant *Soto*, based on events that she (Soto) previously witnessed at the Victoria's Secret store where she was employed. (Complaint at ¶¶ 35, 38.)

Basfield's identification of Plaintiffs' vehicle to Soto is not "extreme or outrageous conduct." No *reasonable* inference from Plaintiffs' allegations supports Plaintiffs' claim that Basfield intended to cause Plaintiffs severe emotional distress, or that her identification of Plaintiffs' vehicle was the actual and legal cause of Plaintiffs' harm. See Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991) (elements of actionable claim for emotional distress). Soto made the alleged false report. Other than communicating with Soto, Basfield did nothing.[1]

---

[1] Accepting Plaintiffs' logic, Basfield and Abercrombie would be liable for *any* report Soto made to police regarding Plaintiffs simply because Basfield identified Plaintiffs' vehicle to Soto. This is not the law.

RC1/5122345.1/SCM                              - 2 -                        REPLY TO OPPOSITION TO MOTION TO
                                                                                   DISMISS C08-01552-EMC

B. **Basfield Did Not Invade Plaintiffs' Privacy—Ninth Cause Of Action**

Plaintiffs are correct that actionable invasion of privacy exists when a defendant "penetrate[s] some zone of physical or sensory privacy surrounding the plaintiff," such as by "an unreasonably intrusive investigation." See Shulman v. Group W. Prod., Inc., 18 Cal.4th 200, 232 (1998) (categories of actionable invasion of privacy). The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source. Ibid.

On the face of Plaintiffs' Complaint, Basfield and Abercrombie committed no such act. (Complaint at ¶ 36).

Plaintiffs had no privacy interest in the identity of their vehicle, and Basfield committed no "unreasonable intrusion" into Plaintiffs' private affairs by describing Plaintiffs' vehicle to defendant Soto. Plaintiffs' argument that these defendants can still be liable because Basfield "intended to ensure Plaintiffs' arrest" is not supported by the Complaint nor any reasonable inference therefrom, and would not constitute actionable "invasion of privacy" by Basfield in any event.

C. **Plaintiffs' Complaint Does Not Allege Any "Slander" By Basfield—Tenth Cause Of Action**

In their opposition as it pertains to this cause of action, Plaintiffs again misrepresent their Complaint. Plaintiffs do not allege that Basfield informed defendant Soto that Plaintiffs were involved in shoplifting, or that Plaintiffs' truck was the "getaway vehicle." (Opp. at 5:17-19.) Rather, the Complaint alleges that Basfield (truthfully) advised Soto that the individual Soto was following departed in Plaintiffs' vehicle. (Complaint at ¶36.) No "false statement" is alleged, and there is therefore no slander on the face of Plaintiffs' Complaint. Ellenberger v. Espinosa, 30 Cal.App.4th 943, 952 (1994) (essential element of slander is that the publication in question is false.)

D. **Negligence And Negligence Per Se—Thirteenth Cause Of Action**

Plaintiffs' misrepresentation of their own allegations continues in this cause of action. Basfield did not "accuse" Plaintiffs of anything or identify their car as a "getaway" vehicle, and

the alleged "false report" to police was made by defendant Soto. Basfield did not slander Plaintiffs or cause Plaintiffs' detention.

Plaintiffs' negligence claim as stated against Basfield is not premised on anything other than Basfield's description of Plaintiffs' vehicle to defendant Soto. There was therefore no breach of any duty alleged by Plaintiffs, and Plaintiffs' negligence claim must be dismissed.

### E.  Abercrombie Cannot Be Held Liable Under The Doctrine Of *Respondeat Superior*

Plaintiffs attribute Basfield's alleged conduct to Abercrombie as within the course and scope of her employment. Assuming *arguendo* Basfield's actions could be a basis for her employer's liability, the actions do not give rise to any viable cause of action. For the reasons set forth above, Plaintiffs therefore state no claim against Abercrombie.

### F.  The Complaint Should Be Dismissed With Prejudice

Regardless of how Plaintiffs attempt to characterize it, they seek to hold Basfield liable for an alleged "false report" to police by another defendant, and still other defendants' alleged wrongful detention of Plaintiffs. Basfield committed no tort in truthfully describing Plaintiffs' vehicle to defendant Soto.

Plaintiffs cannot possibly plead new facts consistent with their current complaint that would cure the deficiencies in their Complaint. Their Complaint must therefore be dismissed with prejudice. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

### III.  CONCLUSION

For the foregoing reasons, defendants Basfield and Abercrombie & Fitch respectfully request that this Court grant this motion in full and dismiss Plaintiffs' Complaint against them with prejudice.

Dated: May 19, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/
JAMES A. LASSART
ADRIAN G. DRISCOLL
SPENCER C. MARTINEZ
Attorneys for Defendants ABERCROMBIE & FITCH and MELISSA BASFIELD

1  CASE NAME:    Slaughter, et al. v. Emeryville, et al.

2  ACTION NO.:   08-CV-01552-EMC

3                        **PROOF OF SERVICE**

4  **METHOD OF SERVICE**

5    ☒ First Class Mail          ☐ Facsimile                    ☐ Messenger Service

6    ☐ Overnight Delivery        ☐ E-Mail/Electronic Delivery

7  1. At the time of service I was over 18 years of age and not a party to this action and a Citizen of the United States.

2. My business address is 201 Spear Street, Suite 1000, San Francisco, CA  94105.

3. On May 20, 2008 I served the following documents:

   **DEFENDANTS ABERCROMBIE & FITCH AND MELISSA BASFIELD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

| | |
|---|---|
| Jivaka Candappa | Dale L. Allen, Jr. |
| Law Office of Jivaka Candappa | Low Ball & Lynch |
| 46 Shattuck Square, Suite 15 | 505 Montgomery Street, 7th Fllor |
| Berkeley, CA  94704 | San Francisco, CA  94111 |
| Phone: (510) 981-1808 | (415) 981-6630 |
| Fax: (510) 981-1817 | (415) 982-1634 |
| Email: jcandappa@sbcglobal.net | Email: dallen@lowball.com |
| **(Attorney for Plaintiffs)** | **(Attorney for Defendants CITY OF EMERYVILLE, EMERYVILLE POLICE DEPARTMENT; E. WHITE (#307); S. ANDRETICH (#339)** |
| Victoria's Secret | Claudia Soto |
| 5672 Bay Street | Victoria's Secret |
| Emeryville, CA  94608 | 2556 Somersville Road |
| | Antioch, CA  94509 |

5. I served the documents by the following means:

   a. ☒ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     b. ☐ **By overnight delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

     c. ☐ **By messenger:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service. (Separate declaration of personal service to be provided by the messenger.)

     d. ☐ **By fax transmission:** Based on an agreement between the parties and in conformance with Fed. Rules Civ. Proc. rule 5, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4. (Separate Proof of Transmission by Fax to be provided.)

     e. ☐ **By email or electronic transmission:** Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Date: May 20, 2008

DEBRA E. KATAOKA CHAN
Type Name                                   Signature