1  JIVAKA CANDAPPA, (SBN 225919)
2  46 Shattuck Square, # 15
   Berkeley, CA 94704
3  Telephone: (510) 981-1808
   Facsimile: (510) 981-1817
4
5  Attorney for Plaintiffs KRISTINA ENNIX SLAUGHTER
   and MITCHELL SLAUGHTER
6
7              UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 KRISTINA ENNIX SLAUGHTER and ) Case No.: C 08-01552 PJH
11 MITCHELL SLAUGHTER,           )
                                 )
12         Plaintiffs,            ) **PLAINTIFFS' OPPOSITION TO THE**
                                 ) **RULE 12(b)(6) MOTION TO DISMISS**
13         vs.                   ) **FILED BY DEFENDANTS VICTORIA'S**
                                 ) **SECRET AND CLAUDIA SOTO**
14 CITY OF EMERYVILLE, EMERYVILLE )
   POLICE DEPARTMENT, E. WHITE (#307) )
15 and S. ANDRETICH (#339), individually and ) DATE: June 18, 2008
   in their official capacities; VICTORIA'S   ) TIME: 9:00 a.m.
16 SECRET, CLAUDIA SOTO,          ) CTRM: 3, 17th Floor
17 ABERCROMBIE & FITCH, and MELISSA ) JUDGE: Hon. Phyllis J. Hamilton
   BASFIELD,                     )
18                               )
                                 )
19         Defendants.            )

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**                    **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**
                              -1-

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 2

   A. Plaintiffs' Causes of Action for Violations of 42 U.S.C. § 1983 should not be Dismissed because Defendants Engaged in Joint Action with the Emeryville Police Department. ............................................................................................... 3

   B. Plaintiffs' Fifth Cause of Action Includes Government Code Section 815.2 and Respondeat Superior Liability. ................................................................... 5

   C. Defendants Violated California Civil Code § 52.1. ........................................... 5

   D. Defendants Violated California Civil Code § 51.7. ........................................... 7

   E. The Court should not Dismiss the Intentional Infliction of Emotional Distress Cause of Action because Defendants' Conduct was Intentional and Outrageous. ........... 8

   F. The Court should Deny Defendants' Motion to Dismiss Plaintiffs' Cause of Action for Invasion of Privacy. ........................................................................... 9

   G. Plaintiffs Concede that the Uniform Single Publication Act Forecloses their Cause of Action for Slander Per Se against Victoria's Secret and Soto. ....................... 10

   H. Defendants' Negligence was a Substantial Factor in Plaintiffs' Unlawful Detention and Arrest. ........................................................................................ 11

     1. Plaintiffs' Negligence Per Se Cause of Action is Based on Defendants' Violation of Civil Code § 43. ........................................................................ 11

     2. Defendants' Negligence Caused Plaintiffs' Injuries. ..................................... 12

   I. Plaintiffs Request Leave to Amend should the Court Sustain Defendants' Motion in Whole or in Part. ................................................................................. 14

III. CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Ahern v. Dillenback*, 1 Cal.App.4th 36 (1991) ................................................................. 12

*Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) ........................................... 14

*Bartling v. Glendale Adventist Med. Center,* 184 Cal.App.3d 961 (1986) ..................... 8

*Burgess v. Sup. Ct.*, 2 Cal.4th 1064 (1992) ...................................................................... 12

*Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336 (9th Cir. 1996) ............................ 2

*Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579 (1979) ................................................. 8, 9

*Cole v. Doe 1 thru 2 Officers of the City of Emeryville Police Dept.* 387 F. Supp. 2d 1084 (N.D. Cal. 2005) .................................................................. 6, 11

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989) ................................................... 4

*Dennis v. Sparks*, 449 U.S. 24 (1980) ............................................................................. 3

*Fredette v. City of Long Beach*, 187 Cal.App.3d 122 (1986) .................................. 11, 12

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) ......................................... 2

*Hargrave v. Winquist*, 134 Cal. App. 3d 916 (1982) ..................................................... 12

*Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096 (D. Ariz. 2003) ............... 3

*Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007) ........................................................... 3

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) ............................................................. 4

*Jones v. Kmart Corp.,* 17 Cal.4th 329 (1998) ...................................................... 5, 6, 11

*Katsaris v. Cook*, 180 Cal.App.3d 256 (1986) ............................................................... 8

*Lugar v. Edmundson Oil, Co.*, 457 U.S. 922 (1982) ..................................................... 3

*Lugtu v. California Highway Patrol*, 26 Cal.4th 703 (2001) ................................. 12, 13

*McKeever v. Block*, 932 F.2d 795 (9th Cir. 1991) ......................................................... 2

*Miller v. National Broadcasting Co.*, 187 Cal.App.3d 1463 (1986) ........................... 10

*Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976) ........................................................... 3

*Murray v. Wal-Mart, Inc.*, 874 F.2d 555 (8th Cir. 1989) ....................................... 2, 3, 4

*Noble v. Sears Roebuck & Co.*, 33 Cal.App.3d 654 (1973) ......................................... 9

*People v. Bravot*, 183 Cal.App.3d 93 (1986) ............................................................... 7

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**                                           **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

-ii-

Case 3:08-cv-01552-PJH    Document 27    Filed 05/28/2008    Page 4 of 18

1    *People v. MacKenzie*, 34 Cal.App.4th 1256 (1995) ................................................................ 7

2    *Richardson v. Ham*, 44 Cal.2d 772 (1955) ............................................................................ 12

3    *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002) .................................................. 7

4    *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131 (N.D. Cal. 2000) ................ 2

5    *Schwartz v. Helms Bakery Limited*, 67 Cal.2d 232 (1967) ................................................... 12

6    *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200 (1998) ........................................... 9

7    *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004) .................................................... 6

   *Vinson v. Sup. Ct. of Alameda (Peralta Community College Dist.)*
   43 Cal. 3d 833 (1987) .............................................................................................................. 9

   *White v. Davis*, 13 Cal. 3d 757 (1975) .................................................................................... 9

**Statutes**

Cal. Civil Code § 14 ................................................................................................................. 5

Cal. Civil Code § 43 ............................................................................................................... 11

Cal. Civil Code § 51.7 .............................................................................................................. 7

Cal. Civil Code § 52(b) ......................................................................................................... 7, 8

Cal. Civil Code § 52.1 .............................................................................................................. 5

Fed. R. Civ. P. 15 (a) .............................................................................................................. 14

**Other Authorities**

Rest.2d Torts § 302 ................................................................................................................. 12

Rest.2d Torts § 302A.............................................................................................................. 12

**Constitutional Provisions**

Cal. Const. art I, § 1................................................................................................................. 9

## I.     INTRODUCTION

On March 24, 2007, Plaintiffs Kristina Ennix Slaughter and her husband, Mitchell Slaughter, were detained and arrested in public at gun point by officers of the Emeryville Police Department in connection with an alleged shoplifting incident that occurred at the Victoria's Secret store located in the Bay Street Mall in the City of Emeryville. The involved police officers wrongfully detained and arrested Plaintiffs on the basis of a false report made by an employee of Victoria's Secret, Claudia Soto. A subsequent investigation, which included an embarrassing and humiliating in-field line up in full public view and a thorough search of Plaintiffs' vehicle, revealed that Plaintiffs were not involved in the alleged shoplifting incident. Plaintiffs who are African American were detained and arrested without the benefit of an independent investigation and pursuant to a customary plan between the Emeryville Police Department and Victoria's Secret.

Defendants Victoria's Secret and Claudia Soto now move for dismissal of all causes of action alleged against them on the grounds that their role in the incident was peripheral and that they owed no legal duties to Plaintiffs. Defendants' contentions are without merit. As argued at length below, Defendants owed numerous legal duties to Plaintiffs and consequently violated Plaintiffs' rights under federal and state law.[1]

Defendants further contend that the complaint does not allege sufficient facts to enable Defendants to frame a meaningful response. However, Defendants' brief in support of its motion to dismiss, which engages in a lengthy analysis of the facts and law underlying Plaintiffs' complaint is in and of itself a clear indication that the complaint does indeed provide sufficient notice to Defendants under the applicable notice pleading standard.

Accordingly, the Court should deny Defendants' motion to dismiss Plaintiffs' causes of action pursuant to 42 U.S.C. section 1983, Civil Code sections 51.7 and 52.1, negligence, negligence per se, invasion of privacy, and intentional infliction of emotional distress.

---

[1] Plaintiffs concede that the Uniform Single Publication Act forecloses Plaintiffs' cause of action for slander per se against Defendants Victoria's Secret and Claudia Soto.

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**                                **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**
-1-

## II.  ARGUMENT

Defendants, Victoria's Secret and Claudia Soto, contend that Plaintiffs have failed to state a claim and sufficient facts on which relief may be granted.  The substance of Defendants' argument appears to rest on an assumption that contrary to settled law Plaintiffs must plead their claims with particularity.  However, under the relevant notice pleading standard, Plaintiffs are not required to state their claim with particularity. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  All that is required is a brief statement of facts and theories of recovery so as to provide fair notice to a defendant. *Id.*  Plaintiffs have met the required standard here.

For the reasons stated above, Defendants' argument that Plaintiffs must provide a more definite statement so as to enable Defendants to answer Plaintiffs' complaint is without merit.  It is undisputed that civil rights complaints pursuant to 42 U.S.C. section 1983 do not require the level of detail and specificity apparently demanded by Defendants as a precondition to answering the complaint.  For instance, a plaintiff's allegations that "each and all the acts" set forth in the "complaint 'were done by the Defendants under the color and pretense of state law'" and a statement of damages identifying the injuries that were proximately caused by defendants in violation of plaintiff's constitutional rights is more than adequate to allege a section 1983 claim against a private actor. *Murray v. Wal-Mart, Inc*., 874 F.2d 555, 558 (8th Cir. 1989); *see also Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1137 (N.D. Cal. 2000) ("While a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled, plaintiff is not expected to plead his evidence or specific factual details not ascertainable in advance of discovery").

Moreover, the "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir. 1997); *Rodriguez*, 89 F. Supp. 2d at 1143.  In ruling on a Rule 12(b)(6) motion, the court must consider the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations, and determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Insurance Co*., 80 F.3d 336, 337-38 (9th Cir. 1996).  Further, not only must all factual allegations be taken as true, but "all reasonable inferences

1  from them must be indulged in favor of the complainant." *Mitchell v. King*, 537 F.2d 385, 386
2  (10th Cir. 1976).  The issue is not whether plaintiff will prevail, but whether plaintiff is entitled
3  to offer evidence to support the claims.  *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).
4  Thus, a "suit should not be dismissed if it is possible to hypothesize facts, consistent with the
5  complaint that would make out a claim."  *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d
6  1096, 1101 (D. Ariz. 2003).

7  Here, the Court should deny Defendants' motion to dismiss because the allegations in
8  Plaintiffs' complaint state a claim for relief for against Victoria's Secret and Soto for violations
9  of 42 U.S.C. section 1983 and Civil Code sections 51.7 and 52.1, as well as negligence,
10 negligence per se, invasion of privacy, and intentional infliction of emotional distress.

**A.  Plaintiffs' Causes of Action for Violations of 42 U.S.C. § 1983 should not be Dismissed because Defendants Engaged in Joint Action with the Emeryville Police Department.**

13 Defendants' motion to dismiss Plaintiffs' causes of action pursuant to 42 U.S.C. section
14 1983 is based on the argument that Defendants' conduct could not be fairly attributable to the
15 state.[2]  (Defs' P&A iso Mot. to Dismiss, at 6-9.)  Defendants further contend that Plaintiffs'
16 complaint does not allege a substantial degree of cooperative action between the public and
17 private entity defendants.  (Defs' P&A iso Mot. to Dismiss, at 8:10-23.)

18 "A party may be a state actor because he is a state official, he acted together with or has
19 obtained significant aid from state officials, or his conduct is otherwise chargeable to the State."
20 *Lugar v. Edmundson Oil, Co.*, 457 U.S. 922, 936 (1982).  A private person is deemed to act
21 under color of state law if she or he is a willful participant in the joint action with the state or
22 conspires with state actors to violate a citizen's constitutional rights.  *Dennis v. Sparks*, 449 U.S.
23 24, 27-28 (1980).  Additional bases for finding action under color of state law pursuant to a
24 joint action theory include failure of the police to conduct an independent investigation, and
25 police action pursuant to a customary plan between the private actor and the police.  *Murray*,
26 874 F.2d at 559.

---

[2] Defendants, for purposes of this motion, do not dispute that Plaintiffs have alleged the violation of a constitutional right.

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**        **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

Section 1983 liability may be based on a defendant's own affirmative act, participation in another's affirmative acts, or failure to perform an act which the defendant is by law required to perform. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Consequently, personal participation is not the only basis for section 1983 liability. *Id.* "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. at 743-44.

Here, Plaintiffs have alleged that Defendants engaged in joint action with officers of the Emeryville Police Department. (Complaint ¶¶ 18, 37, 45.) The Emeryville Police Department detained and arrested Plaintiffs at gun point without conducting an independent investigation on the basis of information received from Defendants. *Murray*, 874 F.2d at 559; Complaint ¶¶ 23-31, 37, 38. And, the police action against Plaintiffs was pursuant to a customary plan between the Emeryville Police Department and Defendant Victoria's Secret. *Murray*, 874 F.2d at 559; Complaint ¶ 37.

*Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989), which Defendants rely on for the proposition that they did not engage in joint action with the City of Emeryville is distinguishable on factual and procedural grounds. First, *Collins* did not address the factual scenario involving police action pursuant to a customary plan between the police department and the private actor. Second, in *Collins,* the police maintained a policy of neutrality and conducted an independent investigation whereas, here, the police did not. 878 F.2d at 1155. Third, the joint action issue in *Collins* was decided on summary judgment, *i.e*. after the parties' conducted discovery, whereas, here, Defendants' motion contemplates dismissal pursuant to Rule 12(b)(6) of the Rules of Civil Procedure before the commencement of discovery.

As alleged in Plaintiffs' complaint, here, the police officers did not exercise independent judgment in apprehending Plaintiffs, and merely acted pursuant to a customary plan to arrest persons suspected of shoplifting on the basis of information provided by Defendant Victoria's

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**     **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

1  Secret and its employees.[3] (Complaint ¶ 37.) To that end, Victoria's Secret instituted a policy
2  prohibiting its employees from detaining or otherwise apprehending individuals suspected of
3  shoplifting at their store in the Bay Street Mall, and further required its employees to report
4  suspected shoplifters only after the suspects left the store. (Complaint ¶ 37.)

5  Contrary to Defendants' contention, the factual allegations in Plaintiffs' complaint raise
6  more than a reasonable inference that Defendants acted under color of state law. Accordingly,
7  the Court should deny Defendants' motion to dismiss Plaintiff's first and third causes of action-
8  violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. section 1983.

### B.  Plaintiffs' Fifth Cause of Action Includes Government Code Section 815.2 and Respondeat Superior Liability.

11  Victoria's Secret moves for dismissal of Plaintiffs' Fifth Cause of Action on the basis
12  that it is not a public entity. (Defs' P&A iso Mot. to Dismiss, at 9.) Plaintiffs concede that
13  Victoria's Secret is not a public entity. (Complaint ¶ 10.) However, Plaintiffs' Fifth Cause of
14  Action alleges liability under both section 815.2 of the California Government Code and a
15  theory of respondeat superior. (Complaint, Fifth Cause of Action, at 12.) Further, Plaintiffs
16  have alleged that Defendant Soto's acts and omissions occurred in the course of her
17  employment with Defendant Victoria's Secret. (Complaint ¶ 66.)

18  Accordingly, Defendant's motion to dismiss Plaintiffs' Fifth Cause Action-respondeat
19  superior liability-should be denied.

### C.  Defendants Violated California Civil Code § 52.1.

21  Section 52.1 of the Civil Code prohibits interference or attempted interference with a
22  person's rights under federal or state law by means of threats, intimidation, or coercion. Private
23  persons and government actors can both be held liable for section 52.1 violations. *Jones v.*
24  *Kmart Corp.,* 17 Cal.4th 329, 333-34 (1998); *see also* Cal. Civ. Code § 14 (defining a person to
25  include a corporation). A violation of section 52.1 of the Civil Code may be predicated on a

---

[3] Defendants' contention that Ms. Soto was responsible for Plaintiffs' release because she told the officers that Ms. Ennix Slaughter was not the alleged shoplifter is irrelevant for purposes of determining whether or not Defendants acted under color of state law.

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**                                C 08-01552 PJH
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

1   violation of Section 43 of the Civil Code. *Jones,* 17 Cal.4th at 338.[4] Further, "an individual
2   acting privately can violate, and hence interfere with, our state Constitution's right to privacy."
3   *Id*.

4   Although section 52.1 was enacted to stem a tide of hate crimes, it is not limited to the
5   commission of such crimes and it does not require a plaintiff to show discriminatory purpose on
6   the part of the defendant. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 842-43 (2004).
7   "Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs),
8   and search can constitute interference by threat [], intimidation or coercion []." *Cole v. Doe 1*
9   *thru 2 Officers of the City of Emeryville Police Dept*., 387 F. Supp. 2d 1084, 1103 (N.D. Cal.
10  2005) (citing *Venegas*, 32 Cal.4th 820, *Jones*, 17 Cal.4th at 334.) Thus, evidence of violence or
11  threat of violence is not a required element in proving a section 52.1 violation. *Id*. Evidence of
12  physical ejection or arrest without the use of force is sufficient for purposes of proving the
13  threat, intimidation or coercion element. *Id.* at 1103-04.

14  Here, Plaintiffs were arrested by officers of the Emeryville Police Department without
15  lawful justification and by use of force, threat and intimidation. (Complaint ¶¶ 23-31, 37.) The
16  fact that Plaintiffs were physically apprehended by officers of the Emeryville Police Department
17  does not legally excuse Defendants' conduct because Defendants acted jointly with the
18  Emeryville Police Department pursuant to a customary plan, which prohibited Victoria's Secret
19  employees from detaining or arresting shoplifting suspects, and delegated the function of
20  apprehending shoplifting suspects to the Emeryville Police Department. (Complaint ¶ 37.)

21  Accordingly, Plaintiff has a viable cause of action for a violation section 52.1 of the
22  Civil Code.

---

[4] Defendants' reference to *Jones*, 17 Cal.4th at 334, for the proposition that "only [the] government or its agents could violate customer's rights against unreasonable search and seizure" is taken out of context because, in *Jones*, the Court's discussion was limited to the viability of a section 52.1 cause of action predicated on violations of the Fourth Amendment to the United States Constitution and article I, section 13 of the California Constitution by private actors, whereas here, Plaintiffs' cause of action alleges predicate violations of sections 43 and 51.7 of the Civil Code and the right to privacy under the California Constitution. (Complaint ¶ 86.) Moreover, the plaintiffs in *Jones* did not, as here, allege that the private actors acted under color of state law. *See* 17 Cal.4th at 333.

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**                                    **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

1     **D.    Defendants Violated California Civil Code § 51.7.**

Defendants' motion to dismiss Plaintiffs' Twelfth Cause of Action, which alleges a violation of Civil Code section 51.7, is based on the argument that the complaint does not allege that Victoria's Secret or Soto committed any acts of violence or intimidation by threat of violence against Plaintiffs. (Defs' P&A iso Mot. to Dismiss, at 11:23-25, 12:9-15.) According to Defendants, because Defendant Soto's report to the police was not based on Soto's personal knowledge, "it follows that she could not have implicated Plaintiffs based on their race, or made any threat against them based on their race." (Defs' P&A iso Mot. to Dismiss, at 12:15-18.) Defendants' analysis ignores applicable law and the factual allegations in Plaintiffs' complaint. In fact, Plaintiffs were racially profiled, and detained and arrested on the basis of their race.

Section 51.7 of the California Civil Code provides in pertinent part that all persons have a right to be free from violence or intimidation by threat of violence against their persons on account of their race or color. Further, section 52(b) of the Civil Code provides for liability under an agency theory in that persons "who aid in" or "incite a violation," and persons who conspire to violate the statute may be held liable pursuant to section 51.7.

Under the plain text of section 51.7, any violence or intimidation by threat of violence would constitute a violation of the statute. *People v. MacKenzie*, 34 Cal.App.4th 1256, 1278 (1995) (all violent conduct committed against others on account of their protected status is prohibited). The words "force" and "violence" are synonymous and mean any wrongful application of physical force against the property or person of another. *People v. Bravot*, 183 Cal.App.3d 93, 97 (1986).[5] Thus, the pointing of a gun without causing physical injury could constitute use of excessive force. *Robinson v. Solano County*, 278 F.3d 1007, 1014 (9th Cir. 2002).

Here, as a threshold matter, Plaintiffs were subject to violence because they were detained and arrested at gun point by officers of the Emeryville police Department. *See Robinson*, 278 F.3d at 1014; Complaint ¶¶ 23-31. Defendants may be held liable under an agency theory because Defendant Soto was responsible for aiding in or inciting a violation of

---

[5] "Intimidation" means to make timid or fearful. *Ex parte Bell*, 19 Cal.2d 488, 526 (1942).

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**                        **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

the statute. *See* Cal. Civ. Code § 52(b). In this regard, Defendant Soto falsely implicated Plaintiffs in the shoplifting incident and grossly exaggerated the seriousness of the offense by reporting it as a robbery. (Complaint ¶¶ 32-34.) Defendant Soto's conduct was all the more egregious because she had no personal knowledge about Plaintiffs' involvement in the incident and accused Plaintiffs on the basis of their race consequent to information received from an employee of Abercrombie & Fitch who was not even present when the alleged shoplifting incident occurred in the premises of Victoria's Secret. (Complaint ¶ 36.)

Plaintiffs have a viable cause of action for a section 51.7 violation.

### E. The Court should not Dismiss the Intentional Infliction of Emotional Distress Cause of Action because Defendants' Conduct was Intentional and Outrageous.

Defendants argue that Plaintiffs failed to allege facts showing outrageous conduct. (Defs' P&A is Mot. to Dismiss, at 13:5-7.) The elements of a claim for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979).

Behavior may be considered outrageous if a defendant acts intentionally or unreasonably with the recognition that the acts are likely to result in mental distress. *Bartling v. Glendale Adventist Med. Center,* 184 Cal.App.3d 961, 965 (1986); s*ee also Cervantez,* 24 Cal. 3d at 592 ("it is a serious matter to accuse someone of committing a crime and to arrest him without the protection of the warrant process"). Thus, a claim for intentional infliction of emotional distress claim may lie when a defendant acts "either with knowledge that plaintiff had not committed any offense or with reckless disregard of whether he had or not." *Cervantez*, 24 Cal.3d at 593-94. And, reckless disregard can be proven circumstantially by inference from the conduct of the actor. *Katsaris v. Cook*, 180 Cal.App.3d 256, 268 (1986).

Here, Plaintiffs were unjustifiably detained and arrested for robbing the Victoria's Secret store. Plaintiffs' detention and arrest was based on Defendant Soto's accusation, which in turn

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**            **C 08-01552 PJH**
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

-8-

was based on an unreliable report received from Defendant Basfield, an employee of Abercrombie & Fitch, who did not witness the alleged shoplifting incident in the premises of Victoria's Secret.

Defendant Soto knew or should have known that in identifying Plaintiffs' truck as the getaway vehicle that Plaintiffs would be detained and arrested in connection with the shoplifting incident, which Defendant Soto falsely characterized as a robbery. (Complaint ¶ 32.) Defendants' conduct was outrageous because Defendant Soto acted intentionally or with reckless disregard as to whether Plaintiffs had committed a crime. *See Cervantez*, 24 Cal.3d at 593-94.

Accordingly, the Court should deny Defendants' motion to dismiss Plaintiffs' cause of action for intentional infliction of emotional distress.

### F.  The Court should Deny Defendants' Motion to Dismiss Plaintiffs' Cause of Action for Invasion of Privacy.

"California accords privacy the constitutional status of an 'inalienable right' on par with defending life and possessing property." *Vinson v. Sup. Ct. of Alameda (Peralta Community College Dist.)*, 43 Cal. 3d 833, 841 (1987) (citing Cal. Const. art I, § 1, *White v. Davis*, 13 Cal. 3d 757 (1975)). An intentional intrusion upon the solitude, seclusion, private affairs or concerns of another would give rise to an invasion of privacy claim if such intrusion would be highly offensive to a reasonable person. *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 231 (1998).

A plaintiff may prove the element of intrusion by showing that defendant penetrated some zone of physical or sensory privacy surrounding the plaintiff. *Shulman*, 18 Cal. 4th at 232. For instance, an unreasonably intrusive investigation would violate a plaintiff's right to privacy. *Noble v. Sears Roebuck & Co.*, 33 Cal.App.3d 654, 660 (1973). In determining whether the intrusion would be highly offensive to a reasonable person, the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion, the intruder's motives and objectives, the setting into which he or she intrudes, and the expectation of those

1 whose privacy is invaded are factors to be considered. *Miller v. National Broadcasting Co.*,
2 187 Cal.App.3d 1463, 1483-84 (1986).

3 Here, Plaintiffs' privacy was invaded when they were detained and arrested at gun point
4 by officers of the Emeryville Police Department. (Complaint ¶¶ 23-31.) Plaintiffs' detention
5 and arrest was caused in part by the conduct of Defendant Soto who falsely accused Plaintiffs
6 of shoplifting on the basis of an unreliable report from Defendant Basfield, an employee of
7 Abercrombie & Fitch. (Complaint ¶¶ 35-36.) Defendant Soto knew that in identifying
8 Plaintiffs' vehicle as the getaway vehicle that the occupants of the vehicle, *i.e.*, Plaintiffs, would
9 likely be subject to detention and arrest by law enforcement personnel. (Complaint ¶¶ 35-36.)
10 Defendant Soto's conduct was intended to ensure Plaintiffs' arrest for the crime of shoplifting
11 even though Defendant Soto knew that she did not have a factual basis to suspect Plaintiffs of
12 criminal conduct.

13 Defendants' argument that Civil Code section 3425.3 prohibits Plaintiffs from
14 maintaining more than one cause of action in connection with any single publication
15 presumably references Defendant Soto's report to the police implicating Plaintiffs' vehicle in
16 the crime. Defendants' objection is rendered moot, however, because Plaintiffs have conceded
17 that their cause of action for slander per se based on the identical publication may be dismissed
18 by the Court.

19 Accordingly, Defendants' motion to dismiss Plaintiffs' cause for action for invasion of
20 privacy should be denied.

21 **G.  Plaintiffs Concede that the Uniform Single Publication Act Forecloses their
22     Cause of Action for Slander Per Se against Victoria's Secret and Soto.**

23 Plaintiffs concede that under the Uniform Single Publication Act, section 3425.3 of the
24 California Civil Code, that their cause of action for slander per se, which is predicated on
25 Defendant Soto's publication implicating Plaintiffs' vehicle in the alleged shoplifting incident
26 may be dismissed by the Court. However, Plaintiffs request that the Court's dismissal be
27 limited to the publication at issue here so as not to foreclose Plaintiffs' ability to amend their
28

complaint in the event of discovery of other acts of publication by Defendants in connection with the subject incident.

### H. Defendants' Negligence was a Substantial Factor in Plaintiffs' Unlawful Detention and Arrest.

Defendants are liable for Plaintiffs' injuries consequent to their unlawful detention and arrest in connection with shoplifting incident at issue here. Although Defendants argue that they did not owe Plaintiffs a legal duty and played no role in Plaintiffs' apprehension, Defendants in fact created and increased the risk of harm to Plaintiffs.

#### 1. Plaintiffs' Negligence Per Se Cause of Action is Based on Defendants' Violation of Civil Code § 43.

Defendants move for dismissal of Plaintiffs' negligence per se cause of action pursuant to section 43 of the Civil Code on the basis that the statute "does not establish any specific standard of care to prevent a specific type of harm, or to protect a specific class of persons who are the intended beneficiaries of the statute." (Defs' P&A iso Mot. to Dismiss, at 18:11-14.) Contrary to Defendants unsupported argument, the California Supreme Court has recognized that a violation of section 43 of the Civil Code is actionable against private actors. *See Jones*, 17 Cal.4th at 338 (case involving wrongful arrest of alleged shoplifters).

Section 43 of the California Civil Code provides in pertinent part that every person has the right of protection from bodily restraint or harm, from personal insult, and from defamation. In *Jones*, the California Supreme Court recognized the viability of section 43 as a basis for bringing an action against a private party for a resulting violation of section 52.1 of the Civil Code. 17 Cal.4th at 338. In doing so, the Court implicitly recognized that the intended beneficiaries of section 43 included persons who were unjustifiably detained and arrested. *Id*; *see also Cole*, 387 F. Supp. 2d at 1103.

"Under the doctrine of negligence per se, codified in Evidence Code section 669, violation of a statute without justification constitutes presumptive failure to exercise due care only if the violation proximately caused the injury and the person injured was one of the class of persons for whose benefit the statute was adopted." *Fredette v. City of Long Beach*, 187

1  Cal.App.3d 122, 134 (1986) (citing *Hargrave v. Winquist*, 134 Cal. App. 3d 916, 925 (1982)).

2  "Whether the injury involved resulted from an occurrence of the nature which the statute was

3  designed to prevent and whether the plaintiff was one of the persons for whose protection the

4  statute was enacted are questions of law." *Fredette*, 187 Cal.App.3d at 135.  However, whether

5  defendant violated the statute at issue or whether the statutory violation by defendant

6  proximately caused or contributed to plaintiff's injury would be a matter of fact for the jury to

7  decide. *Id*.

8      Here, Plaintiffs' negligence per se cause of action is based on Defendants' violation of

9  section 43 of the Civil Code. (Complaint ¶ 93.)  Defendants' argument that Plaintiffs' injuries

10 were not proximately caused by Defendants' conduct is a non-issue because proximate

11 causation is a matter of fact to be decided by the jury, and thus, ought not to be resolved as a

12 matter of law in connection with a motion to dismiss. *See Fredette*, 187 Cal.App.3d at 135.

13 Further, Defendants should be held responsible for Plaintiffs' detention and arrest because

14 Defendants engaged in joint action with the Emeryville Police Department pursuant to a

15 customary plan.

16      Accordingly, the Court should deny Defendants' motion to dismiss.

17          **2.  Defendants' Negligence Caused Plaintiffs' Injuries.**

18      The elements of a negligence cause of action are legal duty to use due care, breach of

19 that duty, causal connection between the breach and the plaintiff's injury, and actual loss or

20 damage to the plaintiff. *Burgess v. Sup. Ct*., 2 Cal.4th 1064, 1072 (1992); *Ahern v. Dillenback*,

21 1 Cal.App.4th 36, 42 (1991). "It is well established, moreover, that one's general duty to

22 exercise due care includes the duty not to place another person in a situation in which the other

23 person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct

24 (including the reasonably foreseeable negligent conduct) of a third person." *Lugtu v. California*

25 *Highway Patrol*, 26 Cal.4th 703, 716 (2001) (citing *Schwartz v. Helms Bakery Limited*, 67

26 Cal.2d 232, 240-244 (1967); *Richardson v. Ham*, 44 Cal.2d 772, 777 (1955); Rest.2d Torts, §§

27 302, 302A)

28

1    It is undisputed that Defendants had a legal obligation to ensure that Plaintiffs would not be harmed by Defendants' own misfeasance. "Misfeasance exists when the defendant is responsible for making the plaintiff's position worse, i.e., defendant has created a risk. Conversely, nonfeasance is found when the defendant has failed to aid plaintiff through beneficial intervention." *Lugtu*, 26 Cal.4th at 716. Further, no special relationship is required when the defendant's affirmative conduct increases the risk of harm. *Id.* at 717.

Here, Defendants' own misfeasance resulted in injury and harm to Plaintiffs. In this instance, Defendant Soto followed one of the alleged shoplifters out of the store, presumably in an effort to keep track of her until the police arrived to apprehend her. (Complaint ¶ 36.) However, Defendant Soto was unable to track down the alleged shoplifter, and consequently relied on information given to her by Defendant Basfield who did not even witness the incident in the premises of Victoria's Secret. Defendant Soto knew or should have known that reliance on such patently speculative information would likely result in the apprehension of persons who had no involvement in the shoplifting incident.

Further, Victoria's Secret exposed Plaintiffs to an unreasonable risk of harm by instituting a policy that prohibited its employees from detaining individuals suspected of shoplifting or committing other property crimes in its store. (Complaint ¶ 37.) Victoria's Secret's willful refusal to apprehend suspected shoplifters, its willful failure to install surveillance cameras or to employ security staff to monitor and protect its store, coupled with its policy of summoning the police to track down and apprehend suspects after they left the store and mingled with the general population created an unreasonable risk of harm to members of the public who patronized the Mall. Defendants should have reasonably foreseen that its policy would invariably result in the detention and arrest of innocent persons as was the case here.

Accordingly, Plaintiffs have alleged a viable cause of action under a theory of negligence against Victoria's Secret, which includes a claim for negligent hiring, training and supervision.

/ . / . /

/ . / . /

**PLAINTIFFS' OPP. TO VICTORIA'S SECRET**          C 08-01552 PJH
**AND CLAUDIA SOTO'S MOT. TO DISMISS**

-13-

### I. Plaintiffs Request Leave to Amend should the Court Sustain Defendants' Motion in Whole or in Part.

Leave to amend "shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Accordingly, Plaintiffs request the opportunity to cure any deficiencies in the pleading should the Court sustain Defendants' motion to dismiss in whole or in part.

### III. CONCLUSION

Based on the foregoing Points and Authorities, Plaintiffs respectfully request this Court to deny Defendants' Motion to Dismiss.

Dated: May 28, 2008                         Respectfully Submitted

/s/ Jivaka Candappa
Jivaka Candappa, Attorney for Plaintiffs
KRISTINA ENNIX SLAUGHTER
and MITCHELL SLAUGHTER