1  Alison L. Tsao, State Bar No. 198250
   Nancy G. Berner, State Bar No. 227142
2  CARLTON DiSANTE & FREUDENBERGER LLP
   601 Montgomery Street
3  Suite 350
   San Francisco, California 94111
4  Telephone:  (415) 981-3233
   Facsimile:  (415) 981-3246
5  E-Mail:  atsao@cdflaborlaw.com
              nberner@cdflaborlaw.com
6
   Attorneys for Defendants
7  VICTORIA'S SECRET STORES, LLC and CLAUDIA
   SOTO
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  KRISTINA ENNIX SLAUGHTER and          )    Case No. C08-01552 PJH
    MITCHELL SLAUGHTER,                   )
13                                        )    Hon. Phyllis J. Hamilton
              Plaintiffs,                 )
14                                        )    [Fed. R. Civ. Proc. 12(b)(6), 12(e)]
         vs.                              )
15  CITY OF EMERYVILLE, EMERYVILLE        )    **DEFENDANTS VICTORIA'S SECRET**
    POLICE DEPARTMENT, E. WHITE (#307) and )   **STORES, LLC AND CLAUDIA SOTO'S**
16  S. ANDRETICH (#339), individually and in their )  **REPLY IN SUPPORT OF THEIR**
    official capacities; VICTORIA'S SECRET, )    **MOTION TO DISMISS, OR, IN THE**
17  CLAUDIA SOTO, ABERCROMBIE & FITCH, )     **ALTERNATIVE, MOTION FOR MORE**
    and MELISSA BASFIELD,                 )    **DEFINITE STATEMENT**
18                                        )
              Defendants.                 )    Date:    June 18, 2008
19                                        )    Time:   9:00 a.m.
                                          )    Courtroom:   3, 17th Floor
20                                        )
                                          )    Action Filed:   March 20, 2008
21  _____ )    Trial Date:   None Set

22

23

24

25

26

27

28

                                              Case No.  C08-01552 PJH
                                    DEFS' REPLY ISO MOTION TO DISMISS OR
                                         FOR A MORE DEFINITE STATEMENT

1

# TABLE OF CONTENTS

2
**Page**

3   I.    INTRODUCTION .................................................................................................. 2

4   II.   ARGUMENT ....................................................................................................... 2

5         A.    Plaintiffs Concede Their Tenth Cause of Action for Slander Per Se
6               Should Be Dismissed. ................................................................................ 2

7         B.    Plaintiffs Concede that VSS and Soto Are Not Government Entities
                and That Government Code § 815.2 Does Not Apply to Defendants,
8               Warranting Dismissal of Their Fifth Cause of Action. ............................. 3

9         C.    Plaintiffs Fail to Allege Facts Sufficient To Constitute "Joint Action"
                For Purposes of § 1983 Liability In Their First and Third Causes of
10              Action. ....................................................................................................... 3

11        D.    Plaintiffs' Eleventh Cause of Action Under the Bane Act Should Be
                Dismissed Because Plaintiffs Acknowledge that Defendants Did Not
12              Engage In Any Threats, Intimidation or Coercion. .................................. 6

13        E.    Plaintiffs' Twelfth Cause of Action under the Ralph Civil Rights Act
                Should Be Dismissed Because Defendants Did Not Engage In , Aid,
14              or Incite A Violation Prohibited by Statute. ............................................. 8

15        F.    The Absolute Privilege Provided by California Civil Code § 47(b)
                Bars Plaintiffs' Common Law Tort Claims for Intentional Infliction
16              of Emotional Distress, Negligence/Negligence Per Se, and Invasion
                of Privacy. ................................................................................................. 9

17              1.    Plaintiffs' Eighth Cause of Action for Intentional Infliction of
18                    Emotional Distress Should Be Dismissed. ................................. 11

19              2.    Plaintiffs' Thirteenth Cause of Action for Negligence and
                      Negligence Per Se Should Be Dismissed. ................................. 12

20              3.    Plaintiffs' Ninth Cause of Action for Invasion of Privacy
21                    Should Be Dismissed. ................................................................ 13

22  III.  CONCLUSION ................................................................................................. 14

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Cole v. Doe I thru 2 Officers of the City of Emeryville Police Dept.*, 387 F.Supp.2d
5
    1084 (N.D. Cal. 2005) ............................................................................. 7

6

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989)............................................ 3, 5, 6

7

*Dennis v. Sparks*, 449 U.S. 24 (1980)................................................................. 5

8

*Fenters v. Yosemite Chevron*, 2006 WL 2016536 (E.D. Cal. 2006) ................................7, 11, 12

9

*Ileto v. Glock, Inc.*349 F.3d 1191 (9th Cir. 2003) .......................................... 14

10

*Jablon v. Dean Witter Co.*, 614 F.2d 677 (9th Cir. 1980)...................................... 14

11

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974).................................... 6

12

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) ............................................... 4

13

*Johnson v. Knowles*, 113 F.3d 1114 (9th Cir. 1997) ........................................ 3

14

*Lugar v. Edmundson Oil Co.*, 457 U.S. 922 (1982) ......................................... 4

15

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980) ...................... 5

16

*Morley v. Walker*, 175 F.3d 756 (9th Cir. 1999) ............................................ 14

17

*Murray v. Wal-Mart, Inc.*, 874 F.2d 555 (8th Cir. 1989)................................... 5

18

*Ortland v. County of Tehama*, 939 F.Supp. 1465 (E.D. Cal. 1996) ..................... 8

19

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984)...................... 14

20

*San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522
    (1987)........................................................................................... 6

21

**Federal Statutes**

22

42 U.S.C. § 1983............................................................................... 2

23

**California Cases**

24

*Alcorn v. Anbro Eng'g, Inc.*, 2 Cal.3d 493 (1970)........................................... 12

25

*Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860 (2007)........................... 7

26

*Cervantez v. J.C.Penney Co.*, 24 Cal.3d 579 (1979) ...................................... 11

27

*Fremont Comp. Ins. Co. v. Superior Court*, 44 Cal.App.4th 867 (1996) ...................... 11

28

*Hagberg v. California Federal Bank*, 32 Cal.4th 350 (2004)................................passim

Case No.  C08-01552 PJH
DEFS' REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1

## TABLE OF AUTHORITIES (cont.)

2

**Page(s)**

3   *Jones v. Kmart Corp.*, 17 Cal.4th 329 (1998) ........................................................................ 7

4   *Katsaris v. Cook*, 180 Cal.App.3d 256 (1986) ................................................................... 12

5   *Kilgore v. Younger*, 30 Cal.3d 770 (1982) ......................................................................... 11

6   *Noble v. Sears Roebuck & Co.*, 33 Cal.App.3d 654 (1973) ........................................... 13

7   *Venegas v. County of Los Angeles*, 153 Cal.App.4th 1230 (2007) ................................. 7

8   *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004) ............................................ 7

9   *Williams v. Taylor*, 129 Cal.App.3d 745 (1982) ............................................................... 11

10 **California Statutes**

11   California Civil Code Section 43 ............................................................................................ 13

12   California Civil Code Section 46 ............................................................................................. 2

13   California Civil Code Section 47 ............................................................................................. 9

14   California Civil Code Section 47(b) .................................................................................. passim

15   California Civil Code Section 52.1 .......................................................................... 7, 8, 12, 13

16   California Civil Code Section 52.1(a) ..................................................................................... 7

17   California Civil Code Section 52.1(b) .................................................................................. 6, 7

18   California Civil Code Section 52.1(j) ...................................................................................... 8

19

20

21

22

23

24

25

26

27

28

Case No.  C08-01552 PJH
DEFS' REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

# I.  INTRODUCTION

Plaintiffs Kristina and Mitchell Slaughter's ("Plaintiffs") Opposition ("Opp.") to Victoria's Secret Stores ("VSS") and Claudia Soto's ("Soto", VSS and Soto referred to collectively as "Defendants") Motion to Dismiss/Motion for More Definite Statement ("Motion") relies heavily on the general "notice pleading" rules to save their woefully deficient Complaint.  Plaintiffs utterly fail to allege or make an offer of proof as to facts substantiating their claim that Defendants engaged in any "joint action" with any state actor that would expose Defendants to liability under 42 U.S.C. § 1983 ("§ 1983").  Plaintiffs further concede that VSS is a private employer and therefore not subject to Government Code § 815.2 of the California Tort Claims Act, but curiously argue, without any authority, that Defendants could be held liable under a *respondeat superior* theory that is divorced from any statutory or common law moorings.  Plaintiffs acknowledge that Defendants have not engaged in any acts or threats of intimidation or coercion against them, but purport to ensnarl Defendants in a web of extenuated liability based on the actions of others.  Plaintiffs' claim for intentional infliction of emotional distress fails because Plaintiffs have not, and cannot, allege any extreme or outrageous conduct.  Plaintiffs assert no facts that Defendants invaded any zone of privacy to which they had a reasonable expectation of privacy.  Plaintiffs offer no facts that Defendants' conduct proximately caused their injuries to substantiate their negligence claim, since they expressly allege that Defendants, allegedly erroneously, relied on information given to them by another eyewitness.  Plaintiffs' common law tort claims (for intentional infliction of emotional distress, invasion of privacy, and negligence/negligence per se) are barred by the absolute privilege for communications made "in any other official proceeding authorized by law" under California Civil Code § 47(b).  For all of these reasons,  Plaintiffs' claims against Defendants should be dismissed with prejudice.

# II.  ARGUMENT

**A.**    **Plaintiffs Concede Their Tenth Cause of Action for Slander Per Se Should Be Dismissed.**

Plaintiffs concede that, under the Uniform Single Publication Act, their Tenth Cause of Action for slander per se under California Civil Code § 46 should be dismissed against VSS and

1  Soto. (Opp., 1 at fn. 1 & 10:21-26).

2  **B.  Plaintiffs Concede that VSS and Soto Are Not Government Entities and That**

3  **Government Code § 815.2 Does Not Apply to Defendants, Warranting Dismissal of**

4  **Their Fifth Cause of Action.**

5  Plaintiffs concede that VSS is not a public entity, and hence, cannot be liable under

6  Government Code § 815.2. (Opp., 5:12-13). Plaintiffs argue, however, that they have alleged a

7  "respondeat superior" theory of liability in their Fifth Cause of Action that would save them from

8  dismissal of this claim. Plaintiffs offer no authority, nor are Defendants aware of any, that would

9  allow Plaintiffs to allege a cause of action on the basis of *respondeat superior* that stands alone,

10  i.e., without the underlying mooring to a statutory or common law violation. Plaintiffs' Fifth Cause

11  of Action therefore should be dismissed with prejudice.

12  **C.  Plaintiffs Fail to Allege Facts Sufficient To Constitute "Joint Action" For Purposes of**

13  **§ 1983 Liability In Their First and Third Causes of Action.**

14  Plaintiffs do not dispute that, to be liable under § 1983, Plaintiffs must allege facts to show

15  that VSS and Soto acted under color of state law. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th

16  Cir. 1997). Private parties may be held liable for § 1983 violations under a "joint action" theory

17  where there is an alleged conspiracy between the state actor and private citizen, or where there is a

18  "substantial degree of cooperative action" between the two. *Collins v. Womancare*, 878 F.2d 1145,

19  1154 (9th Cir. 1989). Here, there are no allegations of a conspiracy to deprive Plaintiffs of their

20  constitutional rights since, by Plaintiffs' own allegations, Soto absolved Plaintiffs of any

21  involvement in the shoplifting incident in the line-up and procured their immediate release.

22  (Complaint, ¶ 34). The question is whether Soto's (and vicariously VSS') actions of calling the

23  police to report a crime and providing details of the suspects constitute a "substantial degree of

24  cooperative action" constituting action "under color of state law."

25  Plaintiffs assert that paragraphs 18, 37 and 45 of their Complaint sufficiently allege facts

26  constituting "joint action" between the Emeryville Police Department and VSS such that VSS

27  could be held liable as a "state actor" under § 1983. (Opp., 4:8-14). The Complaint only alleges,

28  however, that VSS had prior incidents of theft, did not have surveillance cameras, did not employ

Case No. C08-01552 PJH
DEFS' REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1  security personnel, and did not detain shoplifting suspects while the suspects were inside VSS

2  stores but rather, notified law enforcement after the suspects had left the store. *See* Complaint, ¶

3  37.[1]  Boiled to its essence, Plaintiffs have alleged nothing more than the fact that VSS should be

4  liable under § 1983 because it chose to call the police to detain criminal suspects instead of

5  effecting citizen's arrests.  That is the alleged "customary plan" upon which § 1983 liability is

6  supposed to attach.  None of the cases cited by Plaintiffs support their theory of liability.[2]

7          In *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982), the Court held that a debtor

8  could bring a lawsuit against a corporate creditor who relied on a state statute to secure the

9  assistance of the county sheriff and court clerk to attach plaintiff's property without a hearing.

10  There, the <u>statutory scheme</u> upon which the private creditor relied to effectuate prejudgment

11  attachment based on an affidavit via an *ex parte* application was challenged as a violation of

12  constitutional procedural due process.  The test for "joint action" liability under § 1983 is (1)

13  whether the claimed deprivation has resulted from the exercise of a right or privilege having its

14  source in state authority; and (2) whether the private party may be appropriately characterized as

15  "state actors." *Id.* at 939.  Since a private party's joint participation with state officials in the

16  seizure of disputed property is sufficient to characterize that party as a "state actor" and the actions

17  were taken pursuant to a state statute, both elements were met in *Lugar*. *Id.* at 941-42.  The Court

18  was careful to note that its rule should not be interpreted so broadly in other contexts, where a

19  state's procedures to attach private property are not at issue. *Id.* at 942.  The state actor

20  requirement ensures that not all private parties "face constitutional litigation whenever they seek to

21  rely on some state rule governing their interactions with the community surrounding them." *Id.* at

22  937.  In contrast, this case presents no facts of any "state policy" or that Defendants are "state

23

24  [1] Paragraphs 18 and 45 provide no factual allegations of any purported "joint action" between VSS and the Emeryville Police Department.

25  [2] *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) is inapposite in that there is no discussion of a
26  private actor's potential liability under § 1983 as a result of alleged "joint action" with a state actor. The issue in that case was whether acknowledged state actors (San Diego County Sheriff and County Classification Committee) could be liable under § 1983 when they did not "personally
27  participate" in the forfeiture of a prisoner's earnings by transferring him out of an "honor camp."

28

Case No.  C08-01552 PJH
DEFS' REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1   actors," and no facts of any substantial cooperative action between Defendants and the Emeryville

2   Police Department.  Defendants did not cloak themselves with the authority of the state to carry out

3   allegedly unconstitutional actions.  *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 510-13

4   (5th Cir. 1980) (a single request for the police to perform peacekeeping functions may not be

5   sufficient to make a landlord a "joint actor" with the state for § 1983 purposes).

6        *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) involved allegations that private actors conspired

7   to bribe a judge to obtain an injunction, thereby satisfying the "action under color of state law"

8   requirement because an official act of a judge was allegedly the product of a corrupt conspiracy

9   involving bribery of the judge.  Again, there are no allegations here of a conspiracy between

10  Defendants and any state actors who acted in concert to deprive Plaintiffs of their constitutional

11  rights.

12       In *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989), the Court noted that Wal-

13  Mart employees detained plaintiff, conducted a thorough search of her body (which revealed no

14  stolen items), and still proceeded to call the police to arrest plaintiff and thereafter prosecute her.

15  One of the employees, a store security guard, who detained plaintiff was also an employee of the

16  police department and worked closely with the prosecuting attorney, who decided to prosecute

17  based solely on such employee's recommendation.  Under those facts, the Court held that plaintiff

18  could assert a § 1983 claim because the employees acted in concert with the police to deprive a

19  person's civil rights.  *Id.* at 559.  None of the facts in *Murray* are present here.  Indeed, Plaintiffs

20  allege that Defendants should have, but did not, employ private security guards and permit

21  employees to detain suspected shoplifters.  (Complaint, ¶ 37).

22       Plaintiffs weakly attempt to distinguish *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th

23  Cir. 1989), a case that squarely rejects Plaintiffs' theory of liability, by arguing *Collins* involved

24  different facts and procedural background.  (Opp., 4:15-5:8).  Plaintiffs argue that the police in

25  *Collins* "maintained a policy of neutrality and conducted an independent investigation whereas,

26  here, the police did not."  *Id.* at 4:19-20.  Plaintiffs' own Complaint belies their claims in the

27  Opposition that the police here failed to conduct an independent investigation.  The Emeryville

28  police officers detained Plaintiffs long enough to conduct a field line-up, summoned the

1  complaining party to identify the detained suspects, and thereafter released Plaintiffs when Soto

2  informed the police they were not the suspected shoplifters.  (Complaint, ¶ 34).[3]  Plaintiffs abjectly

3  fail to distinguish the corollary facts between *Collins* and here, where the Ninth Circuit in *Collins*

4  long recognized that "merely complaining to the police does not convert a private party into a state

5  actor." *Id.* at 1155.  "Nor is execution by a private party of a sworn complaint which forms the

6  basis of an arrest enough to convert the private party's acts into state action." *Id.*  Plaintiffs have

7  alleged nothing more than Defendants making a call to the police to report a crime.  Plaintiffs have

8  failed to allege, and indeed cannot allege, any set of facts consistent with their current Complaint

9  that would show the state has "'so far insinuated itself into a position of interdependence with

10  [Defendants] that it must be recognized as a joint participant in the challenged activity.'"  *Id.* at

11  1155, *citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974).  To charge a private

12  party with state action under this standard, the governmental body and private party must be

13  intertwined in a "symbiotic relationship." *Jackson,* 419 U.S. at 357.  This "symbiotic relationship"

14  must involve the alleged constitutional violation.  *San Francisco Arts & Athletics, Inc. v. U.S.*

15  *Olympic Committee*, 483 U.S. 522, 547 n. 29 (1987).  There is absolutely no authority supporting

16  Plaintiffs' position that a private party's *failure* to apprehend criminals on their own rises to the

17  level of state action such that Defendants' actions may be "fairly treated as that of the

18  [Government] itself."  *See Jackson*, 419 U.S. at 351.  Plaintiffs' First and Third causes of action

19  under § 1983 should be dismissed as a matter of law.

20  **D.**  **Plaintiffs' Eleventh Cause of Action Under the Bane Act Should Be Dismissed Because**

21  **Plaintiffs Acknowledge that Defendants Did Not Engage In Any Threats, Intimidation**

22  **or Coercion.**

23  Plaintiffs allege that the detention and arrest form the factual basis supporting their claim

24  for a violation of California Civil Code § 52.1(b) ("the Bane Act").  However, Plaintiffs

25  acknowledge that it was the Emeryville Police Department that allegedly unlawfully detained and

26  ───────────────
[3] Plaintiffs' argument that this fact is "irrelevant," without any reasoning or authority, is entirely
27  unpersuasive.  (Opp., at 5 fn. 3).  This fact is significant in that it shows Defendants and the
Emeryville Police Department did not conspire or act in any joint fashion to deprive Plaintiffs of
28  their constitutional rights.

1  arrested them, not Defendants. (Opp., 6:14-16). Plaintiffs argue that Defendants may be held

2  liable under the Bane Act because they "acted jointly with the Emeryville Police Department

3  pursuant to a customary plan . . .." (Opp., 6:15-20). Plaintiffs provide no authority for their

4  assertion that liability under the Bane Act can be transmuted in the manner they suggest, where a

5  person can be held liable for the actions of another under a "joint activity" theory. In *Venegas v.*

6  *County of Los Angeles*, 32 Cal.4th 820, 842-43 (2004), cited by Plaintiffs, the Court held that an

7  intent to discriminate based on some protected characteristic is not required under the Bane Act.

8  (Opp., 6:4-6). Defendants do not disagree. However, what is required by the statute and

9  interpreting cases is that some attempt or threat, intimidation, or coercion is required.[4]  Civ. Code

10 § 52.1(a) & (b); *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 881-83 (2007);

11 *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998) ("But section 52.1 does require an attempted or

12 completed act of interference with a legal right, accompanied by a form of coercion.")[5]  Indeed, the

13 Court of Appeal in *Venegas*, 153 Cal.App.4th 1230, 1247-48 (2007), after remand dismissed

14 individual police officers who did not personally engage in any conduct that constituted threats,

15 intimidation, or coercion against plaintiffs even though this claim remained viable against other

16 officers who allegedly did engage in the challenged conduct.

17         Additionally, conduct that is absolutely privileged under California Civil Code § 47(b)

18 (here, the reporting of a crime to the police) also bars an action based on the Bane Act. *Fenters v.*

19 *Yosemite Chevron*, 2006 WL 2016536, *3, *17-18 (E.D. Cal. 2006) (claim for violation of

20 California Civil Code § 52.1 for, among other things, false arrest and malicious prosecution

21 dismissed because of absolute privilege under California Civil Code § 47(b)), *citing Hagberg v.*

---

22 [4] Defendants do not disagree that a detention and arrest by law enforcement officers may form the
23 basis of a Bane Act violation if conducted without probable cause (*see Cole v. Doe 1 thru 2 Officers
   of the City of Emeryville Police Dept.*, 387 F.Supp.2d 1084, 1103 (N.D. Cal. 2005). Again,
24 however, Defendants VSS and Soto engaged in no such conduct here.
   [5] Plaintiffs' attempt to distinguish *Jones* at footnote 4 of their Opposition is unpersuasive. As the
25 language of *Jones* and the statute make clear, no state action is required so it is of no moment that
   the plaintiffs in *Jones* did not allege that the private actors acted under color of state law. 17 Cal.4th
26 at 334. Moreover, while the plaintiffs in *Jones* limited the underlying statutory/constitutional
   violation supporting their Bane Act claim to unlawful searches and seizures, which the *Jones* Court
27 held to be applicable only as against government actors, Plaintiffs' assertion of additional
   statutory/constitutional violations without any corresponding factual allegation beyond Plaintiffs'
28 detention and arrest renders this case indistinguishable from *Jones*.

1 | *California Federal Bank*, 32 Cal.4th 350, 360 (2004)).

2 |   Finally, Plaintiffs offer no authority or argument to contradict Defendants' contention that

3 | speech alone is insufficient to support a claim under the Bane Act unless the speech itself threatens

4 | violence against a specific person.  Cal. Civ. Code § 52.1(j).  Defendants are alleged to have called

5 | the police to report a theft and provided details regarding the suspects and their vehicles to the

6 | police.  Defendants are not alleged to have taken <u>any</u> action against Plaintiffs, much less any action

7 | that could be fairly construed as intimidating, coercive, or violent.  For these reasons, Plaintiffs'

8 | Eleventh Cause of Action should be dismissed with prejudice.

9 | **E.** **Plaintiffs' Twelfth Cause of Action under the Ralph Civil Rights Act Should Be**

10 |   **Dismissed Because Defendants Did Not Engage In, Aid, or Incite A Violation**

11 |   **Prohibited by Statute.**

12 |   As with the Bane Act allegation, Plaintiffs do not dispute that Defendants did not engage in

13 | any threat or act of violence, intimidation or coercion on account of Plaintiffs' race in violation of

14 | California Civil Code § 51.7 (the "Ralph Civil Rights Act").  (Opp., 7:24-25: "Plaintiffs were

15 | subject to violence because they were detained and arrested at gun point by officers of the

16 | Emeryville Police Department.").  Rather, Plaintiffs argue that Defendants "may be held liable

17 | under an agency theory because Defendant Soto was responsible for aiding in or inciting a

18 | violation of the statute." (Opp., 7:26-8:1).

19 |   First, there is no "agency" relationship between Soto and the Emeryville Police Department

20 | and hence, no "agency theory" of liability.  Plaintiffs offer no cases discussing instances where a

21 | defendant is liable for "aiding, inciting, or conspiring" to violate the Ralph Civil Rights Act.

22 | Second, Plaintiffs' Complaint and Opposition to this Motion make clear that Soto did not "aid,

23 | incite, or conspire" in the violation of the Ralph Civil Rights Act.  Plaintiffs acknowledge that

24 | "Defendant Soto . . . had no personal knowledge about Plaintiffs' involvement in the incident."

25 | (Complaint, ¶ 35; Opp., 8:3-5).  Since a violation of the Ralph Civil Rights Act <u>does</u> require

26 | intentional discrimination, Soto's lack of personal knowledge of Plaintiffs' involvement <u>cannot</u>

27 | form the premise of an act of intentional discrimination.  *See Ortland v. County of Tehama*, 939

28 | F.Supp. 1465, 1470 (E.D. Cal. 1996) (claim must be premised on intentional act by the defendant).

1    Further, Plaintiffs allege and confirm in their Opposition that the provision of Plaintiffs' license

2    plate number was based on information given to her by co-defendant Melissa Basfield ("Basfield").

3    (Complaint, ¶¶ 35-36; Opp., 8:5-7).

4         The express allegations in Plaintiffs' own Complaint make clear that: (1) Plaintiffs were not

5    at the VSS store at the Bay Street Mall on the day of the incident (Complaint, ¶ 2); (2) Soto did not

6    know Plaintiffs, had no personal knowledge of Plaintiffs' involvement in the shoplifting incident,

7    and relied on another eyewitness, co-defendant Basfield, in providing the police with details

8    regarding the shoplifting suspects and their vehicles (Complaint, ¶¶ 34-35); and (3) when asked to

9    identify Plaintiffs in a line-up, Soto (and through her VSS) informed the police Plaintiffs were <u>not</u>

10   the suspects, which resulted in Plaintiffs' immediate release (Complaint, ¶ 34).  The only allegation

11   of racial profiling was directed at Basfield, with no cooperation or conspiracy by Defendants.

12   (Complaint, ¶ 36).  In summary, Plaintiffs have not alleged that Defendants committed any acts or

13   threats of violence or intimidation against them (on account of their race or otherwise), nor have

14   they alleged (nor can they allege, consistent with the allegations in their own Complaint), that

15   Defendants "aided in," "incited," or "conspired" with anyone to <u>intentionally</u> violate the Ralph

16   Civil Rights Act on account of Plaintiffs' race since Defendants exonerated Plaintiffs during a line-

17   up.  For these reasons, Plaintiffs' Twelfth Cause of Action should be dismissed with prejudice.

18   **F.    <u>The Absolute Privilege Provided by California Civil Code § 47(b) Bars Plaintiffs'</u>**

19          **<u>Common Law Tort Claims for Intentional Infliction of Emotional Distress,</u>**

20          **<u>Negligence/Negligence Per Se, and Invasion of Privacy.</u>**

21         As set forth in Defendants' moving papers, California Civil Code § 47(b) ("§ 47(b)") bars a

22   civil action for damages based on statements made in any judicial proceeding, and bars all tort

23   causes of action based on them except a cause of action for malicious prosecution.  *See, generally,*

24   Motion, 16:23-17:13; *Hagberg v. California Federal Bank*, 32 Cal.4th 350, 364 (2004).  "Section

25   47 gives all persons the right to report crimes to the police, the local prosecutor or an appropriate

26   regulatory agency, even if the report is made in bad faith."  *Hagberg*, 32 Cal.4th at 365.

27              [A] communication concerning possible wrongdoing, made to an
             official governmental agency such as a local police department, and
28           which communication is designed to prompt action by that entity is
             as much a part of an "official proceeding" <u>as a communication made</u>

after an official investigation is commenced . . . After all, [t]he policy underlying the privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing. . . . The importance of providing to citizens free and open access to governmental agencies for the reporting of suspected criminal activity outweighs the occasional harm that might befall a defamed individual.  Thus, the absolute privilege is essential.

*Id.* at 364-65 (internal citations omitted).  Tort claims predicated upon reports made to the police are therefore barred by the absolute privilege of § 47(b).  *Id.*

The facts in *Hagberg* have striking similarity to the facts presented here.  In *Hagberg*, a bank customer filed a complaint against a bank for falsely reporting to the police that she had attempted to cash a forged/counterfeit check.  32 Cal.4th at 355.  Hagberg had originally presented a check to be cashed at defendant bank.  The bank initially had suspicions the check was fraudulent, contacted the issuing bank to investigate, and thereafter called the police for assistance with arresting plaintiff.  Shortly thereafter, the issuing bank notified defendant that the check was valid and defendant tried to notify the police of the mistake.  The police, however, had proceeded to detain plaintiff, patted her down, handcuffed her, and searched her handbag.  *Id.* at 355-56.  Like the Plaintiffs here, Hagberg filed a complaint alleging various causes of action for race discrimination under the Unruh Civil Rights Act (§§ 51, 52.1), false arrest and false imprisonment, slander, invasion of privacy, intentional infliction of emotional distress, and negligence.  *Id.* at 357. Like the Plaintiffs here, Hagberg alleged no facts that her alleged mistreatment was the result of racial discrimination other than her apparent ethnicity.  *Id.*  The California Supreme Court held that the absolute privilege afforded by § 47(b), particularly with respect to statements made by a citizen who contacts the police to report suspected criminal activity, bars <u>all</u> tort claims save those for malicious prosecution or if the utterance itself encompasses the elements for a criminal offense.  *Id.* at 361, 374 ("section 47(b) . . .  applies not only to defamation, . . . but to all tort actions that seek to impose liability based upon a covered communication . . .  the privilege cannot be defeated by providing a new label for the alleged wrong.").

Plaintiffs here have alleged nothing more than Soto calling the police to report a crime that had occurred at the VSS store at the Bay Street Mall and providing the police with descriptions of

1    the suspects and, based on another eyewitness account, a license plate number of the suspect's

2    vehicle. Defendants' purely communicative conduct falls squarely within the <u>absolute privilege</u> of

3    § 47(b) and therefore mandates dismissal of Plaintiffs' common law tort claims for intentional

4    infliction of emotional distress, negligence, and invasion of privacy, as discussed more fully below.

5         **1.**     <u>**Plaintiffs' Eighth Cause of Action for Intentional Infliction of Emotional**</u>

6                   <u>**Distress Should Be Dismissed.**</u>

7         When a plaintiff attempts to state a claim for intentional infliction of emotional distress,

8    "whether treated as an element of the *prima facie* case or as a matter of defense, it must also appear

9    that the defendants' conduct was unprivileged." *Cervantez v. J.C.Penney Co.*, 24 Cal.3d 579, 593

10   (1979), citations omitted. Where the communication giving rise to the tort is privileged as a matter

11   of law, the claim necessarily fails.

12        In *Fenters*, plaintiff, like the Plaintiffs here, sued defendants for a variety of claims arising

13   out of her false arrest, detention, and criminal prosecution without probable cause for claims of

14   embezzlement from which she was acquitted. 2006 WL 2016536 at *1-2. Fenters sued the

15   forensic accountants and the district attorney's office for, among a variety of claims, intentional

16   infliction of emotional distress. The *Fenters* court ruled that, because defendants' actions were

17   subject to immunity conferred by § 47(b), plaintiffs' claim for intentional infliction of emotional

18   distress is dismissed absent some further showing that "amplify extreme and outrageous conduct."

19   *Id.* at *20; *see also Williams v. Taylor*, 129 Cal.App.3d 745, 753-54 (1982) (claim for intentional

20   infliction of emotional distress based on employer's complaint to police of suspected theft by

21   employee who was ultimately acquitted dismissed as barred by § 47(b)); *Kilgore v. Younger*, 30

22   Cal.3d 770, 777 (1982) (claim for intentional infliction of emotional distress based on alleged

23   accusation that plaintiff was involved in organized crime as listed in media's republication of

24   Attorney General's report dismissed as barred by § 47(b)); *Fremont Comp. Ins. Co. v. Superior*

25   *Court*, 44 Cal.App.4th 867, 872-75 (1996) (claim for intentional infliction of emotional distress

26   dismissed where doctor sued workers compensation insurer alleging bad faith in reporting him to

27   district attorney and Department of Insurance for workers compensation fraud because reports

28   absolutely privileged under § 47(b) even if report of crime was made in bad faith).

1    Additionally, the allegations against Defendants simply do not rise to the level of "extreme

2    and outrageous" conduct necessary for the maintenance of this claim.  "Normally the test of

3    extreme and outrageous conduct is an objective one – would the conduct involved outrage the

4    'average member of the community'?"  *Katsaris v. Cook*, 180 Cal.App.3d 256, 267 (1986).  As

5    alleged, Plaintiffs contend that Soto made a report to the police of a theft based in part on another

6    eyewitness account identifying the vehicle used by the suspects.  When asked to participate in a

7    line-up to identify the detained suspects, Soto immediately exonerated Plaintiffs of any

8    wrongdoing, whereupon Plaintiffs were promptly released.  Plaintiffs have not, and cannot allege

9    facts showing Defendants intended to injure Plaintiffs or acted with reckless disregard they would

10   suffer emotional distress.  Based on these allegations, the facts, as a matter of law, do not satisfy

11   the requirement that Defendants' conduct was "so extreme as to exceed all bounds of decency and

12   which is to be regarded as 'atrocious, and utterly intolerable in a civilized community.'"  *Alcorn v.*

13   *Anbro Eng'g, Inc.*, 2 Cal.3d 493, 499 fn. 5 (1970).  For all of these reasons, Plaintiffs' claim for

14   intentional infliction of emotional distress should be dismissed with prejudice.

15       **2.    Plaintiffs' Thirteenth Cause of Action for Negligence and Negligence Per Se**

16           **Should Be Dismissed.**

17       The plaintiff in *Fenters* also sued defendants for negligence in failing in their duty to

18   engage in "reasonable reporting of suspected crimes" and "avoiding false reports of crimes."  *Id.* at

19   *19.  The district court noted that § 47(b) extended an absolute privilege to the reporting of

20   criminal conduct and therefore dismissed plaintiff's negligence claim as well.  *Id.*  Plaintiffs here

21   have similarly alleged that Defendants failed to engage in a "reasonable reporting of suspected

22   crimes" and "avoiding false reports of crimes" by, *inter alia*, relying on the "speculative report" of

23   co-defendant Basfield, and not attempting to apprehend the true suspects while they were inside the

24   VSS store.  (Opp., 13:7-23).  Plaintiffs' theory for recovery based on negligence under these

25   circumstances has been soundly rejected by the California Supreme Court in *Hagberg* and federal

26   cases interpreting California law like *Fenters*.

27       Since Plaintiffs cannot properly allege the facts to sustain a claim for violation of

28   California Civil Code § 52.1 (*see* Section II(D), *supra*), no "underlying" violation of either

California Civil Code Section §§ 43 or 52.1 can properly support a negligence per se claim since Defendants did not engage in any acts or threats, intimidation, coercion or violence against Plaintiffs. Because Defendants allegedly did not know Plaintiffs and did not take any actions directed at Plaintiffs that violated the Bane Act or California Civil Code § 43, Plaintiffs are not the "class of persons" the statute was meant to protect since the Bane Act was enacted to stem a tide of hate crimes and acts/threats of intimidation or coercion against individuals – none of which were committed by Defendants here. Plaintiffs have not identified any legal duty owed to them which Defendants breached. Moreover, Plaintiffs acknowledge that negligence requires proximate causation. (Opp., 11:27-12:1). Where Plaintiffs' Complaint specifically alleges that someone other than Defendants provided the allegedly false license plate number that was ultimately given to the police, the proximate cause of Plaintiffs' injury cannot be Defendants. For all of the foregoing reasons, Plaintiffs' claim for negligence and negligence per se should be dismissed.

**3.     Plaintiffs' Ninth Cause of Action for Invasion of Privacy Should Be Dismissed.**

Plaintiffs' claim for invasion of privacy must suffer the same fate as Hagberg's claim for invasion of privacy based on an allegedly false report to the police that resulted in her detention, search and arrest for a crime she did not commit. *See Hagberg,* 32 Cal.4[th] at 357, 374-75. The California Supreme Court ruled in *Hagberg* that all tort causes of action (except malicious prosecution and a statutory exception not relevant here) based on absolutely privileged communications protected by § 47(b) are barred, regardless of their title. *Id.* at 374. "[A] privilege cannot be defeated by providing a new label for the alleged wrong." *Id.* Similarly here, Plaintiffs have alleged no facts supporting their invasion of privacy claim that are distinct from their alleged wrongful detention and arrest by the Emeryville Police Department based on an alleged false police report given by Soto.[6] (Opp., 10:3-12). All of the events described in the complaint took place in a public mall or on a public street. Plaintiffs failed to assert conduct by Defendants that created a serious invasion of a legally protected privacy interest. Since the complained-of conduct is barred

---

[6] While Plaintiffs have cited *Noble v. Sears Roebuck & Co.*, 33 Cal.App.3d 654, 660 (1973) for the proposition that an "unreasonably intrusive investigation" may violate a plaintiff's right to privacy, there are no facts in this case supporting liability based on the actions of a private investigator hired by one of the defendants.

1  by § 47(b), Plaintiffs' invasion of privacy claim should be dismissed as a matter of law.

2  ### III. <u>CONCLUSION</u>

3      Federal Rule of Civil Procedure  12(b)(6) permits a case to be dismissed where the

4  complaint fails "to state a claim upon which relief can be granted."  Defendants' "lengthy" analysis

5  of the facts and law challenging the nine causes of action asserted against them does not somehow

6  make the Complaint viable.  (*See* Opp., 1:19-22).  Defendants' Motion shows that, while Plaintiffs'

7  detention and arrest were regrettable, Defendants Soto and VSS have not engaged in conduct that is

8  cognizable under any legal theory entitling Plaintiffs to relief.  *See Robertson v. Dean Witter*

9  *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) (dismissal under Rule 12(b)(6) appropriate where

10  complaint lacks cognizable legal theory or presents cognizable legal theory yet fails to plead

11  essential facts under the theory).  Moreover, legal conclusions need not be taken as true merely

12  because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.* 349 F.3d 1191, 1200 (9th

13  Cir. 2003).  Immunities and other affirmative defenses may be upheld on a motion to dismiss when

14  they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.

15  1999); *Jablon v. Dean Witter Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

16      Plaintiffs concede that their claim for slander per se should be dismissed.  Plaintiffs also

17  concede that Defendants are not state actors and they therefore cannot assert the California Tort

18  Claims Act against Defendants.  Nor have Defendants engaged in any alleged "joint action" with

19  any government actor that would subject them to liability under § 1983.  Defendants have not

20  engaged in any acts or threats, intimidation, coercion or violence against Plaintiffs, much less on

21  account of Plaintiffs' race since Defendants did not know Plaintiffs.  Finally, all of Plaintiffs'

22  common law claims (for intentional infliction of emotional distress, invasion of privacy, and

23  negligence/negligence per se) lack the necessary facts and legal elements substantiating those

24  claims and are, moreover, barred by the absolute privilege under California Civil Code § 47(b)(3).

25  For all of these reasons, Defendants Soto and VSS respectfully request that this Court grant their

26  Motion in its entirety, without leave to amend.  In the event leave to amend is granted, Defendants

27  request that Plaintiffs be ordered to provide a more definite statement providing the facts necessary

28  to substantiate their claims against Defendants.

1  Dated:  June 4, 2008                      CARLTON DiSANTE & FREUDENBERGER LLP
                                             Alison L. Tsao
2                                            Nancy G. Berner

3

4                                            By:  /s/ - Alison L. Tsao
                                                       Alison L. Tsao
5                                            Attorneys for Defendants
                                             VICTORIA'S SECRET STORES, LLC and CLAUDIA
6                                            SOTO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  C08-01552 PJH
                                             DEFS' REPLY ISO MOTION TO DISMISS OR
                                             FOR A MORE DEFINITE STATEMENT