| | | |
|---|---|---|
| 1 | Alison L. Tsao, State Bar No. 198250<br>Nancy G. Berner, State Bar No. 227142 | Jivaka Candappa, State Bar No. 225919<br>LAW OFFICE OF JIVAKA CANDAPPA |
| 2 | CARLTON DiSANTE &<br>FREUDENBERGER LLP | 46 Shattuck Square, Suite 15<br>Berkeley, California 94704 |
| 3 | 601 Montgomery Street<br>Suite 350 | Telephone: (510) 981-1808<br>Facsimile: (510) 981-1817 |
| 4 | San Francisco, California 94111<br>Telephone: (415) 981-3233 | E-Mail: jcandappa@sbcglobal.net |
| 5 | Facsimile: (415) 981-3246<br>E-Mail: atsao@cdflaborlaw.com | Attorneys for Plaintiffs<br>KRISTINA ENNIX SLAUGHTER and |
| 6 | nberner@cdflaborlaw.com | MITCHELL SLAUGHTER |
| 7 | Attorneys for Defendants | |
| 8 | VICTORIA'S SECRET STORES, LLC and<br>CLAUDIA SOTO | |

| | | |
|---|---|---|
| 9 | Dale L. Allen, Jr., State Bar No. 145279<br>LOW, BALL & LYNCH | James A. Lassart, State Bar No. 40913<br>Adrian G. Driscoll, State Bar No. 95468 |
| 10 | 505 Montgomery Street, 7th Floor<br>San Francisco, California 94111 | Spencer C. Martinez, State Bar No. 206337<br>ROPERS, MAJESKI, KOHN & BENTLEY |
| 11 | Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634 | 201 Spear Street, Suite 1000<br>San Francisco, California 94105 |
| 12 | E-Mail: dallen@lowball.com | Telephone: (415) 543-4800<br>Facsimile: (415) 972-6301 |
| 13 | Attorneys for Defendants | E-MAIL: jlassart@ropers.com<br>adriscoll@ropers.com |
| 14 | CITY OF EMERYVILLE, EMERYVILLE<br>POLICE DEPARTMENT OFFICER | |
| 15 | WHITE AND OFFICER ANDRETICH | Attorneys for Defendants<br>ABERCROMBIE & FITCH and MELISSA<br>BASFIELD |

16     **UNITED STATES DISTRICT COURT**

17     **NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 18 | KRISTINA ENNIX SLAUGHTER and<br>MITCHELL SLAUGHTER, | ) Case No. C08-01552 PJH<br>) |
| 19 | | ) Hon. Phyllis J. Hamilton<br>) |
| 20 | Plaintiffs,<br>vs. | ) **JOINT CASE MANAGEMENT**<br>) **STATEMENT** |
| 21 | CITY OF EMERYVILLE, EMERYVILLE<br>POLICE DEPARTMENT, E. WHITE (#307) and | ) |
| 22 | S. ANDRETICH (#339), individually and in their<br>official capacities; VICTORIA'S SECRET, | ) Action Filed: March 20, 2008<br>) Trial Date: None Set |
| 23 | CLAUDIA SOTO, ABERCROMBIE & FITCH,<br>and MELISSA BASFIELD, | ) |
| 24 | | ) |
| 25 | Defendants. | ) |

26       The Parties to the above-entitled action jointly submit this Case Management Statement and

27  request that the Court adopt it as its Case Management Order in this case.

28

1   1.    **Jurisdiction and Service**

2        Plaintiff's assert that all named Parties are subject to the Court's jurisdiction pursuant to 28

3   U. S. C. §§ 1331 and 1343, as well as 42 U.S.C. §1367(a). The Parties do not believe any issues

4   exist with respect to personal jurisdiction or venue. All Parties have been served.

5   2.    **Facts**

6       **Plaintiffs' Statement of Facts**

7        On March 24, 2007, Plaintiffs Kristina Ennix Slaughter and her husband, Mitchell

8   Slaughter, were detained and arrested in public at gun point by officers of the Emeryville Police

9   Department in connection with an alleged shoplifting incident that occurred at the Victoria's Secret

10   store located in the Bay Street Mall in the City of Emeryville. Plaintiffs allege that the involved

11   police officers wrongfully detained and arrested Plaintiffs on the basis of a false report made by an

12   employee of Victoria's Secret, Claudia Soto. A subsequent investigation, which included an

13   embarrassing and humiliating in-field line up in full public view and thorough search of Plaintiffs'

14   vehicle, revealed that Plaintiffs were not involved in the alleged shoplifting incident. Plaintiffs

15   who are African-American were detained and arrested pursuant to a customary plan between the

16   Emeryville Police Department and VSS and without the benefit of an independent investigation.

17   Plaintiffs further allege that Soto had relied on the information given to her by Defendant Melissa

18   Basfield, an employee of Abercrombie & Fitch, wherein Basfield allegedly engaged in racial

19   profiling by following a black female who Basfield assumed was involved in shoplifting at the VSS

20   store in the Bay Street Mall that day. Thereafter, Basfield identified Plaintiffs' truck as the getaway

21   vehicle that transported the black female that Basfield assumed was involved in shoplifting, and

22   gave that information to Soto. When Soto arrived at the scene of the arrest, Ms. Slaughter was

23   brought out of the patrol vehicle in handcuffs so that Soto could identify whether Ms. Slaughter

24   was the shoplifter. Soto told the officers that Ms. Slaughter was not involved in the shoplifting

25   incident, and Plaintiffs were released shortly thereafter.

26       **Defendants' Statement of Facts**

27        Defendants disagree with Plaintiffs' statement of facts wherein Plaintiffs assert allegations

28   as established "facts."

Case No. C08-01552 PJH
JOINT CASE MANAGEMENT STATEMENT

1       Plaintiffs Kristina Ennix Slaughter and Mitchell Slaughter allege that on March 24, 2007,

2   they were wrongfully arrested and detained for approximately one hour by Officers White and

3   Andretich of the Emeryville Police Department, allegedly based on a report made to the police by

4   Defendant Claudia Soto, an employee of Victoria's Secret Stores ("VSS").  Plaintiffs further allege

5   that Soto had relied on the information given to her by Defendant Melissa Basfield, an employee of

6   Abercrombie & Fitch, when she identified the Plaintiffs' car (via a license plate number) as the

7   vehicle that contained one of the individuals suspected of a shoplifting incident at a VSS store at

8   the Bay Street Mall that day, and gave that information to Soto.  When Soto arrived at the scene of

9   the detention and told the officers that Ms. Slaughter was not involved in the shoplifting incident,

10   Plaintiffs were immediately released.

11   3.   **Legal Issues**

12       Plaintiffs allege a total of thirteen causes of action against the various Defendants, as

13   follows:

14       *First cause of action: 42 U.S.C. § 1983* (Against Defendants White, Andretich, and Soto).

15   Plaintiffs allege that Claudia Soto acted jointly, under color of law, and in concert with the

16   individual police officers of the Emeryville Police Department to deprive the Plaintiffs of their

17   constitutional rights established by the Fourth and Fourteenth Amendments to the United States

18   Constitution (for, *inter alia,* unreasonable search and seizure, detention, unlawful arrest,

19   deprivation of liberty without due process, and unreasonable and unjustified force).  Soto contends

20   that this claim must be dismissed as to her because it is inapplicable to private citizens who do not

21   act under color of state law.  The Court has dismissed this claim against Soto with leave to amend.

22       Defendants White and Andretich contend they acted with probable cause in detaining

23   Plaintiffs and only did so until such time as it was determined they were not the perpetrators of the

24   theft.

25       *Second cause of action: 42 U.S.C. § 1983* (Against Defendants City of Emeryville and

26   Emeryville Police Department).  Plaintiffs have alleged a *Monell* claim against the City of

27   Emeryville.  Defendants contend they acted with probable cause in detaining Plaintiffs and only did

28   so until such time as it was determined they were not the perpetrators of the theft.  Their actions

Case No.  C08-01552 PJH
JOINT CASE MANAGEMENT STATEMENT

1    were authorized under the laws of the State of California, and federal case authority.  If there is any

2    issue of the propriety of the officers' actions, they are entitled to qualified immunity.

3        *Third cause of action: 42 U.S.C. § 1983* (Against Defendant VSS).  Plaintiffs have alleged a

4    *Monell* claim against VSS.  According to the Complaint, Plaintiffs allege that VSS violated § 1983

5    by not having a surveillance camera or security personnel at the VSS store to "apprehend criminal

6    suspects," and by allegedly implementing a policy that requires employees to contact the

7    Emeryville Police Department to report criminal suspects after the suspects have left the store

8    premises.  VSS contends that this claim must be dismissed against it because it is inapplicable to

9    private employers who do not act under color of law.  The Court has dismissed this claim as to VSS

10    with leave to amend.

11        *Fourth Cause of Action: California Government Code § 815.6* (Against City of Emeryville,

12    Emeryville Police Department, White and Andretich).  Defendants acted with probable cause in

13    detaining Plaintiffs and only did so until such time as it was determined they were not the

14    perpetrators of the theft.

15        *Fifth Cause of Action: California Government Code § 815.2 and Respondeat Superior*

16    *Liability* (Against City of Emeryville, Emeryville Police Department, VSS, and Abercrombie &

17    Fitch).  Plaintiffs' fifth cause of action alleges that Defendants are liable, under a *respondeat*

18    *superior* theory of liability, for the alleged wrongful conduct of their employees pursuant to

19    California Government Code § 815.2 of the California Tort Claims Act.  VSS contends that this

20    claim must be dismissed as to it because it is not a public entity subject to California Government

21    Code § 815.2.  The Court has dismissed this claim with prejudice as to Abercrombie & Fitch,

22    Melissa Basfield, VSS and Soto.  Defendants City of Emeryville and Emeryville Police

23    Department contend they acted with probable cause in detaining Plaintiffs and only did so until

24    such time as it was determined they were not the perpetrators of the theft.

25        *Sixth Cause of Action: False Imprisonment* (Against City of Emeryville, Emeryville Police

26    Department, White and Andretich).  Defendants acted with probable cause in detaining Plaintiffs

27    and only did so until such time as it was determined they were not the perpetrators of the theft.

28        *Seventh Cause of Action: Assault and Battery* (Against City of Emeryville, Emeryville

1  Police Department, White and Andretich). Defendants acted with probable cause in detaining

2  Plaintiffs and only did so until such time as it was determined they were not the perpetrators of the

3  theft.

4        *Eighth Cause of Action: Intentional Infliction of Emotional Distress* (Against All

5  Defendants).  Plaintiffs allege that Defendants' conduct was extreme and outrageous and intended

6  to cause Plaintiffs' injury or was taken in reckless disregard of the probability of injuring Plaintiffs.

7  Defendants contend that they have not engaged in any extreme or outrageous conduct with the

8  intent to injure Plaintiffs.  The Court has dismissed this claim with leave to amend as to

9  Abercrombie & Fitch and Melissa Basfield.  The Court has dismissed this claim with prejudice as

10 to VSS and Soto.

11       *Ninth Cause of Action: Invasion of Privacy* (Against All Defendants).  Plaintiffs allege that

12 Defendants violated their constitutional privacy rights by intruding on their "solitude, seclusion,

13 private affairs or concerns in a manner that was highly offensive" and "zones of physical and

14 sensory privacy" by falsely accusing Plaintiffs of criminal conduct."  Defendants allege that they

15 did not commit any acts that constituted an impermissible intrusion into an area upon which

16 Plaintiffs had a reasonable expectation of privacy.  The Court has dismissed this claim with

17 prejudice as to Abercrombie & Fitch and Melissa Basfield.  The Court has dismissed this claim

18 with prejudice as to VSS and Soto.

19       *Tenth Cause of Action: California Civil Code § 46 – Slander Per Se* (Against Defendants

20 VSS, Soto, Abercrombie & Fitch, Basfield).  Plaintiffs allege that Defendants "falsely and without

21 lawful privilege accused Plaintiffs of being involved in criminal activity." Defendants contend

22 there is no allegation that Defendants made any defamatory remarks concerning Plaintiffs Kristina

23 and Mitchell Slaughter as individuals. Even if Plaintiffs are able to show that the remarks

24 pertaining to Plaintiffs' license plate number are tantamount to accusing Plaintiffs of "being

25 involved in criminal activity," which Defendants dispute, the publication made was either true

26 and/or absolutely privileged as a communication made "in any other official proceeding authorized

27 by law" under California Civil Code § 47(b)(3). Plaintiffs have conceded this claim should be

28 dismissed as to VSS and Soto. The Court has dismissed this claim with leave to amend as to

1  Abercrombie & Fitch and Melissa Basfield.  The Court has dismissed this claim with prejudice as

2  to VSS and Soto.

3      *Eleventh Cause of Action: California Civil Code § 52.1(b) ("The Bane Act")* (Against

4  Defendants City of Emeryville, Emeryville Police Department, White, Andretich, VSS and Soto).

5  Plaintiffs claim Defendants interfered with their 1) right to be free from unreasonable search and

6  seizure (Fourth Amendment); 2) right to due process and equal protection (Fourteenth

7  Amendment); 3) right to privacy (California Constitution); 4) right of protection from bodily

8  restraint (California Civil Code § 43); 5) slander; and 6) right to freedom from violence (California

9  Civil Code § 51.7).  Defendants VSS and Soto contend that this claim must be dismissed as to them

10  because they did not engage in any acts or threats of violence, intimidation, or coercion against

11  Plaintiffs.  The Court has dismissed this claim with prejudice as to VSS and Soto.  Defendants City

12  of Emeryville, Emeryville Police Department, and Officers White and Andretich (the "City

13  Defendants") contend they acted with probable cause in detaining Plaintiffs and only did so until

14  such time as it was determined they were not the perpetrators of the theft.

15      *Twelfth Cause of Action: California Civil Code § 51.7 ("The Ralph Act")* (Against

16  Defendants City of Emeryville, Emeryville Police Department, White, Andretich, VSS and Soto).

17  Plaintiffs assert that Defendants "violated Plaintiffs' right to be free from violence or threat of

18  violence or intimidation by threat of violence on the basis of Plaintiffs' race or color." Defendants

19  VSS and Soto contend that this claim must be dismissed as to them because they did not engage in

20  any acts or threats of violence, intimidation, or coercion against Plaintiffs on any basis, much less

21  on the basis of Plaintiffs' race since they have no personal knowledge of Plaintiffs.  The Court has

22  taken VSS and Soto's Motion to Dismiss this claim under submission.  The City Defendants

23  contend they acted with probable cause in detaining Plaintiffs and only did so until such time as it

24  was determined they were not the perpetrators of the theft.

25      *Thirteenth Cause of Action: Negligence and Negligence Per Se* (Against All Defendants).

26  Plaintiffs allege that Defendants owed them a duty of care and were negligent because they: 1)

27  conducted unlawful detentions and arrests; 2) violated Plaintiffs' rights to equal protection of the

28  laws and due process of law; 3) violated Plaintiffs' right to be free from bodily harm or restraint,

Case No.  C08-01552 PJH
JOINT CASE MANAGEMENT STATEMENT

1  personal insult and defamation; and 4) failed to adequately train and supervise employees.

2  Defendants VSS and Soto contend that this claim must be dismissed as to them because Plaintiffs

3  failed to allege the breach of any duty owed by them to Plaintiffs that proximately caused their

4  injuries, since Plaintiffs admit VSS and Soto relied on information provided to her by co-Defendant

5  Basfield.  The Court has dismissed this claim with prejudice as to Abercrombie & Fitch, Melissa

6  Basfield, VSS and Soto. The City Defendants contend they acted with probable cause in detaining

7  Plaintiffs and only did so until such time as it was determined they were not the perpetrators of the

8  theft.

9  4.    **Motions**

10  Defendants Abercrombie & Fitch and Basfield filed a Motion to Dismiss under FRCP

11  12(b)(6), which was heard on June 4, 2008 at 9:00 a.m.  The Court granted Abercrombie & Fitch

12  and Basfield's Motion to Dismiss with prejudice as to the claims for California Government Code

13  § 815.2, invasion of privacy, and negligence.  The Court dismissed with leave to amend the claims

14  for intentional infliction of emotional distress and slander per se.  Defendants VSS and Soto also

15  filed a Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (FRCP

16  12(b)(6) and 12(e)), which was heard on June 18, 2008 at 9:00 a.m. The Court granted VSS and

17  Soto's Motion to Dismiss with prejudice as to the claims for California Government Code § 815.2,

18  invasion of privacy, slander per se, negligence and negligence per se, intentional infliction of

19  emotional distress, and Civil Code § 52.1 ("Bane Act").  The Court dismissed with leave to amend

20  the claims for 42 U.S.C. § 1983, and took under submission the claim for Civil Code § 51.7 ("the

21  Ralph Act").  If this Court does not grant Defendants VSS and Soto's Second Motion to Dismiss in

22  full after Plaintiffs file a First Amended Complaint, VSS and Soto intend to file a Motion for

23  Summary Judgment/Summary Adjudication of Claims.  If Plaintiffs amend and re-plead causes of

24  action Eight and Ten against Basfield and Abercrombie and a Rule 12(b) motion is either not well-

25  taken or unsuccessful, then Basfield and Abercrombie & Fitch intend to file a Motion for Summary

26  Judgment and/or Summary Adjudication.

27  The City Defendants will bring a Motion for Summary Judgment on the close of discovery.

28

Case No.  C08-01552 PJH
JOINT CASE MANAGEMENT STATEMENT

1  5.    **Amendment of Pleadings**

2       Plaintiffs have requested the opportunity to amend the Complaint if the Court intends to

3  grant the Defendants' two Motions to Dismiss.  Defendants VSS and Soto contend that Plaintiffs'

4  Complaint is fatally flawed as to them and no amendment can cure its legal deficiencies.

5  6.    **Evidence Preservation**

6       All Parties have taken measures necessary to preserve evidence in this action, including any

7  electronic data.

8  7.    **Disclosures**

9       All Parties intend to exchange Initial Disclosures identifying witnesses, evidence known to

10 the Parties and relevant insurance policies by the date this Joint Case Management Conference

11 Statement is filed.

12 8.    **Discovery**

13      The Parties do not request any deviation from the discovery rules pursuant to the Federal

14 Rules of Civil Procedure at this time.  Given the two pending Motions to Dismiss, no discovery has

15 been conducted given the uncertain state of the pleadings and what claims remain at issue.  The

16 deposition of Melissa Basfield is scheduled by agreement while the two Motions to Dismiss are

17 being resolved.  The Parties intend to conduct written discovery and depositions through the early

18 part of 2009.

19 9.    **Class Actions**

20      This is not a class action.

21 10.   **Related Cases**

22      The Parties are not aware of any related cases or proceedings.

23 11.   **Relief**

24      Plaintiffs allege the following damages according to proof: general damages, special

25 damages, punitive damages, and statutory damages and penalties.

26      Defendants VSS and Soto contend that they did not proximately cause any damages to

27 Plaintiffs. Defendants Basfield and Abercrombie & Fitch neither engaged in tortious conduct nor

28 caused personal injury.

1    Defendants City of Emeryville and Officers White and Andretich deny the causes of actions

2  asserted against them by the Plaintiffs, or that they are the cause of any damages to Plaintiffs.

3  12.    **Settlement and ADR**

4    A ruling on the Parties' two Motions to Dismiss will streamline the issues that remain for

5  this case and would be potentially helpful in positioning the case for settlement.  All Parties have

6  complied with ADR L.R. 3-5 and all Parties have stipulated to early mediation through the Court's

7  ADR program.

8  13.    **Consent to Magistrate Judge For All Purposes**

9    Defendants City of Emeryville and Officers White and Andretich declined to have this case

10  heard before a United States Magistrate Judge.

11  14.    **Other References**

12    The Parties do not believe this case should be referred to binding arbitration, a special

13  master, or JPML.

14  15.    **Narrowing of Issues**

15    The Parties will be in a better position to address this issue after the Court's rulings on the

16  Motions to Dismiss filed by Defendants VSS and Soto and Abercrombie & Fitch.

17  16.    **Expedited Schedule**

18    None requested at this time.

19  17.    **Scheduling**

20    The Parties believe it is premature to set a schedule until such time that VSS and

21  Abercrombie & Fitch file an answer.  In the interests of judicial economy, the Parties propose that

22  this matter be reset for further case management conference and scheduling after Defendants'

23  Motions to Dismiss, including motions that may be filed in response to Plaintiffs' First Amended

24  Complaint.

25  18.    **Trial**

26    Plaintiffs and some Defendants have requested a jury trial.  The Parties anticipate that the

27  length of the trial will be 4-7 days, including jury selection.

28

19. **Disclosure of Non-party Interested Entities or Persons**

All Parties have filed a Certification of Interested Entities or Persons in compliance with Civil Local Rule 3-16.

Plaintiffs certify that as of this date, other than the named Parties, there is no such interest to report. City Defendants are exempt from filing the Disclosure of Non-party Interested Entities or Persons pursuant to Local Rule 3-16.

VSS and Soto certify that the individuals/entities with a financial or other interest in this litigation are: (1) Victoria's Secret Stores, LLC; (2) Limited Brands, Inc.; and (3) Claudia Soto.

Basfield and Abercrombie & Fitch certify that the individuals/entities with a financial or other interest in this litigation are: Abercrombie & Fitch and Basfield.

20. **Other Matters**

None.

Dated:  June 19, 2008                CARLTON DiSANTE & FREUDENBERGER LLP
                                     Alison L. Tsao
                                     Nancy G. Berner


                                     By:  /s/ Alison L. Tsao
                                                   Alison L. Tsao
                                     Attorneys for Defendants
                                     VICTORIA'S SECRET STORES, LLC and CLAUDIA
                                     SOTO

Dated:  June 18, 2008                LAW OFFICE OF JIVAKA CANDAPPA
                                     Jivaka Candappa


                                     By:  /s/ Jivaka Candappa
                                                   Jivaka Candappa
                                     Attorneys for Plaintiffs
                                     KRISTINA ENNIX SLAUGHTER and MITCHELL
                                     SLAUGHTER

10

Case No.  C08-01552 PJH
JOINT CASE MANAGEMENT STATEMENT

1 │ Dated:  June 19, 2008          LOW, BALL & LYNCH
                                   Dale L. Allen
2

3

4                                  By:  /s/ Dirk D. Larsen
                                        Dirk D. Larsen
5                                  Attorneys for Defendants
                                   CITY OF EMERYVILLE, EMERYVILLE POLICE
6                                  DEPARTMENT OFFICER WHITE AND OFFICER
                                   ANDRETICH
7

8 │ Dated:  June 19, 2008          ROPERS, MAJESKI, KOHN & BENTLEY
                                   James A. Lassart
9

10

11                                 By:  /s/ James A. Lassart
                                        James A. Lassart
12                                 Attorneys for Defendants
                                   ABERCROMBIE & FITCH and MELISSA BASFIELD
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  C08-01552 PJH
JOINT CASE MANAGEMENT STATEMENT