United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRISTINA ENNIX SLAUGHTER, et al.,

    Plaintiffs,

    v.

CITY OF EMERYVILLE, et al.,

    Defendants.

_____/

No. C 08-1552 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss plaintiff's complaint came on for hearing before this court on June 18, 2008. Plaintiffs, Kristina Ennix Slaughter and Mitchell Slaughter ("plaintiffs"), appeared through their counsel, Jivaka Candappa. Defendants Claudia Soto and Victoria's Secret ("defendants") appeared through their counsel, Alison L. Tsao. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

    1.    Plaintiffs' fifth cause of action alleging violation of Cal. Gov't Code § 815.2 against defendant Victoria's Secret; eighth cause of action alleging intentional infliction of emotional distress against defendants Soto and Victoria's Secret; ninth cause of action alleging invasion of privacy against defendants Soto and Victoria's Secret; tenth cause of action alleging slander per se against defendants Soto and Victoria's Secret; and thirteenth cause of action alleging negligence against defendants Soto and Victoria's Secret, are each DISMISSED with prejudice.

    2.    Plaintiffs' first and third causes of action alleging violation of 42 U.S.C. § 1983 against defendants Soto and Victoria's Secret are DISMISSED. Leave to amend is

GRANTED, however, so that plaintiffs may allege the requisite joint action in connection with their § 1983 claims, notwithstanding the fact that establishing joint action under the facts of this case will be extremely difficult, in view of the court's holding in <u>Collins v. Womancare</u>, 878 F.2d 1145 (9th Cir. 1989)(citizen's arrests insufficient to qualify as "state action" for purposes of § 1983 claim).

2. Plaintiffs' eleventh cause of action alleging violation of Cal. Civil Code § 52.1 against defendants Soto and Victoria's Secret, is DISMISSED. Again, leave to amend is GRANTED, so that plaintiffs can attempt to plead additional allegations that establish the unlawfulness of defendants' conduct pursuant to an appropriate joint action theory. The court declines to rule on the applicability of the litigation privilege under California Civil Code § 47b to plaintiffs' claim under Civil Code § 52.1, as the issue was raised for the first time at the hearing and insufficiently addressed by the parties.

3. Plaintiffs' twelfth cause of action alleging violation of Cal. Civil Code § 51.7 against defendants Soto and Victoria's Secret, is also DISMISSED. Plaintiffs are GRANTED leave to amend in order to allege that defendants' conduct satisfies aider and abettor liability pursuant to Cal. Civil Code § 52.

Leave to amend is permitted only as specified herein, and only upon plaintiffs' good faith belief in the veracity of any amended allegations. Any amended complaint is due no later than **July 18, 2008**.

**IT IS SO ORDERED.**

Dated: June 24, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

2