# Carlton DiSante
# & Freudenberger LLP

### ATTORNEYS

601 Montgomery Street
Suite 350
San Francisco, California 94111
Telephone (415) 981-3233
Facsimile (415) 981-3246
www.cdflaborlaw.com

**ORANGE COUNTY OFFICE**
2600 Michelson Drive
Suite 800
Irvine, California 92612
Telephone (949) 622-1661
Facsimile (949) 622-1669

**SAN DIEGO OFFICE**
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone (858) 646-0007
Facsimile (858) 646-0008

**LOS ANGELES OFFICE**
707 Wilshire Boulevard
Suite 5150
Los Angeles, California 90017
Telephone (213) 612-6300
Facsimile (213) 612-6301

**SACRAMENTO OFFICE**
8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone (916) 361-0991
Facsimile (916) 361-1480

Sender's e-mail:
atsao@cdflaborlaw.com

June 25, 2008

The Honorable Phyllis J. Hamilton
U.S. District Court
Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 3
San Francisco, CA 94102

Re:    Kristina Slaughter et al. v. City of Emeryville, et al., USDC Northern District
Court Case No. C08-01552

Dear Judge Hamilton:

We are in receipt of the Court's Order Granting Motion to Dismiss ("Order") filed by Victoria's Secret Stores, LLC and Claudia Soto ("Defendants"). Defendants write to seek clarification of paragraph 2 of the Court's Order with respect to Plaintiffs' claim under California Civil Code § 52.1 (the "Bane Act"). With respect to this claim, the Order states "leave to amend is GRANTED, so that plaintiffs can attempt to plead additional allegations that establish the unlawfulness of defendants' conduct pursuant to an appropriate joint action theory."

At the hearing on Defendants' Motion on June 18, 2008, the Court noted there was no "joint action" theory of liability premised on the Bane Act (in contrast to a similar theory of liability premised on a 42 U.S.C. § 1983 claim) and inquired of Plaintiffs' counsel whether he was aware of any authority. Plaintiffs' counsel admitted he was not aware of any authority supporting his theory of recovery. As a result, the Court indicated at the conclusion of the hearing that it would dismiss the Bane Act claim with prejudice.

300300.1

Carlton DiSante & Freudenberger LLP

The Honorable Phyllis J. Hamilton
June 25, 2008
Page 2

Based on the admitted lack of any authority supporting Plaintiffs' theory of "joint action" liability under the Bane Act and the Court's prior ruling on this claim on June 18, Defendants respectfully request the Court to reconsider its Order with respect to the Civil Code § 52.1 claim (Eleventh Cause of Action).

Very truly yours,

Alison L. Tsao
CARLTON DiSANTE & FREUDENBERGER LLP

300300.1